UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————————— x
In re INSURANCE BROKERAGE           :    MDL No. 1663
ANTITRUST LITIGATION                :
                                    :    Civil No. 04-5184 (FSH)
APPLIES TO ALL ACTIONS              :
                                    :
                                    :
                                    :
                                    :
                                    :
———————————————————— x

**ORDER ESTABLISHING A JOINT DOCUMENT DEPOSITORY**

ORDER ON INFORMAL APPLICATION

Pursuant to the Court's Order No. 4, the parties have met and conferred to develop a Joint Document Depository. As a result of these discussions, the parties, by and through their counsel, hereby submitted a proposed order; and it appearing that the parties agreed upon many terms establishing a Joint Document Depository; and it further appearing that there were several disputed provisions; and the Court having resolved the disputed provisions for the reasons set forth herein; and for good cause shown;

IT IS on this 13th day of July, 2005

**I.    OBJECTIVES**

The document depository procedures outlined herein are designed to accomplish the following:

A.    To establish a uniform method of identification and production of documents for use in *In re Insurance Brokerage Antitrust Litigation* (the "Action");

B.    To promote efficient and economical management of voluminous documents and data in this multiparty litigation;

C.    To ensure the continued existence of relevant documents and data; and

D.    To reduce the aggregate costs of producing and maintaining documents and data.

**II.   DEFINITIONS**

A. **Designated Parties**

The following persons and entities are named, initially, as Designated Parties:

1. Named plaintiffs and their counsel in the Action; and

2. Named defendants and their counsel in the Action.

Upon agreement of all of the Designated Parties or order of the Court, additional persons or entities may be named as Designated Parties.

B. **Related Proceedings**

The following settled cases are identified, initially, as Related Proceedings to the Action:

1. *People of the State of New York v. Marsh & McLennan* (filed 10/14/04);

2. *People of the State of New York v. Aon Corporation* (filed 3/3/05);

3. *People ex rel. Madigan v. Aon Corp* (filed 3/4/05);

4. *In the Matter of Arthur J. Gallagher & Co.* Assurance of Voluntary Compliance with the Illinois State Attorney General and Illinois Department of Insurance (dated 5/18/05); and

5. *In the Matter of Willis Group Holdings, Ltd., Willis North America Inc., et al.* Assurance of Discontinuance with the New York State Attorney General, New York State Department of Insurance and Minnesota Attorney General (dated 4/7/05).

Additional proceedings may be designated as Related Proceedings upon agreement of the Designated Parties or order upon letter application to this Court.  Any Designated Party may provide access to documents, data, and other materials it placed into the Joint Document Depository to parties in other proceedings, providing it ensures that such access is available only to materials it produced and so long as it does not interfere with the parties' litigation of this Action.  Additionally, such Designated Party

2

that provides access to its documents and the accessing party are responsible for and will bear all incremental costs associated with such access.

      **C.**      **Documents to be Produced in the Joint Document Depository**

      1.      As described in Order No. 4, defendants shall place into the Joint Document Depository all documents and data that were submitted to the state attorneys general or regulatory agencies in the Related Proceedings.

      2.      Each Designated Party shall place into the Joint Document Depository all documents, data or other materials produced in connection with discovery requests in this Action.

      3.      Materials produced by a party or non-party in this Action.

      4.      Deposition testimony taken in connection with this Action.

      5.      Each Designated Party is not required to produce defendants' or plaintiffs' work-product.

      6.      Each Designated Party is not required to produce documents or data created or maintained by an expert or consultant who has been retained or specially employed by a Designated Party in anticipation of litigation or preparation for trial unless and until that expert or consultant is designated as an expert who is expected to be called as a witness at trial, within the meaning of Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure.

**III.**      **JOINT DOCUMENT DEPOSITORY**

The Joint Document Depository shall consist of the on-line facility in which all documents, data and other materials will be stored until further order of the Court.

      **A.**      **Selection of the ASP**

Documents and data will be made available in an on-line document depository maintained on a web-based application server. The party designated as the application

server provider (the "ASP") shall be jointly selected by the parties on a competitive, request-for-proposal basis to ensure a cost-efficient delivery of depository services by a responsible provider. Other ASP selection considerations shall include the ability of the ASP to ensure the privacy and security of documents and data placed in the Joint Document Depository. The ASP shall adopt policies and procedures that ensure the physical security of the ASP's data center and servers and adopt authentication measures and passwords for users of the Joint Document Depository. In addition, the ASP shall adopt policies and procedures that ensure overall network and firewall security practices, with consideration given to the encryption of confidential data placed upon the web server.

The selection of the ASP shall take place no later than August 31, 2005. To ensure compliance with Order No. 4, if the parties cannot agree on an ASP or the policies and procedures to govern the ASP, then the materials will be produced to plaintiffs' Co-Lead Counsel[1] who shall make the materials available to all parties for their inspection.

