UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re INSURANCE BROKERAGE ANTITRUST LITIGATION | ) MDL No. 1663 ) ) Civil Nos. 04-5184 (FSH) ) |
| APPLIES TO ALL ACTIONS | ) Hon. Faith S. Hochberg ) ) |

**AMENDED ORDER FOR PRESERVATION OF DOCUMENTS**

THIS MATTER comes before the Court for entry of an Order for the Preservation of Documents; and the Court having considered the submissions regarding the scope of such an Order; and it appearing that only a limited number of provisions are in dispute; and the Court having directed the parties to submit a proposed form of Order that embodies the agreed-upon sections and the competing versions of the sections in dispute with the justifications for the competing provisions; and the Court having reviewed the proposed form of Order; and the Court having adopted certain portions of the proposed competing sections;[1] and for good cause shown,

IT IS ON THIS 14th day of July, 2005

ORDERED that:

---

[1] The Court has set forth its reasons for selecting from the competing versions in footnotes. The parties have agreed to all other provisions.

**I.     SCOPE OF ORDER FOR PRESERVATION OF DOCUMENTS**

This Order does not address, limit, or determine the relevance, discoverability or admission into evidence of any Record, regardless of whether the Record is required to be preserved pursuant to the terms of this Order.  The Parties do not waive any objections as to the production, discoverability, or confidentiality of Records preserved under this Order.

**II.    DEFINITIONS**

A.     "Parties" shall mean all named Plaintiffs and named Defendants in this action. The duty to preserve documents as specified by this Order also extends to any subsidiary or successor of a Party that: (1) provides insurance to any entity or individual who conducts activities in or is located in the United States; (2) insures risks that may occur in the United States; (3) provides brokerage, consulting and/or underwriting services in the United States or to entities located in or who do business in the United States, or (4) is involved in the business of insurance conducted in the United States, and to the extent that such subsidiary or successor possesses materials that are: (1) within its custody or control, and (2) reasonably related to a claim or defense asserted in this action.  The Parties are under an obligation to exercise their best efforts to identify such individuals and entities, to notify them of this Order, and to take reasonable steps to provide support and assist in the implementation of this Order. Notwithstanding the foregoing, the duty to preserve documents also extends to any such individual or entity to the extent it stores or maintains documents on behalf of a Party that are reasonably related to a claim or defense asserted in this action.[2]

---

[2] The Court has considered the language each side provided and determined that it would be beneficial to provide a more specific description of the subsidiaries and successors obligated to preserve documents, regardless of the geographic location of the entities.  By clarifying that each such entity must have a relevant connection to the United States, this Order does not pose concerns of a worldwide document preservation order that covers exclusively foreign events or foreign parties who do not engage in any busines in the United States or who do not do business involving United States entities.

  B. "<u>Records</u>" shall have the same meaning as "documents" as defined in Federal Rule of Civil Procedure 34(a).

    1. "<u>Historic Records</u>" shall mean Records that exist as of the date of this Order.

    2. "<u>Future Records</u>" shall mean Records created after the date of this Order.

  C. "<u>Backup Systems</u>" refers to computer systems that periodically store electronic information on tapes or comparable media to permit recovery of the information in the event of a disaster such as equipment failure.

  D. "<u>Backup Tapes</u>" refers to tapes or other comparable media onto which Backup Systems store such electronic information.

  E. "<u>Preservation</u>" and "<u>Preserve</u>" mean taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft or mutation of such material, as well as negligent or intentional handling, that would make material incomplete or inaccessible.

### III. RECORDS REQUIRED TO BE PRESERVED

  A. Only the Records listed in Attachment 1 are required to be preserved, unless otherwise exempted from preservation by this Order. Records listed in Attachment 1 and not otherwise exempted from preservation by this Order are referred to as "Retained Records" in this Order. Retained Records existing as of the date of this Order are referred to as "Historic Retained Records." Retained Records created after the date of this Order are referred to as "Future Retained Records."

  B. During this action, including any appeals, the Parties shall preserve any Retained Record in their possession, custody or control.

  C. For Retained Records required to be preserved under this Order, the Parties may retain the Records in whatever media they choose, paper or electronic (including optical images of paper or electronic Records). This Order does not obligate Parties to segregate such Records from other records or Backup Tapes where they may reside, and does not obligate Parties to retain paper Records if they have been maintained in electronic form.

  D. Provided that it is otherwise complying with its obligation to preserve Retained Records, no Party shall be required to retain Backup Tapes currently in active use, or that in the future may be used, in the Party's Backup System that are scheduled to be recycled, erased, or reused in the ordinary course of business.

