UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

——————————————————— x

In re INSURANCE BROKERAGE : MDL No. 1663
ANTITRUST LITIGATION :
: Civil No. 04-5184 (FSH)
APPLIES TO ALL ACTIONS :
: Hon. Faith S. Hochberg
:
:

——————————————————— x

## JOINT DISCOVERY PLAN AND SCHEDULING ORDER

Pursuant to the Order No. 4 and Rules 26(f) and 16(b) of the Federal Rules of Civil Procedure, the parties having met and conferred to develop a plan for discovery in these actions; and the Court having considered Order No. 4 and the proposal of the parties; and pursuant to Fed. R. Civ. P. 16; and for good cause shown;

IT IS on this 25th day of July, 2005

**ORDERED**:

**I.     RULES OF PROCEDURE**

Except as provided in this Order, the Discovery Confidentiality Order, the Order Establishing a Joint Document Depository, or by future order of this Court, the Federal Rules of Civil Procedure and the Local Rules of the District of New Jersey shall govern all proceedings.

**II.    COORDINATION OF LITIGATION**

    **A.    Cooperation Among Defendants and Among Plaintiffs**

Defendants and Plaintiffs shall, to the extent practicable and as discussed further below, seek to coordinate discovery efforts among themselves for efficient and prompt management of these cases. Cooperation among either Plaintiffs or Defendants to coordinate motion practice or discovery, or otherwise to minimize burdens or expenses in this litigation, is encouraged by this Court and shall not constitute evidence of bad faith, conspiracy, concerted action or any other

wrongful or unlawful conduct. Discovery or other information exchanged among Plaintiffs or among Defendants, for purposes of prosecuting or defending this litigation, is communicated for the limited purpose of assisting in a common cause and shall not constitute a waiver of the attorney-client privilege, the work product doctrine, trade secret protection, or any other applicable privilege or doctrine[1].

### B. Incorporated Orders

The parties hereby incorporate the case management schedule entered by the Court in Order No. 4, as clarified by this Order, the Discovery Confidentiality Order, and Order Establishing a Joint Document Depository, including any amendments thereto or superseding orders thereof that may hereafter be entered.

### C. Motions to Amend

Any motions to amend the Consolidated Amended Complaints to add claims or parties shall be made no later than **December 3, 2005**[2]**.**

### D. Application of Discovery To Tag-Along Actions

Once any tag-along action is transferred to the District of New Jersey and included in these coordinated proceedings, both Plaintiffs and Defendants in such tag-along action are bound by this Order and must proceed with discovery pursuant to the procedures and timeframes set forth in this Order. In addition, both Plaintiffs and Defendants in any action filed in the District of New Jersey and included in these coordinated proceedings are bound by this Order and must

---

[1]The Court declined to approve language concerning the communication to the trier of fact that the parties cooperated with one another in the discovery process. While such activity is typically irrelevant to issues that are resolved by a trier of fact, if issues concerning spoliation arises, for example, the discovery process may be brought to the trier's attention. While the Court has nothing before it to suggest spoliation has or will occur, a remedy for such conduct cannot be ruled out so early in a litigation.

[2]The Court selected a deadline that allows the parties to review discovery and confer about proposed amendments, and close the pleadings early in the litigation to ensure all parties are on notice of the scope of the claims and defenses in the case.

proceed with discovery pursuant to the procedures and timeframes set forth in this Order.

     **E.**    **Document Production Schedule**

          **1.**    **Exchange of Information and Documents**

All documents, data and other information produced in this litigation by Plaintiffs, Defendants or any non-party will be made subject to the Order Establishing a Joint Document Depository and Discovery Confidentiality Order.

          **2. Document Requests**

The parties shall be entitled to serve document requests on each other and subpoenas requesting documents on non-parties. To the extent practicable, Defendants shall serve joint requests for production of documents upon the Plaintiffs or non-parties. To the extent practicable, Plaintiffs shall serve joint requests for production of documents upon the Defendants or non-parties. To the extent that a party produces documents pursuant to a jointly propounded document request, that party shall only be required to produce the documents, data or other information once to the Joint Depository. To the extent that a party produces documents, data or other information pursuant to separate requests for production, but that party believes the documents data or other information is responsive to other requests propounded, the producing party shall be required to produce the documents only once to the Joint Depository. The provisions of this Paragraph apply regardless of the number of amended consolidated complaints.

