UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSURANCE BROKERAGE ANTITRUST LITIGATION | : MDL No. 1663 |
| APPLIES TO ALL ACTIONS | : Civil Action No. 04-5184 (FSH) |
| IN RE: EMPLOYEE-BENEFIT INSURANCE BROKERAGE ANTITRUST LITIGATION | : Civil Action No. 05-1079 (FSH) |
| APPLIES TO ALL ACTIONS | |

**ORDER
ON INFORMAL APPLICATION**

This matter having come before the Court on its own motion to modify Paragraph 7 of the Order filed September 23, 2005; and the Court finding that the protocol set forth in Paragraph 7 of the Order filed September 23, 2005 regarding applications to seal documents submitted in connection with non-discovery requests for relief has created inefficiency; and the Court hereby modifying the protocol for motions to seal such documents;

IT IS therefore on this 21st day of June, 2006

ORDERED that Paragraph 7 of the Order dated September 23, 2005 is replaced by the following:

7.  Consistent with Local Rule 5.3, nothing in this Protective Order shall be construed as authorizing the filing of materials under seal with the Court in the absence of a separate order of the Court authorizing the sealing of specific materials.  However, if a document containing Confidential or Attorney's Eyes Only Information produced by the submitting party will be filed with the Court in

connection with a non-discovery application, then the submitting party shall disclose a list of such documents to the producing party no later than ten days before the motion is filed and if the producing party believes, upon consideration of Local Civ. R. 5.3(c) and the applicable case law, that the document warrants sealing, then the producing party may file a motion under Rule 5.3 no later than seven days after receipt of the letter. Said motion shall: (1) comply with the terms of the Order dated March 8, 2006,[1] (2) contain the unredacted and proposed redactions to each document, and (3) set forth the facts that support sealing the proposed redacted documents or redacted portions of such documents. The submission shall include a chart separately identifying each document or portion thereof for which sealing is sought and the basis for such a request.[2] The submitting party shall file the documents in redacted form when it electronically files its motion for non-discovery relief and shall provide an unredacted copy of the submission to the Judicial Officer deciding the motion that highlights the portion that are the subject of a motion to seal.

                                                                                                    s/Patty Shwartz

---

[1] The Order dated March 8, 2006 requires that all motions to seal:

1. Advise the Court of whether or not there is any opposition to their requests to seal documents. If opposition exits, the parties shall identify the document(s) that they oppose sealing and the reason(s) for the opposition.

2. Provide the Court with a copy of every document they seek to have sealed.

3. For each and every document the parties seek to have sealed, explain: (a) the legitimate private or public interests which warrant the relief sought; (b) the clearly defined and serious injury that would result if the relief sought is not granted; and (c) why a less restrictive alternative to the relief sought is not available. See L. Civ. R. 5.3(c)(2).

[2] As the parties are aware, the Court is required to make findings on a document-by-document basis and, for convenience, the parties are directed to set up the chart such that each document or portion thereof is separately addressed. For instance, if a party argues that certain paragraphs of one brief or certification should be sealed, each paragraph should be sequentially and separately addressed on the chart, even if the rationale for the paragraphs are identical. This approach will assist in the document-by-document examination of each document or portions thereof that the parties seek to seal.

                                          UNITED STATES MAGISTRATE JUDGE