IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSURANCE BROKERAGE ANTITRUST LITIGATION<br><br>APPLIES TO ALL ACTIONS | MDL No. 1663<br><br>Civil No. 04-5184 (FSH)<br><br>Hon. Faith S. Hochberg |

**FIRST AMENDMENT TO STIPULATION OF SETTLEMENT**

WHEREAS, the Zurich Defendants[1] and Plaintiffs entered into a Settlement Agreement on July 28, 2006; and

WHEREAS, the Settlement Agreement was filed with the Court on July 31, 2006; and

WHEREAS, at the time the Settlement Agreement was filed with the Court, the proposed Plan of Allocation (which is identified as Exhibit I to the Settlement Agreement) had not been completed; and

WHEREAS, the proposed Plan of Allocation has now been completed; and

WHEREAS, the Zurich Defendants and Plaintiffs wish to modify the definitions of "Claim Form" that is set out in Section I.A.12, of "Settlement Class" and "Settlement Class Members" that is set out in Section I.A.58 of the Settlement Agreement and of "Settlement Class Policy Purchase" that is set out in Section I.A.60 of the Settlement Agreement; and

WHEREAS, the changes to the definitions as set out above, require a modification to Section III.F.3; and

---

1. All capitalized terms used in this First Amendment to the Stipulation of Settlement shall (unless otherwise noted) have the meaning ascribed to them in Section I of the Stipulation of Settlement.

WHEREAS, completion of the Plan of Allocation and effecting the agreed changes to the definitions set out above require that certain of the Exhibits that are attached to the Settlement Agreement also be modified;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs and the Zurich Defendants, by and through their duly authorized counsel, that the Settlement Agreement shall be amended as follows:

1. Section I.A.12 of the Settlement Agreement shall be deleted in its entirety and the following definition shall be inserted in its place

12. "Claim Form" means the form that must be submitted by Settlement Class Members with Settlement Class Policy Purchases from Insurer Defendants or from any insurance company that is not an affiliate or subsidiary of a Zurich Insurer. A copy of the proposed Claim Form is attached as Exhibit D to this Settlement Agreement.

2. Section I.A.58 of the Settlement Agreement shall be deleted in its entirety and the following definition shall be inserted in its place

58. "Settlement Class" or "Settlement Class Members" means all individuals or entities, who during the Settlement Class Period, engaged the services of (*i*) one of the Broker Defendants or any subsidiary or affiliate of a Broker Defendant in connection with a Settlement Class Policy Purchase from any Zurich Insurer, any Insurer Defendant or any insurance company that is not an affiliate or subsidiary of a Zurich Insurer, or (*ii*) any other broker (which, for the avoidance of doubt, shall have the same meaning as in Section III.4.c of Exhibit B to the Multi-State Agreement) in connection with a Settlement Class

Policy Purchase from any Zurich Insurer; *provided* that the Settlement Class shall be modified as necessary to include any other individuals or entities who are certified by the Court as members of any other class in the Action prior to the time that Notice is mailed to the Settlement Class; *provided further* that "Settlement Class" or "Settlement Class Members" does not include (a) such persons or entities who submit valid and timely requests for exclusion from the Settlement Class in accordance with the procedures set out in Section VII.A. of this Settlement Agreement, (b) such persons or entities who settled an actual or threatened lawsuit or other proceeding with the Zurich Insurers, or any of them, and released the Zurich Insurers from any further claims concerning their Settlement Class Policy Purchase, (c) such persons or entities who have elected or will elect by no later than the Three-State Deadline to receive monetary payments pursuant to the Three-State Agreement, *provided however*, that such persons or entities who have elected or will elect by the Three-State Deadline to receive monetary payments pursuant to the Three-State Agreement shall be Settlement Class Members respecting their Settlement Class Policy Purchases that are not eligible to receive relief under the Three-State Agreement, with respect to which the Zurich Insurers shall waive enforcement of the Three-State Release to the extent that such persons or entities participate in the Settlement Class with respect to such purchases, *provided further* that the Zurich Insurers reserve the right to enforce the Three-State Release in its entirety as to any persons or entities who have elected or will elect prior to the Three-State Deadline to receive monetary payments pursuant to the Three-State Agreement to the extent such persons or

entities seek relief outside of this Settlement Agreement for Settlement Class Policy Purchases that are not eligible to receive relief under the Three-State Agreement, (d) such entities who are named defendants in the Action (including their officers and directors), (e) any entity in which the Zurich Insurers, or any of them, has or had a controlling interest during the Settlement Class Period and the legal representatives, heirs, executors, successors or assigns of any such excluded entity, and (f) any directors or officers of the Zurich Insurers, or any of them, during the Settlement Class Period.

       3.     Section I.A.60 of the Settlement Agreement shall be deleted in its entirety and the following definition shall be inserted in its place

       60.     "Settlement Class Policy Purchase" means the purchase or renewal of commercial insurance or reinsurance from a Zurich Insurer, any Insurer Defendant or any insurance company that is not an affiliate or subsidiary of a Zurich Insurer where the coverage under such commercial insurance or reinsurance incepts or renews during the Settlement Class Period pursuant to a contract, policy, agreement, arrangement or understanding where the insurance or reinsurance (*a*) involved an insured or a policy owner or an affiliate thereof, any of which was either domiciled in or resident in, or had any other significant contact with, the United States, its territories or possessions, (*b*) involved a contract, policy, agreement, arrangement or understanding entered into in the United States, its territories or possessions, (*c*) involved a contract, policy, agreement, arrangement or understanding subject to federal law or to the law of any of the states of the United States, its

territories or possessions, or (*d*) provided coverage for an insurable exposure in the United States, its territories or possessions.

4. Section III.F.3 shall be deleted in its entirety and the following provision shall be inserted in its place

3. Settlement Class Members whose Settlement Class Policy Purchases were from one or more of the Insurer Defendants or from any insurance company that is not an affiliate or subsidiary of a Zurich Insurer must submit a Claim Form respecting such policies in order to receive relief pursuant to the Plan of Allocation.

5. The Exhibits to this First Amendment to the Stipulation of Settlement shall be substituted for Exhibits B, D, F, G, I, J, L and M to the Settlement Agreement; *provided* that for the avoidance of confusion, the Exhibits shall be identified by the same letters as identified in the Settlement Agreement.

Agreed to as of this 8th day of August, 2006.

| | |
|---|---|
| /s/ Edith M. Kallas | /s/ Ralph C. Ferrara |
| Edith M. Kallas | Ralph C. Ferrara |
| Whatley, Drake & Kallas, LLC | Ann M. Ashton |
| 75 Rockefeller Plaza, 19th Floor | LeBoeuf, Lamb, Greene & MacRae LLP |
| New York, New York  10019 | 1875 Connecticut Avenue, N.W. |
| | Suite 1200 |
| /s/ Bryan L. Clobes | Washington, D.C.  20009 |
| Bryan L. Clobes | |
| Miller Faucher and Cafferty LLP | *On Behalf of the Zurich Defendants* |
| One Logan Square, Suite 1700 | |
| 18th and Cherry Streets | |
| Philadelphia, Pennsylvania  19103 | |

*On Behalf of Plaintiffs*

5