# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: INSURANCE BROKERAGE ANTITRUST LITIGATION | : MDL No. 1663 |
|  | : |
|  | : **Civil Action No. 04-5184 (FSH)** |
| **APPLIES TO ALL ACTIONS** | : |
|  | : |
| IN RE: EMPLOYEE-BENEFIT INSURANCE BROKERAGE ANTITRUST LITIGATION | : **Civil Action No. 05-1079 (FSH)** |
|  | : |
| **APPLIES TO ALL ACTIONS** | : |

## ORDER
## ON INFORMAL APPLICATION

This matter having come before the Court by way of joint letter dated August 31, 2006, in which the plaintiffs seek intervention concerning: (1) the search terms to be applied to the electronic documents in the possession of certain custodians; and (2) defendant Aon's production of paper documents;

and the Court having previously set a deadline to raise unresolved discovery disputes;

and the plaintiffs having failed to show that good cause exists to extend the deadline to raise disputes concerning search terms as such a dispute was not raised even though it was known before the discovery dispute deadline passed;

and the Court having already advised the parties that it set the deadline so that all parties would know their respective positions on issues in dispute, see Order, dated July 26, 2006 at 4

n.1;

and the "fact that the plaintiffs hoped that further discussions may have resolved the disputes did not absolve them from either raising the dispute for resolution or seeking an extension of the deadline to do so," Id.;

and the Court therefore declining to rule upon the dispute concerning the search terms as the request is untimely;

and the Court being further advised that defendant Aon contends that it is not required to search for "additional paper discovery" because nothing in the Order dated June 22, 2006 requires it to do so;

and the Order dated June 22, 2006 specifically providing that no later than July 15, 2006, the defendants shall provide responses to the document demands consistent with Fed. R. Civ. P. 34 or produce a certification that they have no additional responsive documents to produce, Order, dated June 22, 2006 at 2;

and the Court having expressly explained in its oral opinion that the fact that the Aon defendants had produced documents to various regulators that may be responsive to the plaintiffs' discovery demands did not absolve them from searching for all documents that may be responsive to the document demands served by these private plaintiffs, see Transcript, dated June 22, 2006 at 21;

and to the extent defendant Aon is requesting that the Court reconsider this Order, said request is untimely, see Local Civ. R. 7.1(i)(noting that the time frame within which a party may seek reconsideration of an order is 10 days after its entry);

and there being nothing in the Order dated June 22, 2006 or those entered thereafter that allowed any party to forgo the search and production of paper documents responsive to the

discovery demands served upon them;[1]

and the Court advising the parties that its directive that the parties respond to document demands as required under Rule 34 does not change agreements parties have reached to narrow or modify the demands during the meet and confer process;

and for the reasons set forth herein and on the record on June 22, 2006;

and for good cause shown

IT IS ON THIS 5th day of September, 2006

ORDERED that the plaintiffs' request for court-intervention regarding the search term dispute is denied; and

IT IS FURTHER ORDERED that, as required by the Order June 22, 2006, defendant Aon shall produce all responsive documents in whatever form that they are kept.

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE

---

[1] The Aon defendants have no basis to claim that the Court limited their production obligations to items that exist in an electronic form. There is nothing in the Order or the Opinion that could have lead them to such a conclusion. Indeed, the Court's order directed that the defendants provide responses to the document demands as required by Rule 34. Rule 34 specifically defines documents to include "writings, drawings, graphs, charts, photographs, phonographs, and other data complications." Thus, the Order did not differentiate between paper and electronic documents but rather included all responsive materials, in whatever form they are kept.