UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| IN RE: INSURANCE BROKERAGE ANTITRUST LITIGATION | : MDL No. 1663 |
|  | : |
| **APPLIES TO ALL ACTIONS** | : **Civil Action No. 04-5184 (FSH)** |
|  | : |
| IN RE: EMPLOYEE-BENEFIT INSURANCE BROKERAGE ANTITRUST LITIGATION | : **Civil Action No. 05-1079 (FSH)** |
|  | : |
| **APPLIES TO ALL ACTIONS** | : |

**ORDER**
**ON  INFORMAL APPLICATION**

This matter having come before the Court by way of joint letter dated November 2, 2006, in which the plaintiffs seek to compel the Brown & Brown defendants ("the defendants") to produce transactional data for 30 of defendants' 150 profit centers;[1]

and the Court having set May 30, 2006 as the deadline to raise discovery disputes, see Order, dated April 28, 2006;

and the Court having advised the parties that although they stated that they were reserving their rights to raise certain discovery disputes after the deadline, discovery disputes presented in

---

[1] The defendants have agreed to produce transactional data from 10 profit centers. See Joint Letter, dated November 2, 2006, at 9.

an untimely manner would be considered only if good cause exists to extend the deadline, see

Order, dated June 22, 2006 [Civil No. 04-5184, Docket Entry No. 578 and Civil No. 05-1019,

Docket Entry No. 333];

and the Court having denied relief with respect to other discovery disputes because the

dispute was raised after the deadline and good cause did not exist to extend the deadline, see

Order, dated September 5, 2006; Order, dated July 25, 2006, and Order dated September 13,

2006;

and the Court finding that the dispute concerning the production of data was known to the

parties before the May 30, 2006 deadline to raise discovery disputes;[2]

---

[2] Although plaintiffs contend that they did not know before October 16, 2006 that the defendants did not intend to modify their offer to provide information from only 10 of its profit centers, see Joint Letters at 2, this is the very position expressed to plaintiffs before the May 2006 deadline to raise discovery disputes. Indeed, the attachment to the submission shows that defendants opposed the production of transactional data as requested but, as of May 2006, agreed to produce such information from 10 of its profit centers. See, e.g. Exhibit F (email dated May 26, 2006 stating the plaintiffs "are not at this point willing to finalize an agreement that we will receive policy level data only from the 10 selected profit centers" but would agree not to seek data from all defendants' offices); Ex. N. Thus, the plaintiffs knew the defendants' position before the deadline to raise discovery disputes. If the plaintiffs disputed the sufficiency of this discovery response, then they should have sought intervention by the May 2006 deadline. They did not. Rather, the plaintiffs simply informed the Court by the May deadline that they were reserving their right to seek relief on this issue and others. The Court set a deadline to raise disputes and the concept of a "place holder" did not operate to extend the deadline. In its June 22, 2006 Order, the Court clearly told the parties that its "silence [regarding these issues] is not to be construed as an extension of the deadline to raise unresolved discovery disputes" and that to obtain an extension, the parties must present good cause.

Once again, there is no good cause to extend the deadline to raise this known dispute. The plaintiffs knew they were dissatisfied with the "10 profit center" position before the May 30, 2006 deadline and thus it was a dispute that was known and unresolved. Moreover, the continuing communications after the deadline reflect that the defendants did not change their position regarding the number of profit centers from which information would be produced. See Ex. I at 3; Ex. J at 1.

Accordingly, it appears that plaintiffs knew of the dispute regarding number of centers from which the defendants would produce transactional data and were in a position to raise it by

and the plaintiffs having not provided good cause for the Court to extend the deadline to raise this discovery dispute and therefore, their request for relief is untimely;

and the Court reminding the parties that this ruling does not impact the agreements the parties have reached regarding the production of data from 10 profit centers;

IT IS ON THIS 6th day of November, 2006

ORDERED that the request that the Brown & Brown produce electronic transactional data for 30 of its cost centers is denied. Brown & Brown shall produce the requested transactional data of 10 profit centers that plaintiffs select.[3]

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE

---

May 30, 2006. To the extent the parties might have continued to engage in discussion regarding their different positions about the number of centers from which the data is to be obtained past the deadline to raise the discovery disputes, as the Court has stated before, does not change the fact that it was a "known dispute that the parties are attempting to resolve. . . [and] is . . . a dispute that could have been raised." Order, dated July 25, 2006, n. 1; Order dated September 13, 2006 at n. 2.

[3]If the defendants obtain additional information from other profit centers that they intend to use in this case or present to their experts, then such information shall also be disclosed. See, Fed. R. Civ. P. 26(a)(1)(b) and (a)(2)(B).