UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re INSURANCE BROKERAGE ANTITRUST LITIGATION<br><br>APPLIES TO ALL ACTIONS<br><br>In re EMPLOYEE BENEFIT INSURANCE BROKERAGE ANTITRUST LITIGATION<br><br>APPLIES TO ALL ACTIONS | Civil Action No. 2:04-cv-5184, 2:05-cv-1079 and 2:05-cv-5533 (FSH)(PS)<br><br>MDL No. 1663<br><br>HON. GARRETT E. BROWN, JR.<br><br>FIRST AMENDED STIPULATION OF SETTLEMENT BETWEEN CLASS PLAINTIFFS AND ARTHUR J. GALLAGHER & CO. DEFENDANTS |

## FIRST AMENDMENT TO STIPULATION OF SETTLEMENT

WHEREAS, the Gallagher Defendants[1] and Plaintiffs entered into a Settlement Agreement on December 29, 2006; and

WHEREAS, the Settlement Agreement was filed with the Court on December 29, 2006; and

WHEREAS, at the time the Settlement Agreement was filed with the Court, the proposed Plan of Allocation had not been completed but the Settling Parties represented that it would be filed contemporaneously with the motion for entry for the Preliminary Approval Order; and

WHEREAS, the proposed Plan of Allocation has now been completed and is attached hereto; and

---

[1] All capitalized terms used in this First Amendment to the Stipulation of Settlement shall (unless otherwise noted) have the meaning ascribed to them in Section 1 of the Stipulation of Settlement.

1

WHEREAS, as indicated in the Settlement Agreement, "Exhibit L" would be supplied thereafter. Exhibit L, the Escrow Agreement, is now completed and is attached hereto as "Exhibit L"; and

WHEREAS, the Gallagher Defendants and Plaintiffs wish to modify several formatting/typographical errors, the following sections have been modified (as set forth more fully below): 1.41., 1.59., and 8.1.3.; and

WHEREAS, the Gallagher Defendants and Plaintiffs wish to modify the substantive provisions of Section 4 "Attorneys' Fees, Expenses, and Incentive Awards," that section has been modified (as set forth more fully below); and

WHEREAS, the completion of the Plan of Allocation, the Escrow Agreement, and effecting the agreed changes set out above require that Exhibit G (Listing of Gallagher Entities), Exhibit H (Mailed Notice), Exhibit J (Proof of Claim Form), and Exhibit K (Published Notice), also be modified, said Exhibits in modified and final form are attached hereto; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs and the Gallagher Defendants, by and through their duly authorized counsel, that the Settlement Agreement shall be amended as follows:

1. Section 1.41. shall be changed to correct typographical errors, and shall now read as follows:

> 1.41. **"Plan of Allocation"** means the terms and procedures for allocating the Settlement Fund (defined below in Section 1.56) and distributing the Settlement Fund to Settlement Class Members. A copy of the proposed Plan of Allocation will be submitted to the Court with the Motion for Preliminary Approval of the Proposed Settlement with the Gallagher Defendants.

2. Section 1.59 shall be changed to correct typographical errors, and shall now read as follows:

1.59. **"Supplemental Compensation"** shall mean any periodic Compensation paid to Gallagher that is based on the amount of some or all premiums paid for covered insurance in force with an underwriter through Gallagher during a previous year. The Supplemental Compensation percentage payable to Gallagher must be fixed prior to the start of the year in which Supplemental Compensation is payable to Gallagher, and the percentage may not be varied during the year.

3. Section 4 shall be modified and the following amended "Section 4" shall be inserted in its place:

4. **Attorneys' Fees and Expenses, and Incentive Awards**

4.1. The Gallagher Defendants agree (i) that Class Counsel are entitled to seek attorneys' fees and expenses, (ii) that the Gallagher Defendants shall pay such attorneys' fees and expenses as awarded by the Court in an amount not to exceed the Negotiated Fee and Expense Amount and (iii) that such payment of the Negotiated Fee and Expense Amount shall be in addition to all other amounts required to be paid by the Gallagher Defendants pursuant to the terms of this Settlement Agreement.

4.2. Class Counsel agrees to make, and the Gallagher Defendants agree not to oppose, an application for an Attorneys' Fees and Expenses Award not to exceed the Negotiated Fee and Expense Amount for attorneys' fees and related expenses. The Gallagher Defendants shall pay or cause to be paid an Attorneys' Fees and Expenses Award in that or a lesser amount if so ordered by the Court pursuant to this Section 4, which payment shall be in addition to all other payments that the Gallagher Defendants shall pay or cause to be paid under this Settlement Agreement.

4.3. The Attorneys' Fees and Expenses Award made by the Court shall be the sole aggregate compensation for all Class Counsel respecting this Settlement Agreement.

4.4. Subject to the terms (including, without limitation, the repayment provisions set forth herein), within ten (10) business days following the Court's order

setting out the Attorneys' Fees and Expenses award, the Gallagher Defendants shall pay or cause to be paid to Co-Lead Counsel the Attorneys' Fees and Expenses Award.

4.5. If this Settlement Agreement is properly and timely terminated in accordance with the terms of this Settlement Agreement after the Attorneys' Fees and Expenses Award has been paid, then Co-Lead Counsel shall, within five (5) Business Days following such termination, return to the Gallagher Defendants the Attorneys' Fees and Expenses Award with interest at the Interest Rate to be paid on the Attorneys' Fees and Expenses Award, such interest to be calculated beginning as of the date the Attorneys' Fees and Expenses Award was paid pursuant to this section as set forth above and ending as of the date the Attorneys' Fees and Expenses Award is returned to the Gallagher Defendants pursuant to this section.

