RECEIVED
APR 1 7 2007
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE: INSURANCE BROKERAGE : MDL No. 1663
ANTITRUST LITIGATION :
: Civil Action No. 04-5184 (GEB)
APPLIES TO ALL ACTIONS :

IN RE: EMPLOYEE-BENEFIT INSURANCE : Civil Action No. 05-1079 (GEB)
BROKERAGE ANTITRUST LITIGATION :

APPLIES TO ALL ACTIONS :

### FINDINGS AND ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES AND PRELIMINARILY APPROVING PROPOSED SETTLEMENT

In September 2000 Arthur J. Gallagher & Co. ("Gallagher") was named as the defendant in a putative class action – the State Action.[1]

Beginning in August 2004, numerous putative class actions were filed or subsequently removed to Federal Court against various insurance brokers and insurers. In December 2004, Gallagher, Gallagher Benefit Services, Inc., and Arthur J. Gallagher Risk Management Service, Inc. (collectively, the "Gallagher Defendants") were added to the class actions as defendants. The class actions allege that the Broker Defendants and Insurer Defendants engaged in conduct

---

[1] Unless otherwise specifically defined herein, the capitalized terms in this Order have the same meaning as attributed to them in the Stipulation of Settlement Between Class Plaintiffs and Arthur J. Gallagher & Co. Defendants entered into December 29, 2006 (the "Stipulation of Settlement").

that, among other things, violated federal and state statutes and common law. These putative class actions have been consolidated into this Action.

In Orders dated May 25, 2005 and July 17, 2006, this Court appointed the law firms of Miller Faucher and Cafferty LLP (now Cafferty Faucher LLP) and Whatley, Drake & Kallas, LLC (the "Leadership Orders") as Co-Lead Counsel for Class Plaintiffs (exclusive of the Village of Orland Hills, hereinafter "Class Plaintiffs"). The Leadership Orders provide that Co-Lead Counsel shall, among other things, conduct settlement negotiations on behalf of Class Plaintiffs in this Action and enter into binding agreements with respect to settlement.

Class Plaintiffs filed amended complaints on or about August 1, 2005 and corrected amended complaints on or about August 15, 2005. Class Plaintiffs make claims on behalf of a proposed class of insureds who purchased or renewed insurance policies with the Insurer Defendants or any other insurers through the Brokers Defendants (including the Gallagher Defendants). Class Plaintiffs allege that the Defendants "engaged in a combination and conspiracy to suppress and eliminate competition in the sale of insurance by coordinating and rigging bids for insurance policies, allocating insurance markets and customers and raising, or maintaining or stabilizing premium prices above competitive levels."

As of November 15, 2006, the Class Plaintiffs had discovered in excess of 50 million pages of documents from various Defendants in the Action.

Following months of arm's-length and protracted negotiation, Class Plaintiffs and the Gallagher Defendants entered into a Stipulation of Settlement, the terms of which will fully settle all claims that have been asserted or that could be asserted in this Action as to the Gallagher Defendants. Attached to the Stipulation of Settlement as Exhibits are the documents necessary to implement the Settlement. The Stipulation of Settlement and its Exhibits are collectively

referred to in this Order as the "Settlement Agreement." If approved, the Settlement Agreement would result in dismissal of this Action and the State Action with prejudice as to the Gallagher Defendants.

