<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION** | MDL Docket No. 1663<br><br>Civ. No. 04-5184 (GEB) |
| **This Document Relates To:**<br><br>**ALL ACTIONS** | **MEMORANDUM OPINION** |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon Plaintiffs' motion for an order requiring objectors/appellants to post a bond in order to appeal the final order approving the Zurich Settlement [Docket No. 1161], and Objector Iaad O Inc. and Zorkess LLC's ("Iaad O") motion to strike Plaintiffs' motion for bond order [Docket No. 1163][1]. The Court has reviewed and fully considered the parties' submissions and has decided the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiffs' motion for an order requiring objectors/appellants to post a bond in order to appeal the final order approving the Zurich Settlement is granted in part, and Iaad O's motion to strike Plaintiffs' motion for bond order is denied.[2]

---

[1] Objector Dan C.D. Sturdevant joined Iaad O's opposition and motion to strike. Van Enterprises also filed an opposition which was almost identical to Iaad O's brief, but was untimely filed. As the briefs essentially rely on the same arguments, the Court will address Iaad O's opposition.

[2] Iaad O moves the Court to strike Plaintiffs' bond motion, as it claims that Plaintiffs' motion violates this Court's April 11, 2007 Order which states: "that all proceedings that are part of this MDL are stayed until the motions directed to the Amended Complaint filed in accordance with the Order dated April 5, 2007 are resolved." [Docket No. 1142]. Iaad O claims that the Zurich

**I.     BACKGROUND**

This MDL docket involves various class actions filed against numerous insurance brokers and insurers. In August 2005, the Zurich Defendants were added to the class actions as defendants. The class actions allege violations of federal and state antitrust laws, the Racketeer Influenced and Corrupt Organizations Act ("RICO") and common law. These class actions have been consolidated into the present action.

On November 8, 2006, the Court entered an Order preliminarily approving the Zurich Settlement. The Zurich Defendants filed a motion for final approval of the class action settlement on January 22, 2007. On January 23, 2007, Plaintiffs filed a motion for final approval of the Settlement and Class Counsel filed a motion for fees in connection with the Settlement reached with the Zurich Defendants (hereinafter, "Settlement"). A fairness hearing was held on January 26, 2007. On February 16, 2007, this Court approved the class action settlement between Class Counsel and the Zurich Defendants. In March 2007, several objectors filed notices of appeal of the approval of the Zurich Settlement.[3] On April 26, 2007, Plaintiffs filed the instant motion for an order requiring

---

Settlement is part of the MDL and that the Court did not carve out an exception for matters pertaining to the Zurich Settlement. Iaad O's Br. at 1. As this motion relates to a settlement approved prior to the stay of the proceedings, this Court will not prolong the disposition of the settlement by delaying this motion. The stay is in effect until such time as the motions to dismiss in the main cases, 04-5184 and 05-1079, are decided. As those motions do not have any bearing on the Zurich Settlement, the Court will address Plaintiffs' motion for a bond at this time.

[3] The following objectors filed notices of appeal: The Shapiro & Lodwick Objectors (Shapiro & Co. LPA, Sports & Spine Physical Therapy Inc., Irene Pekoe, Hoffman Legal Group, LLC, Lacy Redd and Cross & Sir) (March 12, 2007); Romero General Construction Corp. (March 13, 2007); Dan C.D. Sturdevant (March 14, 2007); Van Enterprises, Inc. (March 15, 2007); Iaad O Objectors (Iaad O Inc., Trustee of 8 Pacific Street Trust and Zorkess LLC) (March 15, 2007); Emerald Financial Group, Inc. (March 16, 2007); Palomar Grading and Paving, Inc. (March 16, 2007); and Harold Folsom Jensen (March 16, 2007).

objectors/appellants to post a bond in order to appeal the final order approving the Zurich Settlement. Iaad O opposed the motion, and filed a motion to strike Plaintiffs' motion to post bond. On June 5, 2007, Class Counsel's motion for fees in connection with the Zurich Settlement was granted.

## II.   DISCUSSION

### A.   Standard for Requiring Objectors/Appellants to Post a Bond

"In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "'Costs' referred to in Rule 7 are those that may be taxed against an unsuccessful litigant under Federal Rule of Appellate Procedure 39." Hirschensohn v. Lawyers Title Ins. Corp., No. 96-7312, 1997 U.S. App. LEXIS 13793, at *3 (3d Cir. June 10, 1997) (citing In re American President Lines, Inc., 250 U.S. App. D.C. 324 (D.C. Cir. 1985)). Rule 39 includes costs such as "printing and producing copies of briefs, appendices, records, court reporter transcripts, premiums or costs for supersedeas bonds, or other bonds to secure rights pending appeal, and fees for filing the notice of appeal." In re Diet Drugs Prods. Liab. Litig., No. 99-20593, 2000 U.S. Dist. LEXIS 16085, at * 11 (E.D. Pa. Nov. 6, 2000) (citing Hirschensohn, 1997 U.S. App. LEXIS 13793, at * 3); Fed. R. App. P. 39. These items stem from 28 U.S.C. § 1920.[4]

