# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

IN RE: INSURANCE BROKERAGE
ANTITRUST LITIGATION

**APPLIES TO ALL ACTIONS**

MDL No. 1663
Civil No. 04-5184 (GEB)

IN RE: EMPLOYEE-BENEFIT INSURANCE
BROKERAGE ANTITRUST LITIGATION

**APPLIES TO ALL ACTIONS**

Civil No. 05-1079 (GEB)

This matter having come before the Court by way of letters dated April 6, 2007, regarding

discovery disputes between: (1) plaintiffs and the HUB defendants; (2) plaintiffs and the AON

defendants; (3) plaintiffs and the American Re and Munich Re defendants; (4) plaintiffs and the

Hartford; (5) plaintiffs and Prudential; (6) plaintiffs and Brown & Brown; and (7) New Cingular

plaintiffs and Liberty Mutual, Max Re, Aon defendants, Certain Lloyds Underwriters (Syndicate

2001), Endurance Specialty, Navigators Group, Certain Lloyds Underwriters (Syndicate 190 and

282), Chubb defendants, Royal Defendants, Hartford defendants, Factory Mutual Insurance,

CNA defendants, and the Ace defendants[1]; and letters dated April 4, 2007, regarding discovery

---

[1]The April 6, 2007 letter regarding these disputes was superseded by a submission dated
April 9, 2007, which includes the dispute between New Cingular and the Ace defendants. There
is a question as to whether or not there was an effort to meet and confer in good faith to resolve
the issues set forth in New Cingular's submission and, if discovery proceeds and court-
intervention is sought, then New Cingular will be required to meet with each of the defendants
identified in the April 9, 2007 submission to attempt to resolve the disputes before re-presenting
them.

In addition, for the reasons set forth herein, New Cingular will be barred from raising
claims with certain of the defendants. First, neither of the New Cingular submissions make
reference to the AAIC and the Fireman Fund defendants and no extension was sought to raise
disputes regarding their responses to discovery, and therefore, the ability to seek court-

disputes between: (1) the Huntsman and Standard plaintiffs and the Marsh defendants; and (2) Sinclair Oil and the Marsh defendants;

and the proceedings in these cases having been stayed since April 9, 2007;

and the Hon. Garrett E. Brown, Jr., having convened a telephone conference on January 24, 2008;

and His Honor advising the parties that all motions would be terminated in light of the rulings on the various federal claims;

and the Undersigned advising the parties that all discovery applications would be terminated;

and for the reasons set forth on the record on January 24, 2008;

IT IS ON THIS 4th day of February, 2008

ORDERED that all requests for discovery relief are denied without prejudice; and

IT IS FURTHER ORDERED that if discovery resumes in this case, then the parties shall meet and confer in good faith about all issues that were raised in the April 2007 submissions and may raise only embodied in the April 2007 submissions that are still relevant. Nothing herein permits the parties to raise issues that were known before April 6, 2007 but which were not

_____

intervention concerning disputes with these defendants is waived. See Letter of Firemans Fund, dated April 6, 2007; Letter of AAIC, dated April 9, 2007. Second, the New Cingular plaintiffs have not preserved their disputes with the Certain Underwriters of Lloyds (Syndicate 2020), Commonwealth Insurance Company, Lloyds (Syndicate 2791 MAP), the Arch defendants, and the XL defendants as it appears New Cingular advised these parties only on April 4, 2007, (two dates before the deadline to raise disputes) that they had allegedly not provided a sufficient response to a letter sent to them in December 2006 and there is no indication that the New Cingular plaintiffs identified for these parties the purported deficiency or attempted to meet and confer to resolve those that may exist. Moreover, there is nothing in the New Cingular Plaintiffs' letter that makes specific mention as to how these specific parties failed to comply with their discovery demand. See Letters dated April 6, 2007 and April 9, 2007. General reference to the "defendants" in their April, 2007 letters cannot serve as proper notice.

raised with the Court.  All requests for discovery relief shall be presented via the joint letter

protocol and shall "stand alone," that is, not incorporate by reference the submissions filed in

April 2007.


s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE