# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSURANCE BROKERAGE ANTITRUST LITIGATION | : MDL No. 1663 |
| | : **Civil Action No. 04-5184 (FSH)** |
| **APPLIES TO ALL ACTIONS** | |
| IN RE: EMPLOYEE-BENEFIT INSURANCE BROKERAGE ANTITRUST LITIGATION | : **Civil Action No. 05-1079 (FSH)** |
| **APPLIES TO ALL ACTIONS** | |
| AMERICAN STANDARD | |
| Plaintiff | |
| | : **Civil Action No. 05-4573(FSH)** |
| v. | |
| MARSH USA, INC. | |
| Defendant | |

## ORDER
## ON INFORMAL APPLICATION

This matter having come before the Court by way of letters dated February 27, 2008 and

March 4, 2008, regarding the request of the class plaintiffs for an Order modifying the

1

obligations that the parties have with CaseCentral pursuant to the Order, dated July 13, 2005, which addressed the establishment of a document depository;

and the Court having considered the submissions and the procedural posture of the case;

and it appearing that there is a request to stay all proceedings, including those involving the tag alongs, because of the pending appeal;

and while certain proceedings have been stayed, not all cases are presently stayed and thus there is a potential need for the parties in such cases to have access to CaseCentral;

and it therefore appearing that the need for an accessible system currently remain unchanged;[1]

and it further appearing that as the class plaintiffs have chosen to appeal the dismissal Orders, it appears that they intend to pursue the cases against the defendants if the claims are reinstated and hence will likely themselves seek access to the system if the claims are reinstated;

and it further appearing that if all proceedings involving the parties are stayed, then no party will need access to the information unless and until the stay is lifted;

---

[1]Class plaintiffs suggest that, despite the goal of having a unified system with consistent rules concerning access and financial obligations, the stay should allow them to now require the parties to renegotiate the terms of access. The system was established, in part, to ensure uniformity and obligated all parties to participate. The stay does not impact those goals and therefore, either the status quo should be maintained or the system should be placed in "hibernation" (which is a term that CaseCentral used and which is understood to mean to remove the information from the active website until such time as the need to access arises.) If a stay of all proceedings in all cases is imposed, then hibernation will avoid any party incurring any unnecessary expenses associated with the depository because no party will have a need for it as part of these proceedings. The parties must keep in mind that the depository was established for these proceedings and therefore the terms of access and reasons for it must be mindful of the purpose for which it was established.

and it appearing that a resolution of the pending requests for stays will enable all parties to consider whether the CaseCentral materials should be placed in an archive that can be retrieved and reactivated promptly (i.e. within seven calendar days) upon the lifting of any stay;[2]

and it appearing that the class plaintiffs are also seeking an Order that absolves them of certain obligations that CaseCentral believes the class plaintiffs owe;

and it appearing that this in a private dispute;

and while it arose in connection with the parties' compliance with an Order requiring the establishment of a document depository, the class plaintiffs have not shown that the July 13, 2005 Order allows them to invoke the Court's authority to resolve financial disputes between these private parties;

and absent such a showing, the Court declines to intervene;

and for the reasons set forth above;

and for good cause shown,

IT IS ON THIS 7th day of March, 2008

ORDERED that the class plaintiffs' request for an order modifying the parties' obligations under the Order dated July 13, 2005 is denied without prejudice;

IT IS FURTHER ORDERED that if an order is entered staying all proceedings, then the parties shall confer and, if all parties agree, then they shall submit a consent order that places the depository in "hibernation," which can be reactivated within seven calendar days of an order

---

[2] The tag along plaintiffs have not explained why they would need access to the depository if the stay applies to all cases. Indeed, if all cases are stayed, then all parties in all cases will be similarly situated and will be better able to agree on unified approach to avoiding the expenditure of unnecessary expenses while ensuring that they can gain access to the system if the cases become reactivated.

lifting the stay. If there is a stay of all cases and the parties are unable to reach such an agreement, then they and CaseCentral shall submit a joint letter that explains why the system should or should not be placed in hibernation; and

IT IS FURTHER ORDERED that, based upon the record before the Court, the class plaintiffs' request for an order absolving them of any financial responsibilities with CaseCentral as of November 1, 2007 is denied as this is a private dispute between the Class Plaintiffs' and CaseCentral.

s/Patty Shwartz  
**UNITED STATES MAGISTRATE JUDGE**