<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION | : : : : : : : | **MDL Docket No. 1663** <br><br> Civ. No. 04-5184 (GEB) <br><br> Civ. No. 05-5239 (GEB) |
| KLLM, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARSH USA, INC., et al., <br><br> Defendants | : : : : : : : : : : : : : | Civ. No. 05-4046 (GEB) <br><br><br> **Opinion** |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon Plaintiff KLLM, Inc.'s ("KLLM" or "Plaintiff") motion to lift the stay for the limited purpose of considering a suggestion of remand. The Court has reviewed the parties' submissions and heard oral argument on the issues. For the reasons set forth below, the Court will grant Plaintiff's motion to lift the stay for the limited purpose of addressing Plaintiff's motion for this Court to consider suggesting remand of this matter back the transferor court. This Court will suggest remand back to the transferor court.

**I.     BACKGROUND**

This tag-along action was filed in October, 2003 in the Circuit Court of Ranklin County,

Mississippi, and was thereafter removed to the Southern District of Mississippi.  On November 22, 2004, Plaintiff KLLM, Inc. ("KLLM" or "Plaintiff") filed its Second Amended Complaint against defendants Marsh USA, Inc., Marsh, Inc., Marsh & McClennan Incorporated (collectively "Marsh"), Discovery Managers, Ltd. ("DML"), Discover Reinsurance Company ("Discover Re"), Discover Re Managers, Inc. ("DRM"), United States Fidelity & Guaranty Company ("USF & G"), United States Fidelity and Guaranty Specialty Insurance Company (USF & G Specialty"), CV Starr & Company ("CV Star") and Insurance Company of the State of Pennsylvania ("ICSP") (collectively "Defendants").  Plaintiff sought to recover from alleged damages caused by Defendants' "fraudulent inducement of KLLM to purchase excess liability policies by promising a three-year level premium rate guarantee . . . and then raising rates dramatically during the period of promised level rates."  (Plaint. Br. at 1, Civ. No. 05-5239 docket # 22-3.)

On June 1, 2005, the Multidistrict Litigation Panel ("the Panel") filed a Conditional Transfer Order ("CTO"), conditionally transferring this matter to the District of New Jersey . (Civ. No. 05-5329, docket # 22-6.)  Thereafter, Plaintiffs opposed said conditional transfer pursuant to 28 U.S.C. § 1407 and moved to vacate said order pursuant to Rule 12(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.  (docket # 22-7.)

On October 20, 2005, the Panel denied Plaintiff's motion to vacate, based upon its determination that there existed common questions of fact – specifically related to allegedly improper contingent commission agreements and bid-rigging between this action and the actions that had been previously transferred to the district of New Jersey.  (docket # 22-8.)  The Panel referenced its original order centralizing actions onto this docket "brought by persons allegedly injured by a conspiracy among defendants and/or co-conspirators to affect the sale of insurance

sold in the United States by rigging bids and allocating customers." (*Id.*)  The panel rejected Plaintiff's argument that the matter should not be transferred because "the core claims in the action are those that focus on breach of one specific insurance policy rather than the ones involving allegations of improper contingent commissions or kickbacks paid to broker defendants by insurance company defendants," on the basis that Section 1407 "does not require a complete identity or even majority of common factual issues as a perquisite to transfer." (*Id.*)

On November 8, 2005, ICSP and CV Starr filed a joint Motion to Dismiss Plaintiff's Complaint.

On November 20, 2006, Plaintiff filed a notice of dismissal of the claims asserted against Marsh Defendants contained in Count IV: Breach of Fiduciary Duty, and Count VII: Fraud.

On May 11, 2007, this Court stayed all proceedings pending the filing of Plaintiffs' Amended Complaint and the resolution of Defendants' motions to dismiss.  (docket # 19.)

On September 19, 2007, Plaintiffs filed a Notice of Dismissal of Counts IV of its complaint, alleging a Breach of Fiduciary Duty and Count VII, alleging Fraud.  (docket # 21.)

That same day, Plaintiffs filed a Motion to Lift the Stay, for the purpose of considering Plaintiffs' concurrent "Motion Seeking Suggestion of Remand" to the United States District Court for the Southern District of Mississippi, Jackson Division, pursuant to Rule 7.6(c)-(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. (docket #22.)  Said motion was opposed by defendants C.V. Starr, Discovery Managers, and ICSP.  However, in anticipation of the filing of a "Joint Stipulation of dismissal with Prejudice of Counts IV & VII" (docket # 27), the Marsh Defendants did not oppose Plaintiff's Motion to Transfer.  Marsh Defendants did not oppose transfer because the remaining claims in Plaintiff's complaint did not

3

share any common issues of law or fact with the claims in MDL – 1663.  (docket # 26.)

On January 24, 2008, this Court held a telephone conference, to discuss remaining issues in the litigation, during which it continued the stay.  That same day, this Court dismissed all motions in the MDL, including KLLM's motion to lift the stay in consideration of a suggestion of remand, without prejudice for the parties to re-file.  The Court permitted all parties with pending matters in this MDL to submit letters to the court, offering suggestions on how to proceed with the litigation.

