<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| IN RE INSURANCE BROKERAGE | : | MDL No. 1663 |
| ANTITRUST LITIGATION | : | Civ. No. 04-5184 (GEB) |
| | : | |
| | : | |
| **RELATES TO ALL ACTIONS** | : | **MEMORANDUM OPINION** |
| | : | |

**<u>BROWN, Chief District Judge</u>**

This matter comes before the Court upon the following three motions:

(1) the motion of the Marsh Defendants ("Marsh") to enforce final judgment and specifically enjoin the pursuit of two state court litigations by settlement class members Epix Holdings Corporation ("Epix") and Office Depot, Inc. ("Office Depot"); [Docket # 1497]

(2) Epix's motion to extend the time to file exclusion from the class action settlement and to alter or amend judgment; [# 1500]

(3) Office Depot's motion to alter or amend the judgment and order of this Court entered on February 17, 2009, to exclude Office Depot from the Marsh settlement class. [# 1502] The Court will address all three motions in this memorandum opinion. Having considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78, the Court will deny Marsh's motion and grant the motions of Epix and Office Depot for the reasons that follow.

**I.      BACKGROUND**

The complex factual and procedural background of MDL 1663 has been exhaustively

detailed in the Court's previous memoranda.  As such, for the sake of economy, the Court will here address only the facts relevant to the present motions.

Both Office Depot and Epix commenced and have actively pursued civil cases against Marsh in state court.  Office Depot filed a complaint against Marsh and other defendants in Florida state court in 2005.  (Office Depot Mot. Br. at 6, fn 5.) [# 1502]  Since that complaint was filed, Office Depot has successfully defended several motions filed by Marsh, including motions to stay, and a motion to dismiss.  (*Id.* at 10-12)  Indeed, it appears that in September, 2007, a Florida court denied motions to dismiss Office Depot's complaint, and ruled that Office Depot has plead viable causes of action against Marsh and other defendants under Florida law.  (Office Depot Mot. Br. at 12.) [# 1502]  More recently, in June, 2008, Epix filed a complaint against Marsh in New Jersey state court.  (Epix Mot. Br. at 4.) [# 1501]  Since that complaint was filed, Epix has successfully defended a motion to dismiss filed by Marsh.  Thus, it appears that at present, both Office Depot and Epix are actively litigating meritorious claims against Marsh in state court.

With regard to MDL 1663, on August 20, 2009, the Court issued an order that preliminarily approved a proposed Settlement Agreement ("Settlement Agreement") between Marsh and a proposed class of plaintiffs ("Settlement Class Members").  (GEB Order 8/20/09) [# 1418]  The August 20 order specifically outlined the steps that must be taken to notify Settlement Class Members of the proposed settlement, their right to opt out, and how to effectively do so.  (*Id.* at ¶ 7.)  Further, the August 20 order authorized the retention of Complete Claims Solutions, LLC ("CCS") to assist the parties in effectuating the aforementioned notice requirements, and established October 20, 2008, as the deadline for Settlement Class Members to opt out of the

Settlement Agreement. (*Id.* at ¶¶ 8, 10.) Marsh submits that pursuant to the August 20 order, CCS took the following action:

> On September 29, 2008, CCS mailed 218,216 "Notice Packets," consisting of the Notice and Claim form, that informed the Settlement Class Members of their rights, and how they could participate or exclude themselves from the proposed settlement. Of the 218,216 Notice Packets mailed, 845 were returned undeliverable with a forwarding address, and 46,544 were returned undeliverable without a forwarding address. Of the latter, CCS located updated addresses and resent 21,325.
> In addition to these mailings, a Court-ordered Summary Notice of the proposed settlement ("Publication Notice") was also published in all editions of *The New York Times*, *The Wall Street Journal*, and *USA Today*, and in *Parade Magazine*, *Business Insurance*, and *RM Magazine*. Further, CCS established the web-site www.insurancebrokeragemarsh.com, on which it posted the Notice and Publication Notice, and provided links to the web pages of Co-Lead [Plaintiff Settlement Class] counsel and the Marsh Defendants. Finally, CCS established a tool-free telephone hotline and an e-mail address through which Settlement Class Members could obtain additional information and pose questions about the proposed settlement.

