<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION | : | MDL No. 1663 |
| | : | Civ. No. 04-5184 (GEB) |
| **RELATES TO ALL ACTIONS** | : | **MEMORANDUM OPINION** |

<u>**BROWN, Chief District Judge**</u>

This matter comes before the Court upon the application of the Marsh Defendants ("Marsh") for an order to show cause why the July 24, 2009 order of the Court should not be stayed pending appeal of the same. [# 1571]  On August 10, 2009, the Court conducted a teleconference with Marsh and the adverse parties, Epix Holdings Corporation ("Epix") and Office Depot, Inc. ("Office Depot").  Subsequently, both Epix and Office Depot filed letter briefs opposing Marsh's application for an order to show cause. [# 1573, 1575]  The Court has considered the parties' submissions and decided the present matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, Marsh's application for an order to show cause will be denied.

**I.     BACKGROUND**

The parties are fully familiar with the facts surrounding the present matter.  On June 24, 2009, this Court issued a memorandum opinion and order excluding Epix and Office Depot from the class settlement agreement with Marsh. [# 1564, 1565]  As a result, after June 24, 2009, Epix and Office Depot were free to resume their pending state court litigation against Marsh.  On or about August 7, 2009, Marsh delivered to the Court its present application for an order to show

cause why the Court's June 24, 2009 order should not be stayed pending Marsh's appeal of the same. [# 1571] The Court held a teleconference with the parties on August 10, 2009, and subsequently both Epix and Office Depot filed letter briefs in opposition to Marsh's present application for an order to show cause. [# 1573, 1575] On August 24, 2009, Marsh filed a notice of appeal of the Court's June 24, 2009 order with the United States Court of Appeals for the Third Circuit. [# 1576]

**II.     DISCUSSION**

Marsh brings its present application pursuant to FED. R. CIV. P. 62(c) and argues that the four-factor analysis utilized by the Supreme Court in *Hilton v. Braunskill,* 481 U.S. 770 (1987), militates the relief sought by Marsh. Both Epix and Office Depot argue the converse and assert that the *Hilton* factors do not favor Marsh in this case. The Court agrees with Epix and Office Depot.

> FED. R. CIV. P. 62(c) establishes that:
>
>> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

In the Third Circuit, courts considering whether to grant an injunction pending appeal pursuant to FED. R. CIV. P. 62(c) apply the following four-factor *Hilton* analysis:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) (citing *Hilton v.*

*Braunskill,* 481 U.S. 770, 777 (1987).  With regard to the *Hilton* analysis, a leading commentator has noted that:

> A stay will be granted if the balance of equities favors this action and when the moving party can demonstrate a substantial likelihood of success on the merits upon appeal.  Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied.

Charles Alan Wright et al., *Federal Practice and Procedure*: Civil 2d § 2904 at 502-505 (2d ed. 1995).

Applying this standard to the present case, Marsh's application will be denied.  As noted, under the *Hilton* analysis Marsh bears the burden of making "a strong showing that [it] is likely to succeed on the merits" of its pending appeal before the Third Circuit.   Marsh has made no such showing.  In the June 24, 2009 decision, the Court applied the four-factor test for "excusable neglect" established by the Supreme Court in *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993).  [# 1564 at 6-10]  After doing so, the Court concluded in its discretion that equity demanded Epix and Office Depot be allowed to opt-out of the settlement agreement.  [*Id.*]  In support of its present application, Marsh does not argue that the Court was wrong to apply the *Pioneer* test in its July 24 decision.  [# 1571]  Rather, Marsh disagrees with the Court's conclusion after the *Pioneer* test was applied, and essentially restates the arguments it made in support of its previous motion to enjoin Epix and Office Depot's state court litigation. [*Id.*]  Mere disagreement with the Court's discretionary decision, however, does not constitute a "strong showing" that Marsh will succeed on appeal.  In its submissions, Marsh has cited no case law or factual evidence that compels the conclusion that the Court's July 24, 2009 ruling was an abuse of discretion.  As such, Marsh has not made a "strong showing" that its appeal is "likely to

3

succeed on the merits" before the Third Circuit. Because Marsh has failed to carry its heavy burden regarding the first *Hilton* factor, Marsh's application fails as matter of law and the Court need not discuss the remaining three *Hilton* factors.

### III. CONCLUSION

For the reasons noted above, Marsh's application for an order to show cause will be denied. [#1571]  An appropriate form of order accompanies this memorandum opinion.

Dated: September 1, 2009

                                                     /s/ Garrett E. Brown, Jr.
                                           GARRETT E. BROWN, JR., U.S.D.J.