<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| IN RE INSURANCE BROKERAGE | : | MDL Docket No. 1663 |
| ANTITRUST LITIGATION | : | Civ. No. 04-5184 (GEB) |
| | : | |
| JUDY THORNELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. No. 06-5121 (GEB) |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| MARSH USA, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion of tag-along Plaintiff Judy Thornell ("Thornell") for lift of stay and suggestion of remand. (Doc. No. 24.) Defendants Marsh USA, Inc., et al. ("Marsh") do not oppose this motion. (Pl.'s Br. at 2; Doc. No. 24.) The Court has considered Thornell's submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Thornell's motion and lift the stay for the limited purpose of suggesting that the Judicial Panel on Multidistrict Litigation ("MDL Panel") remand this case.

**I.   BACKGROUND**

On April 13, 2006, Cameron filed a complaint against Marsh in Illinois state court. (Pl.'s Br. at 1; Doc. No. 24.) That complaint levied the following three claims against Marsh: (1) breach of fiduciary duty; (2) professional negligence; and (3) breach of contract. (*Id.*) On May

11, 2006, Thornell's case was removed to the United States District Court for the Northern District of Illinois, Eastern Division.  (*Id.* at 2.)  Because Thornell's complaint contains allegations regarding Marsh's payment of contingent commissions, the Judicial Panel on Multidistrict Litigation ("MDL Panel") transferred this case to the District of New Jersey for inclusion in MDL No. 1663, *In Re Insurance Brokerage Antitrust Litigation.*[1]

On March 31, 2009, Thornell became a member of the class of plaintiffs that settled their contingent commission-based claims against Marsh.  (Pl.'s Ex. A; Doc. No. 24-1.)  Subsequently, Thornell and Marsh agreed to a Joint Stipulation of Withdrawal of Contingent Commission Allegations with Prejudice and Limitation of Discovery (the "Joint Stipulation").  (Pl.'s Ex. B; Doc. No. 24-2.)  In the Joint Stipulation Thornell agrees, among other things, not to pursue discovery related to Marsh's alleged payment of contingent commissions.  (*Id.*)

On October 10, 2009, Thornell filed its present motion for lift of stay and suggestion of remand.[2]  Thornell argues that this case should be remanded because: (1) Thornell's proposed amended complaint removes all contingent commission allegations against Marsh; (2) this case will not benefit from further coordinated proceedings as part of MDL 1663; (3) remand best serves judicial economy; and (4) everything that remains to be done is case specific.  (Pl.'s Br. at

---

[1]  Marsh's alleged payment of certain contingent commissions are, of course, among the cornerstones of MDL No. 1663.

[2]  The Court has previously suggested that the MDL Panel remand the following tag-along cases to their respective transferor courts:  *KLLM, Inc. v. Marsh, USA, Inc.*, (Civ. No. 05-4046 (GEB)); *Cameron Offshore Boats, Inc. v. Marsh, USA, Inc.*, (Civ. No. 05-5696 (GEB)); *U-Haul Federal Credit Union, et al. v. Marsh USA, Inc.*, (Civ. No. 06-0593 (GEB)); *Slay Industries v. Marsh USA, Inc.*, (Civ. No. 05-5698 (GEB)); and *Emerson Electric Co. v. Marsh USA, Inc.*, (Civ. No. 05-5697 (GEB)).  In each case, the MDL Panel adopted the Court's suggestion and ordered remand.

3-6; Doc. No. 24.)  With their present motion, Thornell has submitted a proposed amended complaint that appears to eliminate all allegations against Marsh based on contingent commissions.  Marsh does not oppose remand of Thornell's case.

## II.     DISCUSSION

### A.     Legal Standard

As the Court has previously noted when considering remand of other tag-along plaintiffs' cases in MDL 1663, multidistrict transfer and remand is governed by 28 U.S.C. § 1407(a), which provides:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.  Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, that the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

Pursuant to Rule 7.6(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation:

> The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on
>
> (i) motion of any party,
> (ii) suggestion of the transferee district court, or
> (iii) the Panel's own initiative, by entry of an order to show cause, a

3

conditional remand order or other appropriate order.

While the authority to remand a matter back to the transferor court lies solely with the Panel – pursuant to 28 U.S.C. § 1407(a), "[t]he Panel is reluctant to order remand absent a suggestion of remand from the transferee district court." Rule 7.6(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Once a case has been transferred into an MDL, "a party seeking remand to the transferor court has the burden of establishing that such remand is warranted." *In re INTEGRATED RESOURCES v. INTEGRATED RESOURCES EQUITY CORP.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994)(*citing In re Holiday Magic Sec. & Antitrust Litigation*, 433 F. Supp. 1125 (J.P.M.L. 1977)). "The Panel has made it clear that it will 'remand an action . . . prior to completed pretrial proceedings only upon a showing of good cause.'" *In re INTEGRATED RESOURCES,* 851 F. Supp. at 562 (*quoting In re South Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978)).

In determining whether to remand a matter to the transferor court, the Panel generally considers "whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.* 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). The Panel may exercise its discretion to remand "when everything that remains to be done is case-specific." *Id.* (*In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000).

When considering whether to remand a matter back to the transferor court, the transferee District Court is guided by the same standards employed by the Panel. *See id.* A suggestion of remand is appropriate when the transferee court has determined that its "role in the case has

ended." *In re INTEGRATED RESOURCES*, 851 F. Supp. at 562.

    **B.    Application**

The Court is persuaded that remand is warranted in this case. Thornell is a member of the class of plaintiffs that have settled their contingent commissions-based claims with Marsh. Additionally, Thornell has agreed to dismiss her contingent commissions-based claims against Marsh with prejudice and to not pursue discovery related to contigent commissions. Finally, Thornell has submitted a proposed amended complaint against Marsh that contains no contingency commissions-based claims. As such, the Court agrees with Thornell and concludes that remand of this case is appropriate because it appears that: (1) Thornell's proposed amended complaint removes all contingent commissions allegations against Marsh; (2) this case will not benefit from further coordinated proceedings as part of MDL 1663; (3) remand best serves judicial economy; and (4) everything that remains to be done is case specific. The Court will therefore grant Thornell's present motion and lift the stay for the limited purpose of suggesting that the MDL Panel remand this case.

**III.    CONCLUSION**

For the reasons expressed above, the Court will grant Thornell's motion and lift the stay for the limited purpose of suggesting the MDL Panel transfer this case to the United States District Court for the Northern District of Illinois, Eastern Division. An appropriate form of order accompanies this memorandum opinion.

Dated: December 8, 2009

                                                              /s/ Garrett E. Brown, Jr.
                                                              GARRETT E. BROWN, JR., U.S.D.J.