NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3521
_____

IN RE:  INSURANCE BROKERAGE ANTITRUST LITIGATION (MDL 1663)

Marsh & McClennan Companies; Marsh, Inc.; Marsh USA, Inc.;
Marsh USA, Inc. (Connecticut); Mercer, Inc.;
Mercer Human Resource Consulting LLC;
Mercer Human Resource Consulting of Texas, Inc.;
Seabury & Smith, Inc.,

Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-05184)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2010

Before:  FUENTES and FISHER, *Circuit Judges*, and DIAMOND,[*] *District Judge*.

(Filed: March 9, 2010)
_____

OPINION OF THE COURT
_____

---

[*]Honorable Paul S. Diamond, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Appellants Marsh & McLennan Companies, Inc., Marsh, Inc., Marsh USA Inc., Marsh USA Inc. (Connecticut), Mercer, Inc., Mercer Human Resource Consulting LLC, Mercer Human Resource Consulting of Texas, Inc., Seabury & Smith, Inc. (collectively "Marsh") appeal from the final order and memorandum opinion of United States District Court for the District of New Jersey denying Marsh's motion for a permanent injunction and granting Appellees', Office Depot, Inc. ("Office Depot"), and Epix Holdings Corp., Epix I, Inc., and Epix II, Inc. (collectively "Epix"), motions to extend a class action "opt-out" deadline and to alter a judgment to exclude Appellees from the settlement class.  For the reasons stated herein, we will affirm.

I.

We write exclusively for the parties who are familiar with the factual context and the legal history of the case.  Therefore, we will set forth only those facts necessary to our analysis.

In 2004, several class action suits were filed against Marsh, other insurance brokers, and insurers for their participation in an alleged conspiracy that involved brokers bid rigging for insurance carriers in exchange for "contingent commissions," or kickbacks.  The class action suits were eventually consolidated into two dockets; the docket at issue in this appeal is *In re Insurance Brokerage Antitrust Litigation*, No. 04-5184 (D.N.J. Oct. 3, 2006) ("MDL 1663").

In MDL 1663, the District Court approved a class-wide settlement pursuant to Federal Rule of Civil Procedure 23(b)(3). In conjunction with the settlement approval, Marsh was required to send "opt-out" notices to all potential class members. These notices provided that potential class members would be included in the class action settlement unless they opted out of the class by the "opt-out" deadline. Both Office Depot and Epix failed to opt-out of the class prior to the deadline.

On February 17, 2009, the District Court issued a final judgment and order approving the class-wide settlement. Pursuant to this order, all members of the class released any and all claims against Marsh that could have been raised in the class action suit. As such, Marsh filed motions to enjoin Office Depot and Epix from pursuing their state court actions against Marsh. In response to Marsh's motions to enjoin, Office Depot and Epix filed motions in the district court to extend the "opt-out" deadline and to modify the settlement class so that each could elect to be excluded from the class settlement.

The District Court concluded that Office Depot's and Epix's failure to meet the "opt-out" deadline was "excusable neglect." The Court granted Appellees' motions for an extension of the deadline and modification of the settlement class and denied Marsh's motion to enjoin Appellees' state court actions. This timely appeal followed.

II.

The District Court had jurisdiction over MDL 1663 pursuant to 28 U.S.C. §§ 1331, 1367. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 1292. This court reviews a

"District Court's modification of its own order establishing a deadline for abuse of discretion." *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 192 (3d Cir. 2000). "We will not disturb an exercise of discretion 'unless there is a definite and firm conviction that the court . . . committed a clear error of judgment in the conclusion it reached upon weighing of the relevant factors.'" *Id.* (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993)).

### III.

The Supreme Court has recognized that, in certain circumstances, a party's failure to comply with a filing deadline may be "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In assessing what neglect is excusable, we are directed to consider four relevant factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential effect on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.*; *see also In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 322-23 (3d Cir. 2001). As the Supreme Court noted in *Pioneer*, "[in] determining what sorts of neglect will be excusable, we conclude that the determination is at the bottom an equitable one[.]" 507 U.S. at 395.

Marsh contends that the District Court erred in finding that Appellees' failure to meet the "opt-out" deadline was "excusable neglect." Specifically, Marsh argues that the

4

District Court erred by not giving dispositive weight to the supposedly "critical" third factor – the reason for delay.  We disagree.

"In class actions, courts have equitable powers to manage the litigation in order to promote judicial economy and fairness to litigants."  *De Ascencio v. Tyson Foods, Inc.*, 342 F.3d 301, 313 (3d Cir. 2003).  Where those equitable powers are exercised in the form of case management decisions in a complex class action, "district court discretion is at its greatest."  *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1210 (D.C. Cir. 2003).  In light of this deference to the District Court's discretion, we believe that the District Court fairly and appropriately considered the relevant equitable factors.  The Court noted that the prejudice to the nonmovant party was "minimal," (Dist. Ct. Slip Op. at 7); that "granting Epix and Office Depot's motions will have little or no impact on future proceedings in MDL 1663[,]" (*id.* at 8); that Epix and Office Depot filed their motions "with all possible haste after receiving actual notice of the Settlement Agreement[,]" (*id.* at 9); and that the movants acted in good faith (*id.*).  Consideration of these factors is properly an act of balancing; accordingly, we reject Marsh's argument that any one factor is preeminent over the others.  *See In re O'Brien Envtl. Energy, Inc.*, 118 F.3d 116, 125 (3d Cir. 1999) ("[T]he [*Pioneer*] Court explicitly rejected the argument that excusable neglect applies only to those situations where the failure to comply is a result of circumstances beyond the [late filer]'s control.").

We therefore hold that the District Court exercised reasonable discretion in extending the "opt-out" deadline so that Office Depot and Epix could be excluded from the class settlement and thus pursue their state court litigation.  In light of the deadline extension, and the subsequent removal of Office Depot and Epix from the settlement class, the District Court correctly denied Marsh's motion for a permanent injunction barring Office Depot's and Epix's state court litigation.

IV.

For the foregoing reasons, we will affirm the order of the District Court.