### B. Depositing Electronic Data and Documents

#### 1. Previously Produced Materials

The documents and materials to be produced pursuant to Order No. 4 shall be produced in the same format in which they were submitted to the state attorneys general or regulatory agencies in the Related Proceedings or an imaged format unless imagining renders the document unreadable. The producing party shall retain a version of the

---

[1] While the ASP will be a convenient method for the production and review of documents, the establishment of a convenient protocol cannot dictate when discovery begins. Therefore, the Court has a deadline for establishing the ASP and will require the production of documents on a time frame that facilitates timely disclosure.

document in its native format, store it in a secured fashion, and produce it upon request[2]. All documents shall contain bates numbers and confidentiality designations.

        2.        Future Productions In This Action

Documents submitted to state attorneys general or regulatory agencies prior to the date of this Order but not produced pursuant to Paragraph III.B.1. of this Order shall be produced in the same format in which they were submitted to the state attorneys general or regulatory agencies. All additional materials whether or not already in electronic format shall be produced to the ASP in an imagined format unless imagining renders the document unreadable. The producing party shall retain a version of the document in its native format, store it in a secure fashion, and produce it upon request[3]. All documents shall contain bates numbers and confidentiality designations.

Any producing party may ask the ASP to convert its paper or electronic documents[4] to an imaged format or brand its documents with a Bates number and/or a confidentiality legend.

**IV.**       **DEADLINE FOR DEPOSITING DOCUMENTS**

        A.        Each Designated Party will deposit all documents it produced in the Related Proceedings no later than **September 6, 2005**, subject to the terms and conditions of this Order.

        B.        All documents and data produced by Designated Parties in additional Related Proceedings shall be deposited into the Joint Document Depository no later than twenty days

---

[2]Given the number of potential users and the need to avoid both deliberate and inadvertent alterations, the Court is requiring that the electronic documents be produced in a format that cannot be altered.

[3]See Footnote 2.

[4]As stated herein, the parties are required to maintain native versions of the documents in a secure fashion.

after agreement of all of the designated parties.  If the parties do not reach an agreement, then they shall submit a letter and a proposed order to the Court directing such deposit.

  C. Upon production of documents and data into the Joint Document Depository, Designated Parties must notify all counsel of such production.

  D. Designated Parties shall only be required to produce the documents and data once into the Joint Document Depository.

**V. MANNER OF DOCUMENT IDENTIFICATION**

  Each Designated Party shall direct the ASP to produce its documents in sequential numerical order or as previously numbered, at the producing party's option.  Additionally, each document shall contain a unique prefix which identifies the producing party.

  Producing parties will provide other parties and the ASP with any existing summary that describes generally the documents submitted to the Joint Document Depository.

**VI. NO WAIVER OF PRIVILEGES BY DEPOSITING RELATED DOCUMENTS**

  Placing documents into the Joint Document Depository shall not be deemed a waiver of any privilege otherwise applicable to a document.

**VII. EXPENSES**

  Except as specifically set forth herein to the contrary, defendants shall pay for the cost of depositing defendants' documents and data into the Joint Document Depository, including any cost of copying, scanning, or converting images for transfer to the Joint Document Depository, marking and numbering those documents, and photocopying those documents for their own purposes, and plaintiffs shall pay for the cost of depositing plaintiffs' documents and data into the Joint Document Depository, including any cost of copying,

scanning, or converting images for transfer to the Joint Document Depository, marking and numbering those documents, and photocopying those documents for their own purposes.[5]

      2. Each Designated Party and each other user of the Joint Document Depository shall pay its own respective costs for copies of documents maintained at the Joint Document Depository. To the extent that there are costs associated with including documents produced by non-parties in the Joint Document Depository, those costs shall be paid by the party that requested the non-party discovery.

      3. Costs for creating and maintaining the web-based ASP shall be shared 50 percent by the plaintiffs and 50 percent by the defendants in the Action.

## VIII. MISCELLANEOUS

### A. Orders Governing Depository Administrator

The ASP shall be guided by this Order and the Discovery Confidentiality Order and, with respect to privilege and confidentiality, the orders of courts having jurisdiction over the Related Proceedings.

### B. Copies In Lieu Of Originals

Subject to any challenges to the authenticity of a document, each Designated Party may use copies of documents obtained from the Joint Document Depository in place of original documents.

---

[5] Each party will bear their own costs at this time. Simply pointing to the volume of documents the defendants intend to produce is not sufficient in a complex case like this to shift costs under Fed. R. Civ. P. 26(b)(2)(ii)(requiring a showing before shifting costs).

### C. Access to Document Depository

(i) Except as noted in (c)(ii), unless otherwise ordered by the Court, the ASP shall not allow access to the Joint Document Depository to any person or entity other than Designated Parties. To the extent the Court orders that access be given to others, the ASP shall ensure that such access and use does not interfere with any access or use by Designated Parties.

(ii) Nothing herein, however, relieves the ASP or any designated party from complying with a subpoena form a governmental entity.

### D. Confidentiality Order

This Order shall be interpreted in conjunction with the Discovery Confidentiality Order.

### E. Modification

Nothing in this Order shall be construed to prohibit the parties from agreeing to modify any provision of this Order or seeking relief from the Court. Nor shall anything in this Order or any Designated Party's compliance herewith be construed as a waiver of any Designated Party's rights under the Federal Rules of Civil Procedure.

SO ORDERED:

s/PattyShwartz
UNITED STATES MAGISTRATE JUDGE

Dated: July 13, 2005