  E. Given the number of Parties and the wide range of approaches used by the Parties to manage electronic information and to allow for its recovery in the event of a disaster, it is not practical to attempt to define a single detailed process that all Parties must follow to preserve Retained Records.

  F. <u>Historic Retained Records</u>. The Parties shall preserve Historic Retained Records as follows:

   1. <u>Paper Records</u>

For Historic Retained Records maintained in paper form, at least one copy of all such Records in paper form or in electronic form as permitted by III(c) above.

   2. <u>Electronic Mail</u>

For electronic mail Historic Retained Records, at least one copy of all such Records (including all electronic mail Historic Retained Records stored on monthly backup tapes to the extent such backup tapes exist as of the date of this Order), including any attachments and available header information associated with a particular piece of electronic mail identifying the

4

message's recipient(s), sender(s), subject, the date and time the message was sent, and the name, size, and type of associated attachments, if any and to the extent such information is created.

### 3. Other Electronic Records on Computer Systems Saved to Wide-Area Networks

For Historic Retained Records maintained in electronic form on a wide-area network and not covered by III(F)(2) above, at least one copy of all such Records. Without restricting the freedom to use reasonable alternative methods granted by section III(E) above, the Parties may fulfill their preservation obligations for electronic Historic Retained Records on a wide-area network by either preserving paper copies of such Historic Retained Records, halting all destruction protocals that govern such electronic record or preserving a snapshot or Backup Tape of all such Records. In addition, the parties shall make reasonable efforts to identify individuals who possess or control electronic Historic Retained Records saved to a wide-area network, notify them of their duties and obligations with respect to preserving electronic Historic Retained Records, instruct them at quarterly intervals of their obligations with respect to preserving Retained Records under this Order, and offer assistance to those individuals carrying out these instructions. [3]

---

[3] Under the Federal Rules of Civil Procedure, the parties are obligated to preserve relevant information. To fulfill this obligaiton, parties shall identify individuals who possess or control electronic Historic Retained Records whether saved or not saved to a wide-area network. To the extent the parties also have backup or snap shot systems, they are required to ensure that quarterly backups are made. To the extent a party does not have a backup system, then the party shall suspend its routine destruction protocols until the parties agree upon a method for preserving such non-backed up records.

The Court finds that if notice is given to all employees regarding their obligations to retain records, there is no need to also require the monthly snapshot of each laptop and personal computer. Unlike backups of emails, which are likely located on centralized servers or similar repositories, the absence of a wide-area network means that each laptop and desktop computer will need to be mirror imaged. This is expensive, time- consuming and will likely disrupt the workplace. Requiring notice to all employees of the document preservation order and providing snap shots or backups on a quarterly basis will enable the parties to establish a schedule for mirror imaging that will be minimally disruptive and still preserve the potentially relevant evidence.

   4.  <u>Other Electronic Records on Computers Not Saved to Wide-Area Networks</u>

The Parties shall take reasonable steps to preserve electronic Historic Retained Records not saved to a wide-area network.  The Parties may fulfill their preservation obligations for electronic Historic Retained Records not saved to a wide-area network by either preserving paper copies of such Historic Retained Records, halting all destruction protocols that govern such electronic data, or preserving a snapshot or Backup Tape of all such Records on a quarterly basis.  In addition, the parties shall make reasonable efforts to identify individuals likely to create, possess or control electronic Historic Retained Records not saved to a wide-area network, notify them of their duties and obligations with respect to preserving Retained Records under this Order, instruct them at quarterly intervals of their duies and obligatios with respect to preserving Retained Records under the terms of this Order and offer assistance to those individuals carrying out these instructions.[4]

  G.  <u>Future Retained Records</u>.  The Parties shall preserve Future Retained Records as follows:

   1.  <u>Paper Records</u>

For Future Retained Records in paper form, the Parties shall make reasonable efforts to identify individuals reasonably likely to create or receive Future Records and shall notify them of their duties and obligations with respect to preserving Retained Records under this Order.

   2.  <u>Electronic Mail</u>

For electronic mail Future Retained Records, the Parties shall take reasonable steps to preserve at least one copy of all such Records, including any attachments and available header information associated with a particular piece of electronic mail identifying the message's

---

[4] <u>See</u> Footnote 3.

6

recipient(s), sender(s), subject, the date and time the message was sent, and the name, size, and type of associated attachments, if any and to the extent such information is created. Without restricting the freedom to use reasonable alternative methods granted by section III(E) above, the following are two non-exclusive examples of reasonable approaches that Parties may use to preserve these records:

        a.     Identifying individuals reasonably likely to create or receive electronic mail Future Retained Records, and (i) instructing such individuals to retain such electronic mail Future Retained Records in electronic form and (ii) taking reasonable steps to provide support and assist in implementation.

        b.     Preserving a snapshot taken no less often than once per quarter of all electronic mail Future Retained Records, including any attachments and available header information associated with a particular piece of electronic mail identifying the message's recipient(s), sender(s), subject, the date and time the message was sent, and the name, size, and type of associated attachments, if any and to the extent such information is created.