          **3. Schedule**

Subject to Order No. 4, the parties shall serve their first set of document and data requests upon parties and non-parties on **August 31, 2005**. All parties will meet and confer on these first requests immediately thereafter. All requested documents not subject to an objection shall be produced on a rolling basis commencing not later than 30 days after the date of service

of the document requests. Responses will be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the District of New Jersey. Other than requests for documents or data learned about during depositions, no document demands or data requests may be served after **March 31, 2006.**

### F. Depositions

#### 1. Coordination of Depositions

Unless good cause is shown, no witness from any party may be deposed more than once as part of discovery, regardless of the number of consolidated amended complaints, except where a witness was designated as a 30(b)(6) designee or upon agreement of the parties. Plaintiffs are required to coordinate with each other, and Defendants are required to coordinate with each other, to identify, schedule and examine witnesses. All parties are further required to use their best efforts to coordinate to the maximum extent possible with parties to related actions, to schedule and examine common witnesses who are required to give testimony in these actions and the related actions that are not stayed[3];

In all depositions, counsel shall work in good faith to minimize unnecessary duplication of questioning. To the extent it is necessary for more than one counsel from either side to question the witness, the additional counsel shall not ask the witness questions asked by other counsel, unless there is a good faith reason to believe that the answer may be different based on the specific party asking the question.

#### 2. Scheduling of Depositions

Co-Lead Counsel and Defendants' designated counsel shall work in good faith to determine the schedule of depositions for each month and shall create an Official Deposition

---

[3]Given the number of parties and related actions, and the need to avoid duplication and inconvenience to the witnesses, the parties must make their best efforts to coordinate the examination of common witnesses.

Schedule for that month. To the extent possible, the Official Deposition Schedule will be distributed to counsel for all parties by Defendants' designated counsel and Plaintiffs' Co-Lead Counsel no later than 10 days before the first deposition in a particular month. If the parties are able to agree to an Official Deposition Schedule pursuant to this Paragraph, the Official Deposition Schedule shall constitute notice of all depositions.

### 2.    Length and Number of Depositions[4]

#### a.    Party Depositions

The limits on the number of depositions imposed by the Federal Rules of Civil Procedure and Local Rules shall not apply in this matter, subject to the limitations set forth in this section. Plaintiffs, as a group, may take fifteen (15) depositions of current or former employees of each defendant corporate group (which shall consist of the employer of the deponent and any of its affiliates, parents, and subsidiaries, whether or not specifically named as a defendant in this litigation). Defendants, as a group, may take ten (10) depositions of current or former employees of each plaintiff (or may take plaintiff's deposition, if plaintiff is an individual).

Each deposition shall be limited to eight (8) hours absent court order or agreement of the parties. With respect to party depositions noticed by Plaintiffs, seven of the eight hours shall be allocated to Plaintiffs, absent court order or agreement of the parties. If Plaintiffs' counsel does not use their full time on direct examination, then they may use up to the remainder of the time on redirect examination. The remaining one hour shall be allocated to Defendants. With respect to party depositions of Plaintiffs noticed by Defendants, seven of the eight hours shall be allocated to Defendants, absent court order or agreement of the parties. If Defendants' counsel does not use their full time on direct examination, then they may use up to the remainder of the

---

[4]There has been no showing at this time that justifies permitting the number of depositions plaintiff has proposed, including their request that the Court permit them to take 100 non-party depositions. This Order provides a mechanism for obtaining leave to take additional depositions upon a showing of good cause.

time on redirect examination. The remaining one hour shall be allocated to Plaintiffs. Except as otherwise set forth above, the parties shall coordinate the noticing of depositions to avoid duplication.

b. **Non-Party Depositions**

Plaintiffs, as a group, and Defendants, as a group, each will be able to take a total of 30 of non-parties, excluding expert depositions. Depositions of former employees of Plaintiffs or Defendants shall count as having been taken pursuant to Paragraph 3(a) above. Each non-party deposition shall be limited to eight hours absent court order or agreement of the parties.

With respect to non-party depositions noticed by Plaintiffs, seven of the eight hours shall be allocated to Plaintiffs, absent court order or agreement of the parties. If Plaintiffs' counsel does not use their full time on direct examination, then they may use up to the remainder of their time on redirect examination. The remaining one hour shall be allocated to Defendants.

With respect to non-party depositions noticed by Defendants, seven of the eight hours shall be allocated to Defendants, absent court order or agreement of the parties. If Defendants' counsel does not use their full time on direct examination, then they may use up to the remainder of their time on redirect examination. The remaining one hour shall be allocated to Plaintiffs.

c. **Additional Depositions**

In the event that counsel for any party reasonably believes that depositions of one or more specific witnesses are necessary to develop an adequate record, but is barred from taking those depositions by the provisions of Paragraphs 3(a) and (b) above, counsel for all parties shall confer in good faith, and attempt to agree to provide necessary discovery. If counsel for the parties are unable to reach agreement, then the party requesting one or more additional depositions may apply to the Magistrate Judge by way of joint letter for an order. The joint letter must identify: (i) the additional deponent(s); (ii) the topics to be probed; (iii) why his/her deposition is needed; (iv) why the deposition sought is not duplicative; (v) the expected length of

6

the deposition; and (vi) the reasons why the opposing party objects to the additional deposition(s).