4.6. If, after payment of the Attorneys' Fees and Expenses Award pursuant to this section, the Attorneys' Fees and Expenses Award is reduced, then Co-Lead Counsel shall, within five (5) Business Days, return to the Gallagher Defendants the amount by which the Attorneys' Fees and Expenses Award has been reduced with interest on such amount, such interest to be calculated at the Interest Rate beginning as of the date the Attorneys' Fees and Expenses Award was paid pursuant to this Section and ending as of the date such amount is returned to the Gallagher Defendants.

4.7. Co-Lead Counsel's obligation to return the Attorneys' Fees and Expenses Award or any portion of it, as described above, shall be evidenced by a promissory note, which note shall be executed on behalf of the following firms, and individually by the partners or the members of the executive committees of such firms: Whatley, Drake & Kallas, LLC and Cafferty Faucher LLP. In addition, as a condition of receiving the Attorneys' Fees and Expenses Award, Whatley, Drake & Kallas, LLC and Cafferty Faucher LLP, on behalf of themselves and each of their partners and/or shareholders, agree that the law firms and their partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this Section. Without limitation, Whatley, Drake & Kallas, LLC and Cafferty Faucher LLP, and each of their partners and/or members agree that the law firms and their partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this Section. Without limitation, Whatley, Drake & Kallas, LLC and Cafferty Faucher LLP, and each of their

partners and/or member agree that the Court may, upon application of the Gallagher Defendants, on notice to Whatley, Drake & Kallas, LLC and Cafferty Faucher LLP, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of and/or sanctions for contempt, against them or any of them (if applicable) should Whatley, Drake & Kallas, LLC and/or Cafferty Faucher LLP fail timely to repay any amounts pursuant to this Section 4.

        4.8.    No Releasee nor any of his, her or its predecessors, successors, parents, subsidiaries, partners, principals, affiliates (as defined in 17 C.F.R. 210.1-02.b), heirs, administrators, executors, attorneys, successors in interest or assigns shall be liable or obligated to pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person or entity (including, without limitation, Plaintiffs) directly or indirectly, in connection with the Action or this Settlement Agreement, except as expressly provided for in this Settlement Agreement.

        4.9.    The amount of the incentive award for each Class Plaintiff that Class Counsel will seek in the Incentive Award Petition is ten thousand dollars ($10,000.00). The Gallagher Defendants agree not to oppose the Incentive Award Petition in the amount of ten thousand dollars ($10,000.00) for each Class Plaintiff. The Gallagher Defendants shall pay incentive awards in the amount awarded by the Court, up to but not exceeding such unopposed amount in accordance with the provisions of this Settlement Agreement. If the Court awards the Class Plaintiffs amounts in excess of ten thousand dollars ($10,000.00) per Class Plaintiff, Class Plaintiffs through Class Counsel hereby covenant and agree to waive, release, and forever discharge the amount of any such excess award and to make no effort of any kind or description to collect that amount. The Class Plaintiffs' awards to be paid pursuant to this provision are in addition to and separate from all other consideration and remedies to be paid by Gallagher to and available for the Settlement Class Members. Such amounts are the only consideration and fees that Released Persons shall be obligated to give Class Plaintiffs as a result of prosecuting and settling this Action, other than the additional express agreements made herein.

       4.10.    No later than within twenty (20) Business Days after the award of incentive fees to the Class Plaintiffs by the Court becomes final and no longer subject to appeal, the Gallagher Defendants shall pay such awards.

       4.11.    Payment of the Attorneys' Fees and Expenses and the incentive awards shall be made by wire transfer to the Trust Account of Cafferty Faucher LLP, for the benefit of Class Counsel (with respect to Attorneys' Fees and Expenses) and the benefit of Class Plaintiffs (with respect to the incentive awards) for distribution by Class Counsel.

       4.    Section 8.1.3 will be changed to correct typographical errors, and shall now read as follows:

       8.1.3.    Any potential Settlement Class Member who does not file a timely written Opt-Out as provided in Sections 8.1.1 and 8.1.2 shall be bound by the release contained in the Final Judgment and Order Approving Settlement and by all proceedings, orders and judgments in this Action, even if he, she or it has pending, or subsequently initiates, litigation, arbitration or any other action against any or all of the Gallagher Defendants or the Releasees relating to Released Claims.

       5.    Exhibit L, "Escrow Agreement", is submitted and attached hereto in its final form.

       6.    Exhibit G (Listing of Gallagher Entities), Exhibit H (Mailed Notice), Exhibit J (Proof of Claim Form), and Exhibit K (Published Notice) have been modified by the Settling Parties. The modified and final form of said exhibits are attached hereto and shall be substituted for Exhibits G, H, J and K to the Settlement Agreement; provided that to avoid any confusion, the Exhibits shall be identified by the same letters as identified in the Settlement Agreement.

Agreed to as of this 28th day of February, 2007.


**WHATLEY, DRAKE & KALLAS, LLC**

/s/ *Edith M. Kallas*
Edith M. Kallas
Joseph P. Guglielmo
Elizabeth Rosenberg
Lili R. Sabo
1540 Broadway, 37th Floor
New York, NY 10036
Tel.: 212-447-7070
Fax: 212-447-7077

**CAFFERTY FAUCHER LLP**

/s/ *Bryan L. Clobes*
Bryan L. Clobes
Ellen Meriwether
Melody Forrester
Timothy Fraser
One Logan Square
18th and Cherry Streets, Suite 1700
Philadelphia, PA  19103
Tel.: 215-864-2800
Fax: 215-864-2810

*On Behalf of Plaintiffs*

**WINSTON & STRAWN, LLP**

/s/ *Terry Grimm*
Terry Grimm
35 West Wacker Drive
Chicago, IL  60601
Tel. 312-558-5600
Fax: 312-558-5700

*On Behalf of Gallagher Defendants*