Upon reviewing the Settlement Agreement and the Motion, and the matter having come before the Court, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. **Class Findings** – For purposes of the Settlement of the claims against the Gallagher Defendants in the Action (and only for such purposes, and without an adjudication of the merits), the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure ("FRCP"), the United States Constitution, the Rules of the Court and any other applicable law have been met in that:

   a. Certain Settlement Class Members, as defined in paragraph 2 below, are ascertainable from records kept by the Gallagher Defendants (or their affiliates or subsidiaries) and/or their agents, and from other objective criteria, and the Settlement Class Members are so numerous that their joinder before the Court would be impracticable.

   b. The commonality requirement of FRCP 23(a) is satisfied insofar as Class Plaintiffs have alleged one or more questions of fact and law common to the Settlement Class, including whether the Gallagher Defendants violated federal and state statutes and common law by allegedly engaging in efforts to allocate insurance markets and customers, and allegedly raising, maintaining or stabilizing prices above competitive levels with respect to commercial and employee benefits insurance policies.

   c. Based on Class Plaintiffs' allegations that the Gallagher Defendants engaged in uniform misconduct affecting members of the Settlement Class, the Court preliminarily finds that the claims of the Class Plaintiffs are typical of the claims of the

3

Settlement Class, and that Class Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class, in that (*i*) the interests of Class Plaintiffs and the nature of their alleged claims are consistent with those Settlement Class Members, (*ii*) there appear to be no conflicts between or among Class Plaintiffs and other Settlement Class Members, (*iii*) Class Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this Action, and (*iv*) Class Plaintiffs and Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions, including class actions based upon violations of antitrust and insurance law.

        d.      The Court preliminarily finds that, for settlement purposes, questions of law or fact common to members of the Settlement Class predominate over questions affecting only individual members of the Settlement Class and that a class action resolution in the manner proposed in the Settlement Agreement would be superior to other available methods for a fair and efficient adjudication of the Action. In making these preliminary findings, the Court has considered, among other factors, (*i*) the interest of Settlement Class Members in individually controlling the prosecution or defense of separate actions, (*ii*) the impracticability or inefficiency of prosecuting or defending separate actions, (*iii*) the extent and nature of any litigation concerning these claims already commenced, and (*iv*) the desirability of concentrating the litigation of the claims in a particular forum.

    2.    **Preliminary Class Certification for Settlement Purposes** – Based on the findings set forth in paragraph 1 above, the Court preliminarily certifies the Settlement Class for settlement purposes under FRCP 23(b)(3). The Settlement Class consists of all Persons within the Commercial Class or the EB Class (the "Settlement Class Members").

   a. The Commercial Class consists of all Persons who had a Commercial Settlement Class Policy Purchase[2], provided further that "Commercial Class" or "Commercial Class Member" does not include (a) such Persons who submit valid and timely requests for exclusion; (b) such Persons who settled an actual or threatened lawsuit or other proceeding with the Gallagher Defendants, or any of them, and released Gallagher from any further claims concerning their Commercial Settlement Class Policy Purchase; (c) such Persons who have elected to receive monetary payments pursuant to the Illinois Regulatory Settlements *provided however*, that such Persons who have elected to receive monetary payments pursuant to the Illinois Regulatory Settlements shall be Settlement Class Members respecting their Commercial Settlement Class Policy Purchases that are not eligible to receive relief under the Illinois Regulatory Agreements, with respect to which the Gallagher Defendants shall waive enforcement of the release provided in the Illinois Regulatory Settlements (the "Regulatory Release") to the extent that such Persons participate in the Settlement Class with respect to such purchases, *provided further* that the Gallagher Defendants reserve the right to enforce the Regulatory Release in its entirety as to any Persons who have elected to receive monetary payments pursuant to Illinois Regulatory Agreements to the extent such Persons seek relief from

---

[2] Commercial Settlement Class Policy Purchase means all the insurance Brokerage and any related administrative, advisory or claims services provided by the Gallagher Entities (defined in Section 1.34 of the Settlement Agreement) or any other Broker Defendant to any Class Member during the Class Period where the coverage or services incepts, begins or renews during the Class Period pursuant to a contract, policy, agreement, arrangement or understanding where the insurance or reinsurance: (a) involved an insured or Policyholder (defined in Section 1.42 of the Settlement Agreement) thereof, any of which was either domiciled in or resident in, or had any other significant contact with, the United States, its territories or possessions; (b) involved a contract, policy, agreement, arrangement or understanding entered into in the United States, its territories or possessions; (c) involved a contract, policy, agreement, arrangement or understanding subject to federal law or to the law of any of the states of the United States, its territories or possessions; or (d) provide coverage for an insurable exposure in the United States, its territories or possessions.