There is some debate among the circuits as to whether attorneys' fees should be considered

---

[4] 28 U.S.C. § 1920 states that: "[a] judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk or marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (5) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"costs" for the purpose of imposing bonds pursuant to Rule 7. The Third Circuit, in an unpublished decision, considered this issue. According to Hirschensohn, "[a]ttorneys fees are not among the expenses that are described as costs for purposes of Rule 39."[5] Hirschensohn, 1997 U.S. App. LEXIS 13793, at * 3-4.

In the case at hand, Plaintiffs request that the Court require the objectors/appellants to post a bond in order to continue prosecuting their appeals of the final judgment approving the Zurich Settlement. Plaintiffs claim that the bond should be set at no less than $55,000, including both costs and attorneys' fees, and ask that the Court enter an order stating that each person filing and maintaining an appeal should be jointly and severally liable.

### *1. Costs*

"[A] district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." Adsani v. Miller, 139 F.3d 67, 79 (2d Cir. 1998). The purpose of an appellate cost bond is "to protect the rights of appellees . . . ." Pendraza v. United Guar. Corp., 313 F.3d 1323, 1333 (11th Cir. 2002) (quoting Adsani, 139 F.3d at 75). In many cases, an appeal bond is "necessary to provide some level of security to Lead Plaintiffs who have no assurances that Appellants have the ability to pay the costs and fees associated with opposing their appeals." In re Heritage Bond Litig., No. 02-382, WL 2401111, at *4 (C.D. Cal. Sept. 12, 2005); id. at *3 (citing In re Cardizem CD Antitrust Litig., 391

---

[5] "The Advisory Committee note to Rule 39 states that a 'few statutes contain specific provisions in derogation of these general provisions.' For example, an award of costs to a successful plaintiff is sometimes not permitted in a suit for patent infringement. The note continues: 'These statutes are controlling in cases to which they apply.' It should be observed, however, that the reference is to paragraph (a) of Rule 39, which describes the circumstances under which costs should be awarded – not which items are included within the term 'costs.'" Hirschensohn, 1997 U.S. App. LEXIS 13793, at * 4 (citations omitted).

F.3d 812, 814 (6th Cir. 2004) ("Federal courts have required an appeal bond from appellants . . . as a condition of maintaining objector appeals of class action settlements or attorneys' fee awards.")). According to 28 U.S.C. § 1920 and Fed. R. App. P. 39(e), an appeal bond may include the costs of preparation of and transmission of the record, the costs of obtaining any necessary transcripts, printing costs and other copying costs.

Plaintiffs cite to several recent cases in the Third Circuit which have imposed bonds in class actions. See, e.g., Pl.s' Br., Exh. A (Nichols v. Smithkline Beecham Corp., No. 00-6222 (E.D. Pa. Nov. 15, 2005)[6] (objectors-appellants objected to a class action settlement and the court imposed joint and several liability for a $25,000 bond)); In re Diet Drugs, 2000 U.S. Dist. LEXIS 16085, at *21 (finding $25,000 as a reasonable estimate and ordering that "Objectors shall be jointly and severally responsible for posting a $25,000 bond to ensure payment of costs incurred by the class on appeal should the class prevail.").

Iaad O, however, contends that $25,000 is an exorbitant bond, and that it is impossible that the costs associated with this appeal will reach that amount. Iaad O claims that the copying, transcript and filing costs are minimal, and would not exceed $1,000 (based on a calculation of volume rates for copying and rates for binding). Obj.'s Br. at 3-4. Further, Iaad O contends that to justify the $25,000 bond, Plaintiffs should submit affidavits stating the copying service they intend to use, the transcripts they will require and whether the transcripts have been prepared, and other costs they anticipate incurring in defending this appeal. Id. at 3.

---

[6] Although Plaintiffs attach Nichols to their brief in support of the argument that $25,000 is a reasonable bond amount for costs, Plaintiffs disregarded the Third Circuit case, Hirschensohn, which was cited throughout the Nichols order. The Court in Nichols followed the Third Circuit's rationale when determining the appropriate bond amount.