Plaintiffs re-filed their motion on June 13, 2008.  (docket # 32.)   However, because the stay was and is still in place, this Court does not consider Plaintiffs' re-filed motion.

However, on July 8, 2008, this court held a telephone conference to address the issue of remand.  During the telephone conference, Plaintiff maintained that they had dismissed with prejudice all claims baring any resemblance to the claims identified by the Panel forming the basis for MDL-1663 against Defendants, and as such this matter was ripe for remand.

Marsh took no position with regard to remand, but asserted that it did not oppose remand because KLLM, unlike other tag-along Plaintiff in this matter, had withdrawn with prejudice all allegations related to contingent commissions and stipulated that they would no longer pursue these claims.  However, Marsh expressed concern that other tag-along Plaintiff, not similarly situated to KLLM not be granted the same relief.

ICSP argued that the stay should remain in place for the same reasons considered by the Court when continuing the stay previously, namely: (1) to prevent piecemeal litigation from going forward; and (2) to relieve the Court from facing numerous other similar motions from other tag-along Plaintiff.  ICSP maintained that the stay should remain in place until pending

4

motions to dismiss are addressed.

C.V. Starr also opposed lifting the stay to consider remand, and argued that its prior motion to dismiss should be considered first, before the Court considers suggesting remand.

Discover Re also opposed lifting the stay, echoing the concerns articulated by the other defendants. Discover Re also asserted that KLLM had not in fact dismissed with prejudice all claims related to the MDL.

Plaintiff responded by first stating that all claims common to MDL-1663 – previously embodied in Counts IV and VII of the complaint had indeed been dismissed with prejudice and noted that no defendant had ever previously contested the dismissal of these claims. Plaintiff further argued that the position asserted by Defendants – that remanding this matter would "open the floodgates" for numerous other similar motions was baseless – because KLLM is the only tag-along plaintiff to have stipulated to dismissing with prejudice all claims common to the MDL. Plaintiff added that the purpose of the stay was to allow for the resolution of common issues, and because there are no longer any common issues remaining in this case, maintaining KLLM in the MDL is in conflict with the purpose of the stay and prejudices KLLM, by preventing it from moving forward with its suit.

In light of the positions taken during the telephone conference of July 8, 2008, in addition to the points made in the letters submitted to this Court after the conference on January 24, 2008, this Court has elected to lift the stay for the limited purpose of considering KLLM's original motion for a suggestion of remand.

**II.    DISCUSSION**

**A.    Standards**

>Multidistrict transfer and remand is governed by 28 U.S.C. § 1407(a), which provides:
>
>>When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.  Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

Pursuant to Rule 7.6(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation:

>The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on
>
>   (i) motion of any party,
>
>   (ii) suggestion of the transferee district court, or
>
>   (iii) the Panel's own initiative, by entry of an order to show cause, a conditional remand order or other appropriate order.

While the authority to remand a matter back to the transferor court lies solely with the Panel – pursuant to 28 U.S.C. § 1407(a), "[t]he Panel is reluctant to order remand absent a suggestion of remand from the transferee district court."  Rule 7.6(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Once a case has been transferred into an MDL, "a party seeking remand to the transferor court has the burden of establishing that such remand is warranted." *In re INTEGRATED RESOURCES v. INTEGRATED RESOURCES EQUITY CORP.*, 851 F. Supp. 556, 562

(S.D.N.Y. 1994)(citing *In re Holiday Magic Sec. & Antitrust Litigation*, 433 F. Supp. 1125 (J.P.M.L. 1977)). "The Panel has made it clear that it will 'remand an action . . . prior to completed pretrial proceedings only upon a showing of good cause.'" " *In re INTEGRATED RESOURCES,* 851 F. Supp. at 562 (*quoting In re South Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978)).

In determining whether to remand a matter to the transferor court, the Panel generally considers "whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.* 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). The Panel may exercise its discretion to remand "when everything that remains to be done is case-specific." *Id.* (*In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000).

When considering whether to remand a matter back to the transferor court, the transferee District Court is guided by the same standards employed by the Panel. *See id.* A suggestion of remand is appropriate when the transferee court has determined that its "role in the case has ended." *In re INTEGRATED RESOURCES*, 851 F. Supp. at 562.

**B.     Application/Conclusion**

The Court is persuaded that this case is uniquely situated as to warrant a suggestion of remand. While other tag-along Plaintiff have argued that their case should be remanded back to the transferor court, none have stipulated and agreed to drop all claims related to the MDL, and cease making discovery requests related to the MDL, as KLLM has. Specifically, KLLM withdrew with prejudice Counts IV and VII of its complaint – the two counts upon which their transfer to this Court was based, and it also agreed: (1) not to pursue discovery related to Counts

7

IV and VII, "or any claims in any way involving the receipt of payment of contingent commissions"; (2) to redact any references to contingent commissions in any of the evidence used going forward; (3) and not to rely upon or in any way utilize discovery obtained by virtue of its inclusion in MDL–1663.

Because the joint stipulation makes clear that KLLM's claims no longer share any connection to the MDL, the Court finds that this "case will [not] benefit from further coordinated proceedings as part of [MDL 1663]." *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197. As such, suggestion of remand is proper.

An appropriate form of Order shall be filed.

  s/Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.