(Marsh Mot. Br. at 6.) [# 1497]

Marsh contends that Notice Packets were mailed by CCS to both Epix and Office Depot because they are Settlement Class Members. (*Id.* at 9-10.) Specifically, Marsh states that it mailed a Notice Packet to Office Depot on September 29, 2008, and that Notice Packet was not returned to CCS. (*Id.* at 10.) Further, Marsh asserts that it mailed a Notice Packet to two Epix entities (Epix I, Inc. and Epix II, Inc.), with the following results: "although the Notice Packet sent to [Epix I] was returned undeliverable (and no updated address was found), the notice to [Epix II], which was sent to a recently updated address, was never returned." (*Id.*) Whether or not Office Depot and Epix received a Notice Packet, it is undisputed that neither Epix nor Office Depot opted out of the Settlement Agreement by the October 20, 2008 deadline established in the August 20 order. (Marsh Mot. Br.; Epix Mot. Br.; Office Depot Mot. Br.) [# 1497; 1501; 1502]

3

On December 15, 2008, the Court held the Fairness Hearing contemplated in the August 20 order, and heard the arguments of several interested parties. (Tr. Hr'g 12/15/08) It is undisputed that neither Epix nor Office Depot appeared at the December 15 Fairness Hearing. (*Id.*) Subsequently, on February 17, 2009, having heard the parties' arguments and considered all submissions, the Court approved the Settlement Agreement and issued a judgment that stated, in pertinent part:

> All Settlement Class Members (and their heirs, executors and administrators, beneficiaries, predecessors, successors, affiliates and assigns), any person or entity claiming by or through any of the Settlement Class Members and any person or entity representing any or all Settlement Class Members, are permanently enjoined from filing, commencing, pursuing, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding against any or all Releasees or order in any jurisdiction entered against any or all Releasees that is based upon, arises out of or relates to any Released Claims. All persons or entities are permanently enjoined from organizing any Settlement Class Members for purposes of pursuing a purported class action (including by seeking to amend a pending complaint to include claims that are based upon, arise out of or relate to any Released Claims, or by seeking class certification in a pending action) any other lawsuit against any or all Releasees that is based upon, arises out of or relates to any Released Claims.

(GEB Judgment 2/17/09 at ¶ 5.) [# 1494]

On February 23, 2009, less than a week after the Court approved the Settlement Agreement, Marsh filed its present motion to enjoin Epix and Office Depot from pursuing their aforementioned state court cases. [# 1497] In support of its motion, Marsh argues that because Epix and Office Depot are Settlement Class Members that failed to opt out of the Settlement Agreement, their cases are barred by the Court's February 17 order and judgment. (Marsh Mot. Br.) [# 1497]

Apparently in response to Marsh's present motion, on March 3, 2009, both Epix and

4

Office Depot filed their present motions that seek an extension of time to file exclusions from the Settlement Agreement. [# 1500; 1502] Both Epix and Office Depot appear to concede that they are Settlement Class Members. [*Id.*] Both contend, however, that they should be allowed to opt out of the Settlement Agreement because they were not properly notified of the proposed settlement. [*Id.*] In its submissions, Epix contends that if a Notice Packet was mailed to them, it was sent to an inappropriate address and was not received. (Epix Mot. Br.) [# 1501] In its motion papers, Office Depot asserts that it never received a Notice Packet. (Office Depot Mot. Br.) [# 1502] However, on April 6, 2009, after these motions had been fully briefed, Office Depot's counsel submitted a supplemental declaration that stated Office Depot's counsel had received a Notice Packet that had been misfiled. (Kneisel Supplemental Decl.) [# 1545] Despite receipt of a Notice Packet, Office Depot maintains that it should be allowed an extension of time to opt out of the Settlement Agreement. (*Id.*)

Plainly, the present motions are diametrically opposed. Marsh's motion, filed first in time, is essentially opposed by the motions of Epix and Office Depot, and vice versa. As such, the Court has considered the parties' submissions in tandem. Having done so, the Court concludes that the motions of Epix and Office Depot must be granted, and Marsh's motion must be denied for the following reasons.