        3.     <u>Other Electronic Records on Computer Systems Saved to Wide-Area Networks</u>

For Future Retained Records in electronic form maintained on a wide-area network and not covered by III (F)(2) above, Parties shall take reasonable steps to preserve at least one copy of all such Records. Without restricting the freedom to use reasonable alternative methods granted by section III(E) above, the Parties may fulfill their preservation obligations for electronic Retained Records on a wide-area network by preserving a snapshot or Backup Tape of all such Records no less often than once per quarter and by making reasonable efforts to identify individuals likely to create, possess or control electronic Future Retained Records saved to a

wide-area network and notifying them of their duties and obligations with respect to preserving Retained Records under this Order.

    4.    Other Electronic Records on Computers Not Saved to Wide-Area Networks

For all electronic Future Retained Records not saved to a wide-area network, the Parties shall take reasonable steps to preserve such Records. The Parties may fulfill their preservation obligations for electronic Future Retained Records not saved to a wide-area network by preserving a snapshot or Backup Tape of all such records or by making reasonable efforts to identify individuals who may create, possess or control electronic Future Retained Records not saved to a wide-area network and notifying them of their duties and obligations with respect to preserving Retained Records under this Order[5]. In addition, the Parties shall offer assistance to those carrying out this instruction.

## IV.    RECORDS NOT REQUIRED TO BE PRESERVED

Unless otherwise required by this Order, the Parties have no obligation to preserve the following:

    A.    Records of voice mail or telephone conversations;

    B.    Backup Tapes, if an alternative means of preserving any Retained Record on the Backup Tape exists;

    C.    Transactional records in paper form subject to routine disposal pursuant to a preexisting document destruction program so long as records necessary to identify all class members and relevant data associated to them is preserved.

    D.    Replicant data, embedded data, cache files, cookie files, duplicate files, and temporary files.

---

[5]Language in this sentence was modified at the joint request of counsel.

8

  E. Briefs, motions, legal or factual memoranda, notes, or other similar materials created by an attorney, law firm, or corporate legal department representing any Party to any case in this proceeding in anticipation of or during the course of any litigation.

  F. Records maintained outside of the United States in the possession of any subsidiary or successor of a Party that (1) does not provide insurance to any entity or individual who conducts activities in or is located in the United States, (2) does not insure risks that may occur in the United States, (3) does not provide brokerage, consulting and/or underwriting services in the United States or to entities located in or who do business in the United States, or (4) is not involved in the business of insurance conducted in the United States.[6]

  G. Records that are not reasonably related to a claim or defense asserted in this action

  H. Records created on or before January 1, 1994.

  I. Multiple identical copies, provided one copy is preserved in either paper or electronic form.

## V. PERMISSIBLE MODIFICATIONS AND ALTERATIONS OF RECORDS

Parties shall not violate this Order if they take any of the following actions in the ordinary course of business:

  A. Routine maintenance and operation of a Party's computer systems provided that the integrity of Retained Records is maintained;

  B. Upgrading, loading, reprogramming, customizing, or migrating software, even if such actions modify or alter the way data is maintained, stored or viewed provided that the integrity of Retained Records is maintained;

---

[6] See Footnote 2.

  C. Inputting, accessing, updating, or modifying data in a database resulting in the database being modified or altered provided that the integrity of Retained Records is maintained;

  D. Editing, modifying, or taking down an Internet or intranet site;

  E. Editing or revising draft versions of Future Records resulting in such Future Records being modified or altered;

  F. Discarding Future Records that are drafts, interim versions, or other ephemera that would not be preserved in the ordinary course of business; and

  G. Editing or revising copies of Historical Retained Records as long as an unedited or unrevised version is preserved.

**VI. IMPLEMENTATION AND MODIFICATION OF ORDER**

  A. Although the Order is effective immediately, the Court recognizes that a party may need 60 days to put in place systems and procedures implementing the Order.

  B. The Parties shall communicate the existence and substance of this Order to those employees responsible for carrying out the Parties obligations hereunder as well as employees likely to possess Retained Records required to be preserved and maintain a record of to whom the existence and substance of this Order has been communicated.  An e-mail or paper memorandum directed to such employees as well as those employees who maintain Records or are reasonably responsible for Records would be sufficient to communicate those obligations.