### d. Additional Time for Depositions

In the event that counsel for any party anticipates that it will not be able to complete examination of any witness within the time allotted, counsel for all parties shall confer in good faith in advance of the scheduled deposition, if possible, and attempt to agree to extend the examination for the time reasonably needed to complete the examination. If counsel for the parties are unable to reach agreement, the party requesting additional time may apply to the Magistrate Judge for an order increasing the length of the deposition.

### 3. Deposition Exhibits

All deposition exhibits shall be numbered with the name of the witness and then sequentially within that witness's deposition, regardless of which party introduces the exhibit[5].

### G. Number of Interrogatories

Plaintiffs, as a group, may serve thirty-five (35) interrogatories, including discrete subparts, on each Defendant corporate group (which shall consist of the employer of the deponent and any of its affiliates, parents, and subsidiaries, whether or not specifically named as a defendant in this litigation), regardless of the number of consolidated amended complaints. Defendants, as a group, may serve thirty-five (35) interrogatories, including discrete subparts, on each Plaintiff, regardless of the number of consolidated amended complaints.

### H. Privilege Log

---

[5] Because of concerns that disclosure may reveal counsel's work product, see Sporck v. Peil, 759 F.2d 312 (3d Cir. 1985), or impede the ability to test a witness' recollection, the Court will not require parties to identify exhibits they intend to use as exhibits at depositions. If, however, depositions become delayed or disrupted, then the Court may require pre-deposition disclosure of documents that will be identified at depositions.

### 1. Timing[6]

A privilege log that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules for the District of New Jersey shall be served by any party withholding documents on the basis of privilege within twenty one (21) days after completing production of documents responsive to the document request to which the privilege was asserted.

### 2. Categories Of Documents That Do Not Need to Be Logged

The parties do not need to log any of the following categories of withheld documents, subject to the exceptions set forth herein:

    a.    attorney/client privileged communications and work product regarding these actions (including any actions transferred or otherwise included in these coordinated proceedings in the future) or any government actions or investigations written by, to, between, or on behalf of any of the parties or their representatives or counsel after April 6, 2004;

    b.    communications among counsel for the Defendants or among counsel for the Plaintiffs relating to joint litigation efforts after the commencement of the action;

    c.    communications, that (i) are by, to, or between any party to this litigation or its counsel, and/or a consultant retained for the party in respect to issues in this litigation or in anticipation thereof, (ii) that have been withheld from production, in whole or in part, based upon a claim of work product protection, and (iii) that pertain exclusively to the issues in this action or to this action, except to the extent production or logging is required by the terms of other Court order or by agreement of the parties.

The fact that a document is or is not included or required to be included on the Privilege Log shall not determine whether the document is in fact privileged or otherwise protected from disclosure.

---

[6]The Court accelerated the deadline for disclosing privilege and redaction logs to allow time to confer about, and if necessary, challenge designations and obtain rulings.

### 3. Redacted Documents

Where a page or part of a page of a document is redacted, the fact of the redaction shall be made clear on the face of the document. The basis for the redaction may also be made clear on the face of the document; alternatively, a Redaction Log setting forth the document number and basis for redaction shall be served within twenty one (21) days after completing production of documents responsive to the document request to which the redacted document was produced.

## III. DISCOVERY DEADLINES AND PROCEDURE FOR RAISING DISCOVERY DISPUTES

A. Documents produced in settled cases shall be placed in the document depository no later than **August 2, 2005**;

B. Rule 26 disclosures shall be made no later than **August 31, 2005**;

C. Interrogatories shall be served no later than **August 31, 2005** and shall be responded to no later than **October 2, 2005**;

D. All discovery disputes, other than those that may arise during the course of a deposition, shall be brought to the Court's attention by way of <u>joint</u> letter that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes: (i) the information is relevant and (ii) the response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute. Other than disputes that arise during depositions, no discovery disputes will entertained after **May 8, 2006**;

E. All fact discovery shall be completed no later than **August 31, 2006**;

F.  Plaintiff's expert reports shall be delivered no later than **October 31, 2006**;

G.  Defendant's expert reports shall be delivered no later than **January 4, 2007**;

H.  Rebuttal expert reports shall be delivered no later than **February 5, 2007**;

I.  All expert discovery shall be completed no later than **March 31, 2007**;

### IV.  MOTIONS FOR SUMMARY JUDGMENT

A. All motions for summary judgment shall be filed no later than **May 31, 2007**;

B. Any opposition shall be submitted no later than **July 31, 2007;**

C. Any replies shall be submitted no later than **August 31, 2007;**

D. No surreplies are permitted.

### V.    MODIFICATION

This Order is subject to modification by this Court through amendment or subsequent Order, whether on its own motion or a joint request of the parties upon good cause shown.

SO ORDERED:

/s/Patty Shwartz  
UNITED STATES MAGISTRATE JUDGE

Dated: July 25, 2005

10