the Gallagher Defendants outside of this Settlement Agreement for Commercial Settlement Class Policy Purchases that are not eligible to receive relief under the Illinois Regulatory Settlements; (d) such Persons who are Defendants (including their officers and directors); (e) any Persons in which the Gallagher Defendants, or any of them, has or had a controlling interest during the Class Period and the legal representatives, heirs, executors, successors or assigns of any such excluded Persons; and (f) any director or officer of the Gallagher Defendants, or any of them, during the Class Period (the "Excluded Persons").

      b.     The EB Class consists of all Persons within the Employee Class and/or the Employer Class.

      c.     Employee Class means all Persons that: (a) were employees in the United States receiving EB Insurance benefits from a plan governed by ERISA, exclusive of Excluded Persons; and/or (b) were employees, including governmental or religious employees or members of associations or groups providing EB Insurance, exclusive of Excluded Persons; and (c) have paid in full or in part for an EB Settlement Class Policy Purchase.[3]

      d.     Employer Class means all Persons that: (a) were employers providing EB Insurance pursuant to a plan governed by ERISA, exclusive of Excluded Persons; or (b) were employers, including governmental or religious employers, or associations or groups of Persons

---

[3] EB Settlement Class Policy Purchase means the purchase or renewal of EB Insurance, or reinsurance thereof and related administrative, advisory or claims services, obtained through engaging the services of the Gallagher Entities or any other Broker Defendant where the coverage under such EB Insurance, or reinsurance thereof incepts or renews during the Class Period pursuant to a contract, policy, agreement, arrangement or understanding where the EB Insurance, or reinsurance thereof (a) involved an insured or Policyholder thereof, any of which was either domiciled in or resident in, or had any other significant contact with, the United States, its territories or possessions; (b) involved a contract, policy, agreement, arrangement or understanding entered into in the United States, its territories or possessions; (c) involved a contract, policy, agreement, arrangement or understanding subject to federal law or to the law of any of the states of the United States, its territories or possessions; or (d) provided coverage for an insurable exposure in the United States, its territories or possessions.

6

providing EB Insurance, exclusive of Excluded Persons; and (c) have paid in full or in part for an EB Settlement Class Policy Purchase.

The Court finds that, for the sole purpose of settlement, and without an adjudication of the merits, the Settlement Class is sufficiently well-defined and cohesive. The Settlement Class shall be modified as necessary to include any other individuals or entities who are certified by the Court as members of any other class in this Action, prior to the time Notice is mailed to the Settlement Class.

Neither this Order nor any final order respecting the Settlement shall have any effect on the Court's consideration and determination of class certification or any other issue with respect to the non-settling defendants.

3.  **Issue for Certification** – The issue that will be subject to class-wide treatment is whether the terms of the Settlement are fair, reasonable and adequate pursuant to FRCP 23(e)(1)(C) and governing law construing that Rule. In making that determination, the Court also has considered (and will consider in an Order to be issued after the Fairness Hearing) whether proper notice of the Settlement is being given under FRCP 23(c)(2)(B) and 23(e)(1)(B) to the potential Settlement Class and any other relevant Person so that the Settlement's terms can be binding if the Court ultimately approves the Settlement.

4.  **Findings Regarding Proposed Settlement** – The Court finds that (a) the Settlement Agreement resulted from extensive arm's-length negotiations and was concluded only after Class Counsel had conducted broad discovery and the Settling Parties had consulted independent experts about the issues raised by the Complaints, and (b) the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant sending notice of the Action and

Settlement Agreement to Settlement Class Members and holding a full hearing on the Settlement.