5

Iaad O does not offer any case law in support of its argument that Plaintiffs be required to make some sort of delineated showing of costs for a bond motion. Plaintiffs contend that it is not possible to anticipate all of the potential costs of a multi-party appeal, and so $25,000 is a reasonable amount. Pl.'s Reply, at 4. In addition to the printing and administrative costs associated with an appeal, as discussed in Rules 7 and 39, it is possible that the Plaintiffs will face different issues from different appellants, which may increase the expenses. See Hirschensohn, 1997 U.S. App. LEXIS 13793; In re Diet Drugs, 2000 U.S. Dist. LEXIS 16085, at * 6 ("some objectors will likely raise different issues in their appeals than others, causing the class to incur either more or less expense than incurred defending the appeals of other objectors"). Accordingly, this Court concludes that a $25,000 bond is reasonable, and Iaad O and the objectors appealing the Zurich Settlement will be jointly and severally responsible for posting the bond. This arrangement will "adequately secure recovery of costs should the class prevail but will not work a financial hardship on the exercise of the Objectors' rights to appeal." In re Diet Drugs, 2000 U.S. Dist. 16085, at * 6 (citing Adsani v. Miller, 139 F.3d at 76-78 (holding that a $35,000.00 bond was not an unconstitutional barrier to appeal where there was no showing of inability to pay)).

    2.    *Attorneys' Fees*

There is a split of amongst the circuits concerning whether attorneys' fees should be included in the term "costs" under Rule 7. See, e.g., Hirschensohn, 1997 U.S. App. LEXIS 13793 (3d Cir. June 10, 1997) (holding attorneys' fees are not included as costs under Rule 7); In re Diet Drugs, 2000 U.S. Dist. 16085 (E.D. Pa. Nov. 6, 2000) (holding same); O'Keefe v. Mercedes-Benz USA, LLC, No. 01-2902, 2003 U.S. Dist. LEXIS 9838 (E.D. Pa. June 5, 2003) (holding same but using underlying statute as basis for not including attorneys' fees in the Rule 7 bond); Adsani v. Miller,

139 F.3d 67 (2d Cir. 1998) (criticizing Hirschenson and holding that attorneys' fees are included as costs under Rule 7); Pedraza v. United Guar. Corp., 313 F.3d 1323, 1330-32 & n. 12 (11th Cir. 2002) (rejecting the reasoning in Hirschensohn and finding that costs under Fed. R. App. P. 7 are to be determined by reference to Fed. R. Civ. P. 68 because they have similar language and legislative intent).

In Hirschensohn, an unpublished decision, the Third Circuit held that attorneys' fees are not included as costs under Rule 7. 1997 U.S. App. LEXIS 13793. When analyzing the propriety of including attorneys' fees as part of appeal bonds pursuant to Rule 7, the Court in Hirschensohn considered Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980). In Roadway Express, the Supreme Court examined 28 U.S.C. § 1927, which permits a court to tax the excess "costs" against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." Although section 1927 does not define costs, courts generally look to section 1920, which does not provide for attorneys' fees. The Court in Roadway Express concluded that in the "absence of express modification" by Congress of the term costs, an award of attorneys' fees was not included in the definition. See Hirschensohn, 1997 U.S. App. LEXIS 13793, at * 4-5 (citing Roadway Express, 447 U.S. at 760-61). Roadway Express also examined the legislative history of sections 1927 and 1920, stating that when construing the term "costs," it is important to "look to the contemporaneous understanding of the term." Hirschensohn, 1997 U.S. App. LEXIS 13793, at * 5 (quoting Railway Express, 447 U.S. at 759). The Court in Railway Express explained that when Congress enacted section 1920, the prevailing "American Rule" was that "attorneys' fees [were] not among the costs

that a winning party [could] recover." Railway Express, 447 U.S. at 759.[7]

The Third Circuit also noted that "the Court of Appeals have addressed the relationship between attorneys' fees and costs . . . without exception they have held that attorneys' fees are distinct from 'costs' defined by Rule 39." Hirschensohn, 1997 U.S. App. LEXIS 13793, *5. The Court in Hirschensohn considered McDonald v. McCarthy, which addressed the impact of statutory attorneys' fees on Rule 7 bond costs, finding that although 42 U.S.C. § 1988[8] states that attorneys' fees may be included as part of "costs," that specific statutory terminology did not superimpose an overriding designation upon Rule 39. McDonald v. McCarthy, 966 F.2d 112, 116 (3d Cir. 1992). McDonald also considered and distinguished Marek v. Chesny, 473 U.S.1, 9 (1985). In Marek, the Supreme Court held that "costs" under Fed. R. Civ. P. 68 included attorneys' fees. However, McDonald found that unlike Rule 68, which does not define costs, Rule 39 sets forth specific costs in detail. McDonald, 966 F.2d at 116; but see, Pedraza v. United Guar. Corp., 313 F.3d at 1330-32 & n. 12 ([Eleventh Circuit] rejecting the reasoning in Hirschensohn, finding that costs under Fed. R. App. P. 7 are to be determined by reference to Fed. R. Civ. P. 68 because they have similar language and legislative intent).