**II.    DISCUSSION**

In support of its present motion, Marsh argues that this Court should enjoin the pending state court litigation of Epix and Office Depot pursuant to the authority established by the All Writs Act, 28 U.S.C. § 1651(a), and the Anti-Injunction Act, 28 U.S.C. § 2283. (Marsh Mot. Br.) [# 1497] Conversely, both Epix and Office Depot argue that they should be allowed an

extension of time to opt out of the Settlement Agreement pursuant to the Court's authority under Federal Rules of Civil Procedure 6 and 23, and the equitable doctrine of "excusable neglect." (Epix. Mot. Br.; Office Depot Mot. Br.) [# 1501; 1502]  The Court agrees with Epix and Office Depot.

Motions for extension of a time period specified in a court order is governed by Federal Rule of Civil Procedure 6.  Pertinent here, Rule 6(b) states:

> **Extending Time.**
>
> **(1) In General.**  When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Federal Rule of Civil Procedure 6(b).  The United States Court of Appeals for the Third Circuit has stated that the following four factors should be considered when a court determines if a claimant should have the benefit of excusable neglect: "1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential effect on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith." *In re Orthopedic Bone Screw Products Liability Litigation*, 326 F.3d 315, 322-323 (3d Cir. 2001) (citing *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993).  Further, the Third Circuit has noted that the four part analysis above is appropriate when applying excusable neglect principles within the context of Federal Rule of Procedure 23.  (*Id.* at 23.)

Applied here, the first factor the Court must consider is whether Marsh, the non-moving

party, will be prejudiced if the motions of Epix and Office Depot are granted. Marsh appears to argue that it will suffer prejudice on the following two grounds: (1) Marsh will have to litigate the two state court actions; and (2) if the Court grants the motions of Epix and Office Depot, the Settlement Agreement will be undermined. (Marsh Opp'n to Office Depot Mot.; Marsh Opp'n to Epix Mot.) [# 1527; 1528] As to Marsh's first argument, it seems clear that if the motions of Epix and Office Depot are granted, Marsh will continue to litigate these claims in state court. That results in some prejudice against Marsh. The Court, however, concludes that any prejudice Marsh will suffer is greatly mitigated by the potential windfall Marsh would enjoy if Epix and Office Depot are not allowed an extension of time to opt out. As noted earlier, it is undisputed that Epix and Office Depot's cases have been actively litigated in state court. In fact, both Epix and Office Depot have apparently survived motions to dismiss their complaints by Marsh. Thus, Epix and Office Depot are pursuing claims against Marsh that have been found meritorious by state courts. Viewed through this factual and procedural lens, the Court concludes that any prejudice Marsh may suffer if the motions Epix and Office Depot are granted is not a compelling consideration.

      This analysis also undercuts Marsh's second argument, that if the motions of Epix and Office Depot are granted, the Settlement Agreement will be undermined. This consideration is not compelling because there appear to be no other parties that are similarly situated to Epix and Office Depot – i.e., parties that have failed to opt out of the Settlement Agreement but have active state court cases that have survived Marsh's motions to dismiss. This conclusion is buttressed by the fact that Marsh's present motion, filed mere days after the Settlement Agreement was approved, attempts to enjoin only Epix and Office Depot. In sum, the Court

concludes that any prejudice Marsh will suffer if the motions of Epix and Office Depot are granted is minimal, and outweighed by the potential windfall to Marsh if its motion to enjoin is granted.