  C. Notwithstanding a Party's obligation to preserve Retained Records in accordance with this Order, a Party may send written notice to the other Parties of its intention to take action pursuant to routine policies and programs or as a result of other circumstances that would result in Retained Records being destroyed, lost, or otherwise altered.  Service of notice of such intention must be provided to Plaintiffs' Counsel as well as Defendants' Counsel.  Such notice shall include a detailed description of the Retained Records that would be affected.  If within 60

days after receiving such written notice a Party fails to indicate in writing its obligation, then that Party shall be deemed to have agreed to such destruction, loss, or alteration.

  D. The Parties are directed to confer to resolve questions as to what Records are required to be preserved under this Order. Counsel for the Parties may stipulate and agree in writing that specific Records need or need not be preserved.

  E. If the Parties are unable to agree as to what Records: (1) are outside the scope of this Order, or (2) may be destroyed, lost or otherwise altered pursuant to routine policies and programs, or (3) otherwise need not be preserved, any Party may apply to the Court for clarification or relief from this Order upon reasonable notice.

  F. If the provisions of this Order present particular and/or unique problems for any Party, that Party may apply to the Court for relief from this Order.

## VII. COSTS RELATING TO PRESERVATION AND/OR PRODUCTION OF DOCUMENTS

Nothing in this Order is intended to address or resolve which party or parties shall bear the costs associated with the preservation obligations outlined herein or the subsequent production of any Records in this action.

            s/Patty Shwartz
            UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT 1

1. All Records produced in response to any internal investigation made by or on behalf of any of the Parties concerning any alleged agreement to steer insurance from the Insurer Defendants to the Broker Defendants' clients, alleged bid-rigging or placing products with the Broker Defendants' clients at above-market rates, or alleged agreement to fix, raise, maintain, or stabilize the price of insurance.

2. All Records produced in response to any investigation (whether civil or criminal) or inquiry made by any state or federal governmental entity, including regulatory or administrative agencies, concerning any alleged agreement to steer insurance from the Defendant Insurers to the Broker Defendants' clients, alleged bid-rigging or placing products with the Broker Defendants' clients at above-market rates, or alleged conspiracy to fix, raise, maintain, or stabilize the price of insurance.  This includes, but is not limited to, all such records produced to the New York Attorney General Office, Connecticut Attorney General's Office, Illinois Attorney General or Minnesota Attorney General's Office.

3. All Records concerning any agreements and communications between any defendants concerning placement service agreements, market service agreements, contingent commission agreements, profit sharing agreements, or other arrangements made by defendant insurance companies with defendant brokers to provide compensation outside of standard or flat commission payments.

4. All Records concerning any aspect of the alleged bid-rigging scheme described in the complaints in the actions pending or being transferred to this Court as of the date of this Order.

5. All Records concerning any terminations, suspensions, or reprimands of any employee of any of the defendants or plaintiffs as a result of any investigation or practice related to the allegations in the complaints in the actions pending or being transferred to this Court.

6. All Records concerning any actions taken by any of the Broker Defendants in response to the allegation in the complaints in the actions pending in or being transferred to this Court to ensure that customers receive objective brokering advice uninfluenced by the placement service or market service agreements.

7. Financial records, including company-wide annual budgets, forecasts, financial projections and records, sufficient to show revenues received and expenses paid by any defendants on a monthly, quarterly, and annual basis.

8. All Board of Directors minutes, notes, agendas, and all documents distributed to the Board, any presentations to the Board of Directors of each defendant, including all committees and subcommittees thereof, to the extent such records report or identify information reasonably related to a claim or defense asserted in this action.

9. In addition to any records required to be preserved by all Parties under this Order, Named Plaintiffs shall preserve the following documents in their possession or custody to the extent such Records are reasonably related to a claim or defense asserted in this action.

   (a) All records relating to their insurance policies;

   (b) All records relating to the negotiation for any of their insurance policies;

   (c) All records related to contingent commissions, including but not limited to those related to their awareness of contingent commissions including any publications that mention contingent commissions;

   (d) All records regarding competition or bidding or shopping for their policies;

13

(e) All records regarding the background and professional qualifications of the employees responsible for negotiating their policies;

(f) All records regarding any counsel or consultants they used in securing insurance coverage;

(g) All records regarding the Risk & Insurance Management Society;

(h) All records concerning any damages Plaintiffs claim they incurred as a result of the allegations in the actions pending in or being transferred to this Court;

(i) All records in Plaintiffs' possession or custody concerning Defendants;

(j) All records concerning Plaintiffs' knowledge or notice of the allegations in the actions pending or being transferred to this Court;

(k) All records concerning communications between Plaintiffs and insurance brokers; and

(l) All Records concerning any awards, bonuses or other compensation to, or favorable performance reviews of, any employee of any of the Plaintiffs as a result of any investigation or practice related to the allegations in the complaints in the actions pending in or being transferred to this Court.