5.  **Fairness Hearing** -- The Court hereby schedules a hearing (the "Fairness Hearing") for July ~~24~~ 9th, 2007 at 1 PM to consider, among other things:

   a. whether the Settlement Class should be finally certified as a class for settlement purposes;

   b. whether the Settlement should be approved as fair, reasonable and adequate and the Action dismissed with prejudice as to the Gallagher Defendants pursuant to the terms of the Settlement Agreement;

   c. whether the Mailed Notice, Published Notice, Website Notice, Proof of Claim Form and notice methodology implemented pursuant to the Settlement Agreement (*i*) constitute the best practicable notice, (*ii*) constitute notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement Agreement (including the Release) of their rights to object to the Settlement and to appear at the Fairness Hearing and of their right to exclude themselves from the Settlement Class, (*iii*) were reasonable and constituted due, adequate and sufficient notice to all Persons entitled to notice, and (*iv*) met all applicable requirements of the FRCP, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law;

d.  whether Class Plaintiffs and Class Counsel have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

e.  whether Settlement Class Members (including Settlement Class Members who are parties to any other litigation, arbitrations or other proceedings pending on the Effective Date, to the extent such litigation, arbitration or other proceeding is based upon a Released Claim and is brought against any or all of the Releasees), on behalf of themselves, their heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), assigns, any person or entity claiming by or through any of the Settlement Class Members and any person or entity representing any or all Settlement Class Members, should be bound by the Release set forth in the Settlement Agreement;

f.  whether Settlement Class Members (including Settlement Class Members who are parties to any other litigation, arbitrations or other proceedings pending on the Effective Date, to the extent such litigation, arbitration or other proceeding is based upon a Released Claim and is brought against any or all of the Releasees), on behalf of themselves, their heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), assigns, any Person claiming by or through any of the Settlement Class Members and any Person representing any or all Settlement Class Members, should be permanently barred, enjoined and restrained from filing, commencing, prosecuting, intervening

in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to any Released Claim;

g.      whether any and all Persons should be permanently barred and enjoined from organizing any Settlement Class Members for the purposes of pursuing as a purported class action (including seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit that is based upon, arises out of or relates to any Released Claim;

h.      whether a complete bar (the "Bar Order") should be entered that, among other things, (*i*) permanently bars, enjoins and restrains any and all Persons or entities from commencing, prosecuting or asserting any claim (including any claims for indemnification, contribution or attorney's fees) against any Releasee where the alleged injury to the barred Person or entity is based upon that Person's or entity's alleged liability to the Settlement Class or a Settlement Class Member, (*ii*) permanently bars, enjoins and restrains any and all Releasees from commencing, prosecuting or asserting any claim (including any claims for indemnification or contribution) against any other person or entity where the Releasee's alleged injury is based upon the Releasee's alleged liability to the Settlement Class or a Settlement Class Member and (*iii*) provides for a judgment-reduction credit reducing any judgment that the Settlement

Class or a Settlement Class Member might obtain against any barred person or entity in connection with a Released Claim by the greater of (*x*) the Settlement Amount paid by the Gallagher Defendants or (*y*) an amount that corresponds to the Gallagher Defendants' percentage of responsibility for the loss to the Settlement Class or Settlement Class Member;

i. whether the Fee Petition that will be filed by Class Counsel should be approved; and

j. whether the Incentive Award Petition should be approved.

The Settling Parties shall file by no later than June 19, 2007 their memoranda in support of final approval of the Settlement. Additionally, Plaintiffs shall file by no later than June 19, 2007 their application for an award of attorneys' fees and incentive awards, and reimbursement of litigation expenses.