---

[7] Congress expanded section 1927 in 1980, after the Roadway Express decision. The amended version of 28 U.S.C. § 1927 is no longer limited to 'costs,' and may include expenses and attorneys' fees. 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."). "The effect of the amendment was to nullify that part of Roadway Express which held that former § 1927 permitted assessment against losing attorneys only of 'costs,' not of attorneys' fees, thus adding statutory power to the 'inherent power' recognized in Roadway Express." Jones v. Continental Corp., 789 F.2d 1225, 1229 (6th Cir. 1986) (citations omitted).

[8] 42 U.S.C. § 1988 was the statutory basis for the claims in McDonald.

The Court in Hirschensohn considered the leading treatises which reflect the view that attorneys' fees are not recoverable as costs under Rule 39. Id. at *6-7 (citing 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3953 (2d ed. 1996) ("The costs secured by a Rule 7 bond are limited to costs taxable under Appellate Rule 39. They do not include attorneys' fees that may be assessed on appeal."); 20 James Wm. Moore, et al., Moore's Federal Practice, § 339.41 (3d ed. 1997) (attorneys' fees not included as "costs" under Rule 39 or Rule 7)).

The Third Circuit also based its decision not to include attorneys' fees in the appeal bond on the underlying statutory source of the claims advanced in the complaint. Hirschensohn, 1997 U.S. App. LEXIS 13793, at * 7. The Court determined that the underlying state statute at issue in Hirschensohn did not provide for attorneys' fees for appeals. Id. Accordingly, the Court concluded that the absence of statutory authority for fees precluded them for being assessed as part of the bond. Id. This supporting basis for the Court's decision is also a source of disagreement for courts in and out of this Circuit. Other courts have distinguished Hirschensohn and determined that attorneys' fees are properly included in bonds. For example, in Adsani v. Miller, 139 F.3d 67 (2d Cir. 1998), the Court distinguished Hirschensohn on the basis that the Third Circuit relied on a state statutes, not federal statutes which were applicable in Adsani, that did not permit attorneys' fees as costs. The Eastern District of Pennsylvania also considered Hirschensohn, citing the confusion over which test the Third Circuit suggested courts follow, namely, that attorneys' fees are generally not to be included in Rule 7 bonds in accordance with Rule 39, or that a court should look to the underlying statute to determine if fees are allowable at all on appeal. See O'Keefe, 2003 U.S. Dist. LEXIS 9838 (ultimately finding no underlying statutory authority to include attorneys' fees as part of the appeal bond). However, O'Keefe did not address the Eastern District of Pennsylvania's decision in In re

9

Diet Drugs, which relied on Hirschensohn and McDonald when finding that attorneys' fees are not included in the term costs for the purposes of Rules 7 and 39.  In re Diet Drugs, 2000 U.S. Dist. LEXIS 16085 * 10-11.  The Court concluded that "the weight of authority indicates that 'costs' under Rule 7 generally do not include attorneys' fees."  Id. at *14.  In re Diet Drugs also noted that "Adsani and NASDAQ [In re NASDAQ Market-Makers Antitrust Litig., 187 F.R.D. 124, 128 (S.D.N.Y. 1999)] appear to stand for the limited proposition that statutorily authorized costs may be included in an appeal authorized by Rule 7.  In any event, they are not controlling in this district."  Id. at * 14.

      Despite some conflicting views regarding the Third Circuit's decision in Hirschensohn, this Court will follow the rationale set forth in that case.  While other circuits have decided to include attorneys' fees authorized by statute in Rule 7 bonds, these cases are not controlling here.  The cases in this Circuit have not included attorneys' fees as "costs" under Rule 39, and, as such, this Court will not impose attorneys' fees as part of the appeal bond in this case.  See Hirschensohn, 1997 U.S. App. LEXIS 13793, at * 7 ("In accordance with the holding and discussion in McDonald, therefore, we conclude that Rule 7 does not authorize a bond to cover estimated costs of attorneys' fees."); In re Diet Drugs,  2000 U.S. Dist. LEXIS 16085 ("'[C]osts under Rule 7 are limited to the costs enumerated under Federal Rules of Appellate Procedure 7 and 39 and 28 U.S.C. § 1920.").  Accordingly, Plaintiffs' request for a bond is limited to costs as set forth in Rule 39.

### III.    CONCLUSION

      For the foregoing reasons, Plaintiffs' motion for an order requiring objectors/appellants to post a bond in order to appeal the final order approving the Zurich Settlement [Docket No. 1161] ,

is granted in part. The objectors/appellants are directed to post a $25,000 appeal bond. In addition, Iaad O's motion to strike Plaintiffs' motion for bond order is denied [Docket No. 1163]. The appropriate form of Order accompanies this Memorandum Opinion.

Dated: June 29, 2007

                                                 s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.