The Court next considers the length of Epix and Office Depot's delay in opting out and its potential effect on judicial proceedings.  In this case, Epix and Office Depot filed their present motions on March 3, 2008, just days after: (1) the Court approved the Settlement Agreement; and (2) Marsh filed its present motion to enjoin Epix and Office Depot's state court litigation.  Thus, though Epix and Office Depot's requests come months after the October 20, 2008 deadline to opt out, those requests were filed just days after Marsh's motion to enjoin their state court cases apparently gave Epix and Office Depot actual knowledge of the Settlement Agreement.  Further, as discussed above, and despite Marsh's arguments to the contrary, the Court concludes that granting Epix and Office Depot's motions will have little or no impact on future proceedings in MDL 1663.  Though Marsh argues that granting the motions of Epix and Office Depot will potentially result in a flood of similar motions and undermine the Settlement Agreement, those arguments are without merit, because it appears the factual and procedural background of Epix and Office Depot's cases are unique.  In sum, the Court concludes that the second factor in the excusable neglect analysis weighs heavily in favor of Epix and Office Depot.

The third factor the Court must consider is the reason for delay, and whether it was within the reasonable control of Epix and Office Depot.  Epix asserts that it never received a Notice Packet, and had no knowledge of the Settlement Agreement until after it was approved on February 17, 2009.  (Epix Mot. Br.) [# 1501]  Office Depot, on the other hand, acknowledges that its counsel received a Notice Packet, but because the Notice Packet was misfiled, Office

8

Depot did not acquire actual knowledge of the Settlement Agreement until after it was approved by the Court. (Office Depot Mot. Br.) [# 1502] Marsh argues that these assertions are insufficient, as actual knowledge of the Settlement Agreement is not required to bind Epix and Office Depot to the Settlement Agreement. (Marsh Opp'n to Office Depot Mot.; Marsh Opp'n to Epix Mot.) [# 1527; 1528] Marsh also points to the myriad other devices used by CCS, including published notice and a web-site, to make the proposed Settlement Agreement publicly known. (*Id.*) Marsh's argument has undeniable merit. The Third Circuit, however, has made clear that there is no, "per se rule that excusable neglect is unavailable to a party whose untimely filing was due to circumstances within his or her control." *In re Orthopedic Bone Screw Products Liability Litigation*, 326 F.3d 315, 322-323 (3d Cir. 2001) (citing *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 196 (3d Cir. 2000). In this case, despite the fact that Epix and Office Depot could have learned of the Settlement Agreement whether or not they received a Notice Packet, the Court concludes that excusable neglect is appropriate. Viewing the facts as a whole, it is apparent that both Epix and Office Depot filed their instant motions with all possible haste after receiving actual notice of the Settlement Agreement through Marsh's actions after the Settlement Agreement was approved. This factor weights in favor of excusable neglect.

     Finally, the Court must consider whether the movant acted in good faith. In this case, Marsh has not asserted or even alluded to any bad faith on the part of either Epix or Office Depot. In fact, the issue of bad faith was raised, if at all, by Epix and Office Depot in the context of Marsh's counsel's failure to notify the counsel of Epix and Office Depot of the Settlement Agreement during the pendency of state court litigation. The Court concludes this factor weighs heavily in favor of excusable neglect.

9

In sum, the Court concludes that, based upon the unique factual and procedural background of Epix and Office Depot's cases, excusable neglect is appropriate.  Similarly, when deciding excusable neglect was appropriate under the circumstances presented by *In re Orthopedic Bone Screw Products Liability Litigation*, a panel of the Third Circuit noted that it was, "convinced in these circumstances that [the movant] has adequately pursued his claim against [the defendant] in good faith and with reasonably timely efforts since learning of the settlement."  *In re Orthopedic Bone Screw Products Liability Litigation*, 326 F.3d at 323.  This Court is equally convinced of the same in the present cases of Epix and Office Depot.  As such, they will be allowed an extension of time to opt out of the Settlement Agreement.

### III.    CONCLUSION

For the reasons noted above, the motions of Epix and Office Depot will be GRANTED, and Marsh's motion will be DENIED.  An appropriate form of order accompanies this memorandum opinion.

Dated: July 24, 2009

                                            /s/ Garrett E. Brown, Jr.
                                    GARRETT E. BROWN, JR., U.S.D.J.