6. **Notice to Class Members** – Notice of the Settlement of this Action shall be provided to Settlement Class Members as follows:

a. No later than May 16, 2007, the Settling Parties shall cause the Mailed Notice, in a form substantially as set out in Exhibit H to the Settlement Agreement and approved by the Court, to be mailed, by first-class mail, postage prepaid, (*i*) to each Gallagher Client that can be identified by reasonable effort and (*ii*) for each Person in cases of pending litigation, arbitration or mediation against the Gallagher Defendants, or any of them, involving any Released Claims, to all legal counsel known by the Gallagher Defendants to represent the Settlement Class Member in such litigation, arbitration or mediation.

b. If the mailings described in the preceding paragraph results in any Mailed Notice being returned to the Settlement Administrator with an updated address, the Mailed Notice shall be re-mailed to the addressee within two (2) business days of receipt of the updated address; *provided however,* that if such updated address is received by the Settlement Administrator less than five (5) business days prior to the date of the Fairness Hearing, no re-mailing shall be required.

c. No later than May 26, the Settling Parties shall cause the Published Notice to be posted two (2) times in all editions of *The New York Times, The Wall Street Journal* and *USA Today*, and one (1) time in the newspaper with the highest circulation in each of the 50 states and in the District of Columbia (as identified in Exhibit N to this Settlement Agreement), and in *Business Insurance* and *RM Magazine.*

d. No later than May 26, (*i*) the Settling Parties shall cause the Settlement Administrator to post the Mailed Notice, Published Notice and Proof of Claim Form on its website, (*ii*) Co-Lead Counsel shall cause the Notice to be published on the websites of:

  A. Cafferty Faucher LLP, *www.caffertyfaucher.com;*

  B. Whatley, Drake & Kallas LLC, *www.whatleydrake.com;*

  C. Foote, Meyers, Mielke & Flowers LLC, *www.foote-meyers.com;*

  D. Furth, Lehman & Grant, *www.furth.com;*

  E. Levin, Fishbein, Sedran & Berman, *www.lfsblaw.com;*

  F. Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, *www.lerachlaw.com;*

      G.      Zwerling, Schachter & Zwerling, LLP, *www.zsz.com*; and

      H.      *www.insurancebrokerageclasscounsel.com*

and (*iii*) the Gallagher Defendants shall cause the Notice to be published on the website found at *www.ajg.com*.

At or before the Fairness Hearing, the Settling Parties and/or the Settlement Administrator shall file with the Court proof of (*i*) mailing of the Mailed Notice pursuant to paragraph 6.a. and b. above, (*ii*) publication of the Website Notice on the websites identified in paragraph 6.d. above, and (*iii*) publication of the Published Notice pursuant to paragraph 6.c. above.

    7.    **Findings Concerning Notice** – Having considered the forms and methods of providing notice to Settlement Class Members, the Court finds that notice given in the form and manner provided in paragraph 6 above (*i*) is the best practicable notice and (*ii*) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, the claims alleged in this Action, the effect of the Settlement Agreement (including the Release), their right to object to the Settlement and their right to exclude themselves from the Settlement Class. The Court further finds that the Mailed Notice, Published Notice, Proof of Claim Form provided in the Settlement Agreement are simply written and will be readily understandable by Settlement Class Members and that the Mailed Notice, Published Notice, Website Notice, Proof of Claim Form, and notice methodology are reasonable, constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and meet the requirements of the FRCP (including FRCP 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

    8.    **Retention of Settlement Administrator** – The Court authorizes the Settling Parties to retain Complete Claim Solutions, LLC as the Settlement Administrator which will act

on behalf of the Court pursuant to FRCP 53(c). The Settlement Administrator will assist the Settling Parties in, among other things, (*i*) mailing or arranging for the mailing (and remailing, if required) of the Mailed Notice; (*ii*) arranging for publication of the Published Notice; (*iii*) publishing the Mailed Notice, Published Notice and Proof of Claim Form on the Settlement Administrator's Website; (*iv*) providing Proof of Claim Forms to those Settlement Class Members who are required to submit such forms in order to receive settlement relief, (*v*) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Co-Lead Counsel or its designee(s); (*vi*) receiving and maintaining on behalf of the Court any requests for exclusion received from potential Settlement Class Members and receiving and maintaining on behalf of Class Counsel all Proof of Claim Forms submitted by Settlement Class Members; (*vii*) establishing a call center with a toll-free number to answer inquiries from Settlement Class Members; (*viii*) providing additional copies of the Notice, upon request, to Settlement Class Members; (*ix*) calculating and arranging for distributions to Settlement Class Members consistent with the Plan of Allocation; and (*x*) otherwise assisting Co-Lead Counsel or their designees and the Gallagher Defendants' Counsel or their designees with administration and implementation of this Settlement Agreement.

9. **Communications with Settlement Class Members** – The Gallagher Defendants maintain the right to communicate orally and in writing with, and to respond to inquiries from, Settlement Class Members, including, without limitation: (*i*) communications between Settlement Class Members and representatives of the Gallagher Defendants whose responsibilities include client relations, to the extent such communications are initiated by Settlement Class Members; (*ii*) communications between Settlement Class Members who are ongoing clients of any of the Gallagher Defendants, or who seek to become clients of any of the

Gallagher Defendants, regarding the insurance products they have purchased or might purchase from the Gallagher Defendants; *provided* that if any such client has questions about the terms of this Settlement Agreement, the Gallagher Defendants shall refer such client to the toll-free number for the Settlement Administrator; and (*iii*) communications that might be necessary to conduct the Gallagher Defendants' normal business.

10.　**Exclusions** – Any potential Settlement Class Member who wishes to be excluded from the Settlement Class must mail by first-class mail or otherwise deliver a written request to the Clerk of the Court, care of the address provided in the Mailed Notice postmarked or delivered no later than June 29, 2007 or as the Court may otherwise direct. A request for exclusion shall include the following information: (*i*) the potential Settlement Class Member's name, (*ii*) his, her or its address, (*iii*) his, her or its telephone number, and (*iv*) information respecting each Settlement Class Policy Purchase, including the following: (*a*) the insurer that issued each policy, (*b*) the policy number, (*c*) the face amount of each policy, (*d*) the annual premium associated with each policy, (*e*) the effective date and expiration date for each policy, and (*f*) the broker, if any, who was acting on behalf of the Settlement Class Member. A list of the Persons who have requested exclusion shall be provided to the Court by the Settling Parties at or before the Fairness Hearing. A potential Settlement Class Member who wishes to be excluded from the Settlement Class must comply with the procedures in this paragraph even if he, she or it has pending, or later initiates, any other litigation, arbitration or proceeding based on or involving Released Claims.

11.　**Objections** – Any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement, to the Plan of Allocation, to any term(s) of the Settlement Agreement or to the proposed award of Attorneys' Fees and Expenses

15

or Incentive Award Petition must both file with the Court and serve on Class Counsel and the Gallagher Defendants' Counsel a statement of his, her or its objection(s). The Settlement Class Member's statement of objection shall provide evidence of the objector's membership in the Settlement Class and shall state the specific reason(s), if any, for each such objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection. Such statement of objection and any supporting memorandum must be received by the Court and counsel identified in the mailed Notice by no later than June 29, 2007. If a Settlement Class Member hires an attorney to represent him, her or it in connection with filing an objection, the attorney must both file with the Court and serve on Class Counsel and the Gallagher Defendants' Counsel a notice of appearance. Such notice of appearance must be received by the Court and the counsel identified in the Notice by no later than June 29, 2007.

The Settling Parties shall file by no later than July 10, 2007 their memoranda in opposition to the objections filed, and in further support of final approval of the Settlement. Additionally, Plaintiffs' shall file by no later than July 10, 2007 their memoranda in further support of their application for an award of attorneys fees and incentive awards, and reimbursement of litigation expenses. Any objectors shall then file any reply in support of their objections by no later than July 16, 2007.

12. **Appearance at Fairness Hearing** – Any Settlement Class Member who files and serves a written objection in accordance with paragraph 11 above – and only such Settlement Class Members – may appear at the Fairness Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to (*i*) the fairness, reasonableness or adequacy of this Settlement Agreement, (*ii*) the Plan of Allocation, or (*iii*) any term(s) of the

Settlement Agreement (including, without limitation, the proposed Fee Petition or the Incentive Award Petition). Settlement Class Members or their attorneys intending to make an appearance at the Fairness Hearing must both file with the Court and serve on Class Counsel, the Gallagher Defendants' Counsel and the State Liaison Counsel (as identified in the Mailed Notice) a notice of intention to appear. Such notice of intention to appear must be received by the Court and the counsel identified in the mailed Notice by no later than fifteen (15) days before the Fairness Hearing, or as the Court may otherwise direct.

13. **Post-Office Box(es)** – The Settling Parties or their designated agents are directed to establish a post-office box or boxes to be used for receiving any communications regarding the Settlement Agreement. No one other than the Court, the Clerk of the Court, Co-Lead Counsel, the Gallagher Defendants' Counsel or the Settlement Administration (or their designated agents) shall have access to the post-office box or boxes.

14. **Preliminary Injunction** – All Settlement Class Members (and their heirs, executors and administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns), any Person claiming by or through a Settlement Class Member, and any Person representing any or all Settlement Class Members, are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction, that is based upon, arises out of or relates to any Released Claims. All Persons are preliminarily enjoined from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any Settlement Class Member(s)

if such other lawsuit is based on, arises out of or relates to the Released Claims. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action.

15. **Binding Effect** – All Settlement Class Members and their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns will be bound by all proceedings, orders and judgments relating to the Settlement Agreement, even if such Settlement Class Members have previously initiated or subsequently initiate litigation, arbitration or other proceedings, or have any other claim against any or all of the Releasees relating to any of the Released Claims.

16. **Stipulation and Order of Confidentiality** – All Settlement Class Members shall be bound by the Stipulation and Order of Confidentiality annexed to the Settlement Agreement as Exhibit N.

17. **Service of Papers** – Class Counsel and the Gallagher Defendants' Counsel shall serve on each other, and on all other parties who have filed notices of appearance, at or before the Fairness Hearing, any further documents in support of the Settlement Agreement, including responses to any papers filed by Settlement Class Members and/or Settlement Class Members' counsel. Class Counsel and the Gallagher Defendants' Counsel shall promptly furnish to each other any and all objections, notices of appearance and notices of intention to appear that may come into their possession, and if those papers are not on file with the Court, shall file them with the Court on or before the date of the Fairness Hearing.

18. **Termination of Settlement** – This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Effective

Date does not occur. In such event, the Settlement Agreement shall become null and void and be of no further force or effect except with respect to Sections 6.5, 6.6, 18, 19.1, 19.4 and 21, and neither the Settlement Agreement nor any Court order regarding the Settlement Agreement, including this Order, shall be used or referred to for any purpose whatsoever.

19. **Use of Order** -- This Order shall be of no force or effect if the Effective Date does not occur and shall not be construed or used as an admission, concession or declaration by or against the Gallagher Defendants or Releasees, or any of them individually, of any fault, wrongdoing, breach or liability. Nor shall the Order be construed or used as an admission, concession or declaration by or against Class Plaintiffs or any Settlement Class Member that their claims lack merit or that the relief requested in the Complaints is inappropriate, improper or unavailable, or as a waiver by any Settling Party of any defenses or claims he, she or it may have.

20. **Continuance of Hearing** -- The Court reserves the right to continue the Fairness Hearing without further written notice.

SO ORDERED this 13th day of APRIL, 2007.

HONORABLE GARRETT E. BROWN
UNITED STATES DISTRICT COURT JUDGE