**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE:  INSURANCE BROKERAGE ANTITRUST LITIGATION** | **MDL No. 1663** |
| | **Civil No.: 04-5184 (CCC)** |
| | **Hon. Claire C. Cecchi** |
| **APPLIES TO ALL ACTIONS** | |

**CONDITIONAL OBJECTION OF FORTUNE BRANDS, INC.**
**TO THE PROPOSED CLASS SETTLEMENT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

COMES NOW Fortune Brands, Inc., Jim Beam Global Wine & Spirits, Inc. and all of their subsidiaries and affiliates (hereinafter "Fortune Brands"), who are members of the Proposed Settlement Class and who object to the certification of this class and the final approval of this Settlement.

**MEMBERSHIP IN THE CLASS**

Fortune Brands is a member of the Proposed Settlement Class.  It purchased commercial insurance policies from many of the Settling Defendant Insurance Companies brokered through Marsh.  Thus, Fortune Brands is a member of the Settlement Class.  Since it has not elected to opt-out of this proposed settlement, Fortune Brands has standing to bring this objection.

**CONDITIONAL OBJECTION TO THE SETTLEMENT**

1.      Fortune Brands timely opted out of the prior Settlement with the Marsh Defendants referenced on page three of the Detail Notice for the Proposed Class Settlement (attached as Exhibit A) and has a lawsuit against the Marsh Defendants consolidated in this MDL.

2.      The Detailed Notice for the proposed Settlement (Exhibit A) creates an ambiguity as to claims against Marsh even though Marsh is neither a party to the Proposed Settlement nor a "Non-Settling" Defendant in any pending Class Action.

3.      Specifically, Fortune Brands objects to the last paragraph of the "Settling Broker" section on page five of Exhibit A, which states:

> Although brokers Marsh and Gallagher, and insurer Zurich are no longer Defendants in the Class Action because they previously settled their claims, insurance policies placed through Marsh or Gallagher and/or issued by Zurich during the Class Period are covered by the Settlement.

4.      The prior Class Settlements with Marsh, Gallagher and/or Zurich contained their own notices and procedures for requesting exclusion from those settlements. Fortune Brands requested exclusion from the Marsh Class Settlement, and to the extent the Proposed Class Settlement purports to expand the Marsh, Gallagher and/or Zurich Settlement or to introduce new restrictions to bar claims against Marsh by Fortune Brands, is improper, onerous, violative of Due Process, and inconsistent with Federal Rule of Civil Procedure 23.

5.      Although the Detailed Notice acknowledges Marsh is neither a Defendant nor a "Non-Settling" Defendant, it purports to include unspecified Marsh brokered policies in the settlement without limitation.

6.      In the carry-over paragraph at the bottom of page five and at the top of page six regarding rights against "Non-Settling" Defendants, the Detailed Notice purports to preserve rights as follows:

> Your participation in the Settlement will not affect your ability to obtain relief from any of the Non-Settling Defendants in the Class Action. Thus, if a judgment is entered against one or more of the Non-Settling Defendants, resulting in any damages award, you will be able to participate in that award even if you participate in the Settlement (as long as you fall within any class that the Court might certify in connection with that judgment). Similarly, if

Plaintiffs reach a settlement with one or more of the Non-Settling Defendants, you will be able to participate in that settlement even if you participate in this Settlement (as long as you are within any settlement class certified in connection with that other settlement.)

7.    As drafted, the provision at the bottom of pages five and six cited above is too narrow in that it only asserts that claims against "Non-Settling Defendants" in the Class Action are unaffected. It should also state that claims against Marsh, Gallagher, and Zurich are unaffected despite the fact that they are no longer defendants in any Class Action and it should state that claims against any defendants in the individual Tag-Along actions by plaintiffs who requested exclusion from the prior Settlements are also unaffected.

8.    Fortune Brands objects to anything in the Proposed Settlement that purports to preclude claims by Fortune Brands against Marsh pursuant to the prior request by Fortune Brands to be excluded from the Marsh Settlement Class.

9.    If Marsh, the Class Plaintiffs, and all Settling Defendants who are parties to the Proposed Class Settlement would stipulate that the Proposed Class Settlement will not be asserted as a bar to Fortune Brands' claims against Marsh, Fortune Brands would withdraw its Conditional Objection to the Proposed Class Settlement.

## RELIEF REQUESTED

In the absence of a stipulation that the Proposed Class Settlement will not be asserted as a bar to Fortune Brands' claims against Marsh, Fortune Brands respectfully requests that this Settlement Class not be certified, that the Proposed Class Settlement not be approved, and for such additional relief as to which it may be entitled.

Dated: August 30, 2011              By: ___ /s/ Ernest Summers, III _____
                                         Attorney for the Fortune Brands,

Ernest Summers, III
Baker & Daniels, LLP
311 South Wacker Drive, Suite 4400
Chicago, IL 60606
Telephone:  312-212-6500
Facsimile:  312-212-6501

# EXHIBIT "A"

## DETAILED NOTICE OF PROPOSED CLASS ACTION SETTLEMENT,
## SETTLEMENT HEARING AND RIGHT TO APPEAR

IF YOU PURCHASED COMMERCIAL INSURANCE POLICIES FROM JANUARY 1, 1998 THROUGH DECEMBER 31, 2004, A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS

**A federal court authorized this notice. It is not an opinion by the Court as to the merits of any of the claims or defenses in this class action.**

*IF YOU HAVE ANY QUESTIONS, PLEASE CALL 1-866-903-1176*

## I.  BASIC INFORMATION

### WHAT IS THIS NOTICE?
There is a proposed Settlement of a class action lawsuit with certain insurance companies and brokerage firms who are Defendants in the suit. A court has authorized the issuance of this notice in order to inform individuals and entities that may be affected by the Settlement about their options, including their right to exclude themselves from the Settlement, object, or appear at the hearing, before the Court decides whether to approve the Settlement.

### WHAT IS A CLASS ACTION?
A class action is a lawsuit in which a person or an entity sues (or persons or entities sue) on behalf of other persons and/or entities that have similar claims. In this case, the parties have decided to settle the alleged claims. The persons and entities on whose behalf the Settlement has been made are those that fall within the definition of the Settlement Class, below (the **"Settlement Class Members"**). Because the Settlement of the Class Action will determine the rights of the Settlement Class Members, the Court must approve the Settlement.

### WHOM DOES THE SETTLEMENT AFFECT?
The Settlement affects members of the Settlement Class. The Settlement Class is defined as: All persons and entities that, during the period from January 1, 1998 through December 31, 2004, inclusive, purchased commercial insurance policies from any of the Insurer Defendants through any of the Broker Defendants, or from another insurer after soliciting insurance policy quotes or indications from any of the Insurer Defendants through any of the Broker Defendants, except to the extent that a Broker Defendant was acting as a managing general agent or managing general underwriter for an Insurer Defendant or through a captive program (the **"Settlement Class"**). **"Insurer Defendants"** and the **"Broker Defendants"** for the purposes of the Settlement Class definition include the **Settling Defendants**, listed below and their affiliated entities, the **Non-Settling Defendants** listed below with their affiliated entities, and the three Defendants that previously settled with Plaintiffs (**Marsh, Gallagher** and **Zurich**) along with their affiliated entities.

### WHAT DOES THE SETTLEMENT PROVIDE?
The **Settling Defendants** (listed below on pp. 4) have collectively agreed to pay the total amount of $41 million to settle the claims against them. The obligation of each of the Defendants to fund the payment is expressly limited to its respective individual share that has been agreed to among said Defendants. After deduction of certain fees and expenses from this amount, as permitted by the Court, 85% of the remaining money will be paid to certain purchasers of excess casualty insurance policies from certain of the **Settling Insurer Defendants** through Marsh (and/or its affiliates), and 15% of the money will be used to fund a *Cy Pres* award, to **Consumer Action (CA) and the Public Entity Risk Institute (PERI)** and/or other recipients designated by the Court.

### WHO WILL RECEIVE A PAYMENT?
Payments will be made only to class members that purchased excess casualty insurance policies from certain of the **Settling Insurer Defendants** (AIG, AXIS, CNA, Crum & Forster, Hartford, Fireman's Fund, Liberty Mutual, Travelers, XL, and/or their affiliated entities) through Marsh (and/or its affiliates) (an **"Excess Casualty Claimant"**). **If you are an Excess Casualty Claimant entitled to a payment, you do not need to do anything.** Payments to Excess Casualty Claimants will

be calculated and made based on the information that your insurer has about the policy you purchased, the premium paid and information about your participation in other settlements concerning this same conduct.

## WHAT ARE MY LEGAL RIGHTS?

If you do not want to be legally bound by the Settlement, you must exclude yourself in writing from the Class. The deadline for exclusion is August 30, 2011, and the steps you must follow to exclude yourself are described on pp. 10 below. If you do not exclude yourself, but instead stay in the class, you may object or comment on the Settlement by August 30, 2011.

The Court will hold a **Hearing** to determine whether to approve the Settlement on September 14, 2011, at 12:00 p.m., in Courtroom 2B, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101. If the Court approves the Settlement, then the Settling Defendants will be dismissed from the action and any class member that has not properly excluded itself from the Settlement Class will be deemed to have **Released** the Settling Defendants from all claims related to the Class Action and will not be able to sue the Settling Defendants for any of the conduct that was the subject of the Class Action. A copy of the Release is available at the "Court Documents" link on the website.

At the **Hearing**, the Court will also decide whether to award attorneys' fees and expenses to Class Counsel. Class Counsel has requested to be awarded attorneys' fees of no more than 25% of the Settlement Fund ($10,250,000) and litigation expenses of $394,192.76. You or your own lawyer may ask to appear and speak at the Hearing at your own expense. On pp.10 below, there are instructions on what you must do to get permission to speak at the **Hearing.**

Class Counsel will also request that the Court award a **Service Payment** to each **Named Plaintiff** in the amount of $5,000, in recognition of their efforts in the litigation.

## II. HISTORY OF THE LAWSUIT AND THE SETTLEMENT

### WHAT IS THIS CLASS ACTION ABOUT?

Several proposed class actions were filed against the Defendants. These actions were consolidated into this Class Action under the caption *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663, Civil No. 04-5184 (GEB). As noted above, the Class Action is pending in the United States District Court for the District of New Jersey.

Plaintiffs in the Class Action allege that the Defendants violated the Sherman Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), state antitrust law and common law by, among other things, allocating insurance policies or customers among the Insurer Defendants in return for the Insurer Defendants' payment of certain commissions to the Broker Defendants, and engaging in other improper conduct with respect to the solicitation of bids for the policies. The Settling Defendants deny the allegations made against them.

### WHAT IS THE STATUS OF THIS CLASS ACTION?

Over the course of the more than six years during which the Class Action has been pending, Plaintiffs have filed multiple sets of pleadings, including their May 22, 2007 Second Consolidated Amended Commercial Class Action Complaint, and the Settling Defendants (as well as the Non-Settling Defendants) have filed multiple motions to dismiss those pleadings. The Court issued five separate decisions in connection with the Defendants' motions to dismiss Plaintiffs' pleadings, including decisions dated August 31, 2007 and September 28, 2007, respectively, which dismissed with prejudice Plaintiffs' claims against the Defendants.

On August 16, 2010, the United States Court of Appeals for the Third Circuit issued an Opinion in Plaintiffs' appeal of the 2007 Dismissal decisions, which (a) affirmed the dismissal with prejudice of Plaintiffs' Sherman Act and RICO claims relating to an alleged global conspiracy and all alleged broker-centered conspiracies, except for one portion of the alleged Marsh centered conspiracy pertaining to excess casualty insurance; (b) affirmed the dismissal with prejudice of all Sherman Act and RICO claims alleged against the CNA, Crum & Forster and Hartford defendant groups; and (c) remanded the remaining claims (the **"Remanded Claims"**) to the Court to determine the sufficiency of the Remanded Claims under, among other pleading standards, Fed. R. Civ. P. 9(b). On October 1, 2010, the Defendants and the Non-Settling Defendants filed various motions to dismiss the Remanded Claims under Fed. R. Civ. P. 9(b), which motions were fully briefed as of November 18, 2010 and argued by certain of the Non-Settling Defendants on March 23, 2011.

Plaintiffs' motion for certification of a plaintiff class for litigation purposes had not been decided as of the time Plaintiffs and the Settling Defendants entered into this Settlement. In connection with this Settlement, Plaintiffs have requested that the Court certify a plaintiff class for settlement purposes only.

## PRIOR SETTLEMENTS:

Meanwhile, during the period when the class action was being litigated, the Plaintiffs reached Settlements with certain of the Defendants in the action. Specifically, a Settlement in the amount of $69 million was reached with Defendant Marsh & McLennan Companies, including its parents, subsidiaries and affiliates (collectively, **"Marsh"**); a Settlement in the amount of $28 million was reached with broker Arthur J. Gallagher & Co., including its parents, subsidiaries and affiliates (collectively, **"Gallagher"**); and a settlement in the amount of $121.8 million was reached with insurer Zurich Financial Services, including its parents, subsidiaries and affiliates (collectively, **"Zurich"**). Those Settlements have already been approved by the Court and are not the subject of this Notice.

## MEDIATION:

Beginning in the fall of 2010, Plaintiffs, through their counsel (collectively, **"Class Counsel"**), at the suggestion of the Court engaged in a settlement mediation process with the Defendants which had not previously settled (the **"Mediation"**). The Mediation was conducted under the auspices of a third-party mediator, former Federal Judge Layn Phillips. At various times during the period from October 2010 through mid-March 2011, the parties engaged in vigorous arm's-length settlement negotiations.

As a consequence of those Mediation discussions, Plaintiffs and some of the remaining defendants entered into a Memorandum of Settlement Understanding (MOU) on March 18, 2011. The MOU was followed by the negotiation and execution of a formal Settlement Agreement among Class Counsel and the Settling Defendants. The Settlement Agreement was submitted to the Court, which Preliminarily approved the Settlement Agreement, preliminarily certified the Settlement Class, and authorized the issuance of this Notice and other Notices regarding the Settlement that were mailed to class members. The Court also set a date for a formal Hearing to decide whether to finally approve the Settlement and to consider Class Counsel's request for attorneys' fees and expenses. The Order Preliminarily approving the Settlement was entered by the Court on June 27, 2011, and is available at the "Court Documents" link on the website.

The fact that the parties entered into a Settlement Agreement does not imply that there has been or would be any finding of any violation of the law, or that any relief or recovery would be awarded against the Settling Defendants if the claims against them were not settled. Nor does it imply that the Settling Defendants would have successfully defended the claims. Rather, Plaintiffs and the Settling Defendants have agreed to the Settlement to avoid the time, burden, expense and uncertainty of further litigation.

If approved by the Court (and if such approval becomes final), the Settlement will resolve and dismiss with prejudice all claims that have been made or that could have been made in the Class Action as to the Settling Defendants, and will provide benefits to Settlement Class Members.

## DEFINITION OF THE SETTLEMENT CLASS:

The Settlement Class that the Court Preliminarily certified in its Order dated June 28, 2011 is defined as: All persons and entities that, during the period from January 1, 1998 through December 31, 2004, inclusive, purchased commercial insurance policies from any of the **Insurer Defendants** through any of the **Broker Defendants**, or from another insurer after soliciting insurance policy quotes or indications from any of the **Insurer Defendants** through any of the **Broker Defendants** , except to the extent that a Broker Defendant was acting as a managing general agent or managing general underwriter for an Insurer Defendant or through a captive program (the **"Settlement Class"**). **"Insurer Defendants"** and the **"Broker Defendants"** for the purposes of the Settlement Class definition include the **Settling Defendants**, listed below and their affiliated entities, the **Non-Settling Defendants** listed below with their affiliated entities, and the three Defendants that previously settled with Plaintiffs (**Marsh, Gallagher** and **Zurich**) along with their affiliated entities.

## WHO ARE THE SETTLING DEFENDANTS?

Not all of the Defendants have settled, and the case will continue against those that have not settled. The **"Settling Defendants"** consist of the following insurers (the **"Settling Insurers"**) and brokers (the **"Settling Brokers"**) that are named Defendants in the Class Action:

### *SETTLING INSURERS:*

- American International Group, Inc.
- Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company
- Lexington Insurance Company
- Chartis Property Casualty Company f/k/a Birmingham Fire Insurance Company of Pennsylvania
- American Home Assurance Company
- National Union Fire Insurance Company of Pittsburgh, Pa.
- National Union Fire Insurance Company of Louisiana

**AXIS Defendants**
- AXIS Capital Holdings Limited
- AXIS Reinsurance Company
- AXIS Specialty Insurance Co.
- AXIS Surplus Insurance Co.

**CNA Defendants**
- CNA Financial Corp.
- The Continental Insurance Co.
- Continental Casualty Co.
- American Casualty Co. of Reading, PA

**Crum & Forster Defendants**
- Crum & Forster Holdings Corp.
- United States Fire Insurance Company
- The North River Insurance Company
- Crum and Forster Insurance Company
- Crum & Forster Indemnity Company
- Crum & Forster Specialty Insurance Company

**Fireman's Fund Defendants**
- Fireman's Fund Insurance Company
- Chicago Insurance Co.
- National Surety Corp.

**Hartford Defendants**
- Hartford Financial Services Group, Inc.
- Hartford Fire Insurance Co.

**AIG Defendants**
- 21st Century North America Insurance Company f/k/a American International Insurance Company
- The Insurance Company of the State of Pennsylvania
- AIU Insurance Company
- Commerce and Industry Insurance Company
- New Hampshire Insurance Company
- The Hartford Steam Boiler Inspection and Insurance Company
- Illinois National Insurance Co.
- Chartis Excess Limited f/k/a Starr Excess Liability Insurance Company, Ltd.
- AIG Life Holdings (US), Inc. f/k/a American General Corporation

**Liberty Mutual Defendants**
- Liberty Mutual Holding Company Inc.
- Liberty Mutual Insurance Co.
- Liberty Mutual Fire Insurance Co.
- Employers Insurance Company of Wausau
- Wausau Underwriters Insurance Company
- Wausau General Insurance Company
- Wausau Insurance Companies
- Employers Insurance of Wausau
- Wausau Business Insurance Company

**Travelers Defendants**
- The Travelers Companies, Inc.
- St. Paul Fire and Marine Insurance Company
- Gulf Insurance Company
- St. Paul Mercury Insurance Company
- Travelers Casualty and Surety Company of America
- The Travelers Indemnity Company
- Athena Assurance Company

**XL Defendants**
- Greenwich Insurance Company
- Indian Harbor Insurance Company
- XL Capital Ltd

For more information, please call 1-866-903-1176.

- Twin City Fire Insurance Co.
- Pacific Insurance Co., Ltd.
- Nutmeg Insurance Co.
- The Hartford Fidelity & Bonding Co.

## SETTLING BROKERS:

**Aon Defendants**
- Aon Corporation
- Aon Broker Services, Inc.
- Aon Risk Services Companies, Inc.
- Aon Risk Services Inc. U.S.
- Aon Risk Services, Inc. of Maryland
- Aon Risk Services, Inc. of Louisiana
- Aon Risk Services of Texas, Inc.
- Aon Risk Services, Inc. of Michigan
- Aon Group, Inc.
- Aon Services Group, Inc.
- Affinity Insurance Services, Inc.

**Willis/HRH Defendants**
- Willis Group Holdings Limited
- Willis Group Limited
- Willis North America, Inc.
- Willis of New York, Inc.
- Willis of Michigan, Inc.
- Hilb, Rogal & Hobbs

Although brokers Marsh and Gallagher, and insurer Zurich are no longer Defendants in the Class Action because they previously settled their claims, insurance policies placed through Marsh or Gallagher and/or issued by Zurich during the Class Period are covered by the Settlement.

### WHO ARE THE NON-SETTLING DEFENDANTS?

The **"Non-Settling Defendants"** are insurers and brokers who are Defendants in the Class Action, but who have not settled their claims in the action, either through this Settlement or though one of the Prior Settlements. The Non-Settling Defendants are:

## NON-SETTLING INSURERS:

**ACE Defendants**
- ACE Limited
- ACE INA Holdings, Inc.
- ACE USA, Inc.
- ACE American Insurance Co.
- Westchester Surplus Lines Insurance Co.
- Illinois Union Insurance Co.
- Indemnity Insurance Co. of North America

**Chubb Defendants**
- The Chubb Corporation
- Federal Insurance Company
- Executive Risk Indemnity Inc.
- Vigilant Insurance Company
- Chubb and Son, Inc.

**American Re/Munich Defendants**
- American Re Corporation
- American Re-Insurance Company
- Munich-American Risk Partners
- American Alternative Insurance Corporation
- Münchener Rückversicherungs-Gesellschaft

## NON-SETTLING BROKER:

**Wells Fargo Defendants**
- Wells Fargo & Co.
- Acordia, Inc.

### WILL YOUR PARTICIPATION IN THE SETTLEMENT AFFECT YOUR ABILITY TO OBTAIN RELIEF FROM THE NON-SETTLING DEFENDANTS IN THE CLASS ACTION?

Your participation in the Settlement will **not** affect your ability to obtain relief from any of the Non-Settling Defendants in the Class Action. Thus, if a judgment is entered against one or more of the Non-Settling Defendants, resulting in a

damages award, you will be able to participate in that award even if you participate in the Settlement (as long as you fall within any class that the Court might certify in connection with that judgment). Similarly, if Plaintiffs reach a settlement with one or more of the Non-Settling Defendants, you will be able to participate in that settlement even if you participate in this Settlement (as long as you are within any settlement class certified in connection with that other settlement).

## WILL SETTLEMENT CLASS MEMBERS HAVE TO GIVE UP ANYTHING TO PARTICIPATE IN THE SETTLEMENT?

Yes. If the Settlement is finally approved, Settlement Class Members will release all claims that have been raised or that could have been raised in the Class Action against all of the persons and entities as set forth in the release contained in the Settlement Agreement (the **"Release"**). The Class Action will be dismissed with prejudice as to the Settling Defendants. The effect of the Release is further discussed in Section III, below. A complete copy of the Release is available at the "Court Documents" link on the website.

## III.  SETTLEMENT BENEFITS

## WHAT RELIEF WILL BE PROVIDED UNDER THE SETTLEMENT AGREEMENT?

The aggregate amount of $41,000,000 (the **"Settlement Fund"**) will be distributed in connection with the Settlement. The Settlement Fund payments shall be deposited by the Settling Defendants into an interest-bearing escrow account (the **"Settlement Escrow Account"**).

## WHAT COSTS OR EXPENSES WILL BE DEDUCTED FROM THE SETTLEMENT ESCROW ACCOUNT?

All Court-approved expenses associated with the implementation and administration of the Settlement by the Court-approved administrator (the **"Claims Administrator"**)—including the costs of printing and mailing the Notices of the Settlement, publishing a Notice in agreed-upon newspapers and insurance industry publications, and setting up and maintaining a Settlement website and a toll-free number for Settlement Class Members' questions—shall be paid solely from the Settlement Escrow Account (the **"Administrative Expenses"**). In addition, any attorneys' fees and expenses awarded to Class Counsel, as described in Section V, below (the **"Attorneys' Fees & Expenses Award"**), and any service awards to the Named Plaintiffs, will be paid solely from the Settlement Escrow Account.

## WHAT AMOUNT WILL YOU RECEIVE UNDER THE SETTLEMENT?

The funds in the **Settlement Escrow Account** shall be distributed in accordance with the Settlement Agreement and **Plan of Allocation** approved by the Court. Under the proposed **Plan of Allocation**, 85% of the **"Net Settlement Fund,"** shall be allocated to an **"Excess Casualty Claimants."** The **Excess Casualty Claimants** are defined as persons and entities that, during the period from January 1, 1998 through December 31, 2004, inclusive, purchased excess casualty insurance policies from certain of the **Settling Insurers** (AIG, AXIS, CNA, Crum & Forster, Fireman's Fund, Hartford, Liberty Mutual, Travelers, and XL, and/or their affiliated entities listed above) through Marsh (and/or its affiliates listed above). The remaining 15% of the Net Settlement Fund will be used to fund a cy pres award for the entire Settlement Class (the **"Cy Pres Award"**). The proposed **Plan of Allocation**, which is available at the "Court Documents" link on the website, is subject to final Court approval and may be modified by the Court.

## WHAT IS A CY PRES AWARD?

A cy pres award may be used where making a payment to all of the Settlement Class Members is impractical or too expensive given the small amount of money that would be paid to each class member if all were receiving a monetary payment. In that situation, all or a portion of the Settlement monies can be directed to a charitable organization that serves the interest of class members. Here, Class Counsel has determined that given the large number of Settlement Class Members, distributing the Settlement monies to all Settlement Class Members would result in the receipt of very small amounts by many Settlement Class Members. Accordingly, Class Counsel has proposed that a portion of the Settlement monies be used to fund the Cy Pres Award. The parties have proposed **Consumer Action (CA) and the Public Entity Risk Institute (PERI)** to be the recipients of the Cy Pres award.

## HOW AND WHEN WILL THE SETTLEMENT RELIEF DESCRIBED ABOVE BE DISTRIBUTED?

If the Court approves the Settlement and that approval becomes final, the settlement relief described above will be allocated among Settlement Class Members pursuant to the Court approved Plan of Allocation. **If you qualify as one of the Excess Casualty Claimants, you do not need to do anything to receive a payment.** Payments to Excess Casualty Claimants will be calculated and made based on the information that your insurer has about the policy you purchased, the premium paid and information about your participation in the Regulatory Settlements with your Insurer. If you believe you are an Excess Casualty Claimant and you did not receive a notice of this Settlement in the mail, you should contact the Claims Administrator at 1-866-903-1176.

A distribution under the Plan of Allocation will not occur until the Court approves both the Settlement and the Plan of Allocation, and such approval becomes final and is no longer subject to appeal. Neither Plaintiffs nor the Settling Defendants can predict when (or whether) the Court will approve the Settlement Agreement and the Plan of Allocation or when (or whether) such approval will become final.

## WILL THE SETTLEMENT HAVE TAX CONSEQUENCES FOR YOU?

If you receive a payment under the Settlement, there might be resulting tax consequences for you. Those tax consequences might vary, depending upon individual circumstances. Neither Plaintiffs nor the Settling Defendants can advise you about any tax consequences that might arise from your receipt of monetary settlement relief. You may wish to consult a tax advisor to determine whether any potential federal, state, local, foreign or other tax consequences to you will arise from receipt of settlement relief in this Class Action.

## IV. LEGAL EFFECT OF THE SETTLEMENT

## WHAT WILL BE THE LEGAL EFFECT OF THE SETTLEMENT IF IT IS APPROVED BY THE COURT?

If the Court approves the Settlement, the parties will seek the entry of an Order Approving Settlement (the **"Final Approval Order"**) and an accompanying Judgment (the **"Judgment"**).

The **Final Approval Order** and **Judgment**, which are available at the "Court Documents" link on the website, will, among other things:

a. Find that the Settlement is fair, reasonable and adequate;

b. Finally certify a class for settlement purposes only;

c. Dismiss the Class Action with prejudice as to the Settling Defendants, meaning that none of the Settlement Class Members — including you (unless you timely exclude yourself from the Settlement Class) — will be able to file another lawsuit or proceeding against any of the persons and entities released in accordance with the Release (the **"Releasees"**) based upon the claims that have been raised or that could have been raised in the Class Action;

d. Incorporate the Release as part of the Final Approval Order and the Judgment;

e. Permanently bar Settlement Class Members from filing or participating in any lawsuit or other legal action against any of the Releasees arising out of or relating in any way to the claims that have been raised or that could have been raised in this Class Action;

f. Enter a Bar Order that will:

   i. Prevent any person or entity from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification or contribution) against any of the Releasees where the alleged injury to the barred person or entity is based upon that person's or entity's alleged liability to the Settlement Class or a Settlement Class Member, and

   ii. Prevent any of the Releasees from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification or contribution) against any person or entity where the Releasee's alleged injury is based upon the Releasee's alleged liability to the Settlement Class or a Settlement Class Member;

g. Award attorneys' fees and expenses to Class Counsel and approve service awards to the Named Plaintiffs; and

h. Retain jurisdiction over all matters relating to the administration, enforcement and interpretation of the Settlement.

As noted, if the Court approves the Settlement, the Release will be incorporated into the Court's Final Approval Order and the Judgment. The full text of the Release can be found on the "Court Documents" link on the website.

**YOU ARE ENCOURAGED TO REVIEW CAREFULLY THE TERMS OF THE RELEASE.**

**CAN THE PARTIES TERMINATE THE SETTLEMENT OR CHANGE ITS TERMS?**

If purchasers representing a certain percentage of the total aggregate excess casualty premium written by certain Settling Insurer Defendants (AIG, AXIS, CNA, Crum & Forster, Fireman's Fund, Hartford, Liberty Mutual, Travelers and XL) through Marsh during the period from January 1, 1998 through December 31, 2004, inclusive, opt out of the Settlement, as set forth in the Settlement Agreement, each of the Settling Insurer Defendants shall have the option to terminate the Settlement Agreement as to itself and withdraw from the Settlement. If a certain percentage of the members of the entire Settlement Class opts out of the Settlement, as set forth in the Settlement Agreement, each of the Settling Defendants shall have the option to terminate the Settlement Agreement as to itself and withdraw from the Settlement. A Settling Defendant that seeks to invoke the foregoing termination provisions must advise the other Settling Defendants and Plaintiffs of its decision to terminate the Settlement Agreement and withdraw from the Settlement no later than five (5) days prior to the Fairness Hearing discussed in Section V, below.

Each of the Settling Defendants and Class Counsel shall also have the right, in their respective sole discretion, to terminate the Settlement Agreement and withdraw from the Settlement if the Court or any appellate court rejects, modifies or denies approval of any portion of the Settlement that the Party reasonably and in good faith determines is material. A Party must exercise the immediately foregoing option to terminate the Settlement Agreement and withdraw from the Settlement no later than five (5) days after receiving notice of the Court or appellate court ruling prompting the termination.

If the Settlement Agreement is terminated, each of the Plaintiffs, Settlement Class Members and the Settling Defendants will be in the same position as he, she or it was in before the Settlement Agreement was executed, the Settlement Agreement will have no legal effect, and Plaintiffs and the Settling Defendants will continue to litigate the Class Action in the Court.

If the Settlement Agreement is terminated, you will not receive any benefits under the Settlement.

If the Settlement is approved, Plaintiffs and the Settling Defendants will not be able to change the terms of the Settlement Agreement without further Court approval unless (a) Plaintiffs and the Settling Defendants agree in writing to do so, (b) the change is not materially inconsistent with the Final Approval Order and accompanying Judgment entered by the Court, and (c) the change does not materially affect the rights of Settlement Class Members under the Settlement Agreement.

## V. LEGAL RIGHTS AND OPTIONS

**WHAT ARE YOUR OPTIONS AS TO THE SETTLEMENT?**

If you are a member of the Settlement Class, you may either (a) participate in the Settlement (in which case you may receive benefits under the Settlement in accordance with the Plan of Allocation, if approved); or (b) request exclusion from the Settlement Class (in which case you will receive no benefits under the Settlement and you will not be bound by the judgment in the action).

**IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT AND HAVE NO OBJECTION TO ANY OF ITS TERMS, YOU NEED NOT DO ANYTHING AT THIS TIME.** If you wish to participate in the Settlement, but you object to any term of the Settlement, you may submit an objection to the Court.

The procedures for requesting exclusion from the Settlement and for objecting to it are described in detail below.

**WHAT MUST YOU DO IF YOU WISH TO OBJECT TO THE SETTLEMENT?**

If you are a Settlement Class Member and do *not* exclude yourself from the Settlement Class, you may object to the Settlement, any term of the Settlement Agreement, the Plan of Allocation or Class Counsel's application for attorneys' fees and expenses. Your objection must be in writing and must provide evidence of your membership in the Settlement

Class. Your written objection should also state the specific reason(s), if any, for the objection, including any legal support you wish to bring to the Court's attention and any evidence you wish to introduce in support of your objection.

**YOUR WRITTEN OBJECTION (AND ANY SUPPORT FOR IT) MUST BE RECEIVED BY THE COURT AND BY THE FOLLOWING COUNSEL NO LATER THAN AUGUST 30, 2011 (OR AS THE COURT MAY OTHERWISE DIRECT):**

*For Plaintiffs and the Settlement Class:*

Bryan L. Clobes - bclobes@caffertyfaucher.com
Ellen Meriwether - emeriwether@caffertyfaucher.com
Cafferty Faucher, LLP
1717 Arch Street, Suite 3610
Philadelphia, Pennsylvania 19103

and

Edith M. Kallas - ekallas@wdklaw.com
Joe R. Whatley, Jr. - jwhatley@wdklaw.com
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036

*For the AIG Defendants:*

Daniel J. Leffell - dlefell@paulweiss.com
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

and

Kenneth A. Gallo - kgallo@paulweiss.com
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300

*For the Aon Defendants:*

Daniel E. Laytin - dlaytin@kirkland.com
Kirkland & Ellis, LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000

*For the AXIS Defendants:*

Michael L. Weiner - michael.weiner@dechert.com
Dechert, LLP
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500

*For the CNA Defendants:*

Michael L. McCluggage - mccluggage@wildman.com
Beth L. Fancsali - fancsali@wildman.com
Wildman, Harrold, Allen & Dixon, LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606
(312) 201-2000

*For the Crum & Forster Defendants:*

Louis G. Corsi - lcorsi@lcbf.com
Stephen Jacobs - sjacobs@lcbf.com
Landman, Corsi, Ballaine & Ford P.C.
120 Broadway - 27th Floor
New York, New York 10271
(212) 238-4800

*For the Fireman's Fund Defendants:*

Lazar P. Raynal - lraynal@mwe.com
Amy G. Doehring - adoehring@mwe.com
McDermott Will & Emery, LLP
227 West Monroe
Chicago, Illinois 60606
(312) 372-2000

*For the Hartford Defendants:*

Paul A. Engelmayer - paul.engelmayer@wilmerhale.com
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
399 Park Avenue
New York, New York 10022
(212) 230-8800

and

William J. Kolasky - william.kolasky@wilmerhale.com
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000

*For the Liberty Mutual Defendants:*

Kevin J. Fee - kfee@kvwmail.com
Kornstein, Veisz, Wexler & Pollard, LLP

and

Brian E. Robison - brobison@gibsondunn.com
Gibson, Dunn & Crutcher, LLP

757 Third Avenue, 18th Floor
New York, New York 10017
(212) 418-8600

**For the Travelers Defendants:**
Michael J. Garvey - mgarvey@stblaw.com
Patrick Shilling - pshilling@stblaw.com
Simpson, Thacher & Bartlett, LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

**For the XL Defendants:**
Robert A. Alessi - ralessi@cahill.com
Amy D. Lamberti - alamberti@cahill.com
Cahill, Gordon & Reindel, LLP
Eighty Pine Street
New York, New York 10005-1702
(212) 701-3000

2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201-6912
(214) 698-3100

**For the Willis/HRH Defendants:**
Richard C. Pepperman, II - peppermanr@sullcrom.com
Sullivan & Cromwell, LLP
125 Broad Street
New York, New York 10004-2498
(212) 558-4000

If you hire an attorney in connection with making an objection, that attorney must file with the Court and serve on the counsel identified above a notice of appearance. **THE NOTICE OF APPEARANCE MUST BE RECEIVED BY THE COURT AND THE COUNSEL IDENTIFIED ABOVE NO LATER THAN AUGUST 30, 2011.** If you hire an attorney in connection with making an objection (or for any other purpose relating to the Settlement), you will be responsible for all fees and expenses that the attorney incurs on your behalf. If you make a written objection to the Settlement as set out above, you may choose to speak, either in person or through an attorney hired at your own expense, at the Fairness Hearing described in Section VI, below. You are not required to attend the Fairness Hearing. Lack of attendance at the Fairness Hearing will not prevent the Court from considering your objection. If you (or your attorney) intend to speak at the Fairness Hearing, you must file with the Court and serve on the counsel identified above a notice of intention to appear. **THE NOTICE OF INTENTION TO APPEAR MUST BE RECEIVED BY THE COURT AND BY THE COUNSEL IDENTIFIED ABOVE NO LATER THAN AUGUST 30, 2011.** If you fail to comply with any of the provisions of this Section V, you will waive and forfeit any and all rights that you may otherwise have to object to the Settlement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, Orders and Judgments in this Class Action.

### WHAT MUST YOU DO IF YOU WISH TO EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS?

If you are a Settlement Class Member, but wish to be excluded from the Settlement Class, you must deliver by hand or send by first-class mail (to the attention of the Clerk of the Court, Insurance Brokerage Settlement, c/o Rust Consulting, Inc., PO Box 8002, Faribault, MN 55021-9402, and Co-Lead Counsel and respective counsel for the Settling Defendants, listed above) a written request for exclusion that must be delivered or postmarked no later than **August 30, 2011**, or as the Court may otherwise direct.

Your request to be excluded from the Settlement Class must include the following information: (a) your name, address and telephone number and (b) information respecting your purchase(s) of insurance that qualify you as one of the Settlement Class Members (including (i) the identity of the insurer that issued each such insurance policy, (ii) the policy number of each such policy, (iii) the premium charged for each such policy, and (iv) the effective date and expiration date of each such policy.

**IF YOU DO NOT FILE A TIMELY WRITTEN REQUEST FOR EXCLUSION AS PROVIDED ABOVE, YOU WILL BE BOUND BY ALL OF THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE, WHICH IS AVAILABLE ON THE "COURT DOCUMENTS" LINK ON THE WEBSITE, AND BY ALL PROCEEDINGS, ORDERS AND JUDGMENTS IN THIS CLASS ACTION.**

As noted above, your participation in the Settlement will not affect your ability to pursue claims (either through this Class Action or through any other action) against any of the Non-Settling Defendants.

## VI. THE COURT'S FAIRNESS HEARING

### WHAT WILL OCCUR AT THE FAIRNESS HEARING?

In its June 28, 2011 Order, the Court set the Fairness Hearing for September 14, 2011, at 12:00 p.m., at which the Court will consider whether to approve the Settlement. The hearing will take place in Courtroom 2B, in the Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101. The Court may choose to change the date and/or time of the hearing without further notice of any kind. If you intend to attend the Fairness Hearing, you should confirm the date and time by calling the toll-free number set forth at the bottom of each page of this Notice.

At the Fairness Hearing, the Court will consider, among other things, whether to approve the Settlement as fair, reasonable and adequate, whether to approve the proposed Plan of Allocation and whether (and in what amount) to grant Class Counsel's request for attorneys' fees and reimbursement of expenses. At that Fairness Hearing, the Court will consider any objections that have been made by Settlement Class Members. If the Court finds the Settlement to be fair, reasonable and adequate, it will enter the Final Approval Order and its Judgment.

You may choose to attend the Fairness Hearing, either in person or through an attorney hired at your own expense, but attendance is **not** required. If you have made a written objection, either you (or your attorney) may appear at the Fairness Hearing to present the objection, but you are not required to do so. If you choose to attend the Fairness Hearing and intend to make a presentation to the Court, you or your attorney must file a notice of your intention to appear. **A NOTICE OF INTENTION TO APPEAR MUST BE RECEIVED BY THE COURT AND THE COUNSEL IDENTIFIED ABOVE NO LATER THAN AUGUST 30, 2011.**

## VII. COUNSEL REPRESENTING SETTLEMENT CLASS MEMBERS

### WHICH COUNSEL REPRESENT THE SETTLEMENT CLASS MEMBERS?

From among Class Counsel, the Court has appointed the law firms of Cafferty Faucher, LLP and Whatley, Drake & Kallas, LLC to serve as the Co-Lead Counsel for Plaintiffs, including the Settlement Class Members, in the Class Action (jointly, **"Co-Lead Counsel"**). Neither Co-Lead Counsel nor other Class Counsel will charge any fees or expenses to Settlement Class Members. If you nevertheless wish to be represented by your own counsel, you may hire an attorney at your own expense.

### HOW WILL CLASS COUNSEL BE PAID?

Class Counsel has filed an application with the Court for the Attorneys' Fees & Expenses Award in connection with their representation of Settlement Class Members in this Class Action. The Court will consider this application at the Fairness Hearing, and the Court will decide the amount of fees and expenses to be awarded to Class Counsel.

Class Counsel have requested to be awarded attorneys' fees of no more than 25% of the Settlement Fund ($10,250,000) and reimbursement of litigation expenses in the amount of $394,192.76. Class Counsel has also requested that the Court award a Service Payment to each named Plaintiff in the amount of $5000, based on the effort that they have devoted to this Class Action. If fees, expenses and service payments are awarded, they will be paid solely from the Settlement Escrow Account. The Settling Defendants have agreed that they will not object to Class Counsel's application for the Attorneys' Fees & Expenses Award.

The copy of the **Fee Petition** can be found on the "Court Documents" link on the website.

## VIII. OBTAINING MORE INFORMATION

### WHERE CAN YOU OBTAIN ADDITIONAL INFORMATION ABOUT THE SETTLEMENT?

The Settlement website contains a copy of the Settlement Agreement and all of its attachments. You can obtain information by calling the Claims Administrator at 1-866-903-1176, Monday through Friday from 8:00 a.m. to 4:30 p.m. Central Time; or by writing to the Claims Administrator at:

> Insurance Brokerage Settlement
> c/o Rust Consulting, Inc.
> PO Box 8002
> Faribault, MN 55021-9402

For more information, please call 1-866-903-1176.                                    11

You may also contact Co-Lead Counsel for Plaintiffs:

**For Plaintiffs and the Settlement Class:**

| | | |
|---|---|---|
| Bryan L. Clobes | | Edith M. Kallas |
| Email: bclobes@caffertyfaucher.com | | Email: ekallas@wdklaw.com |
| Ellen Meriwether | | Joe R. Whatley, Jr. |
| Email: emeriwether@caffertyfaucher.com | | Email: jwhatley@caffertyfaucher.com |
| Cafferty Faucher, LLP | **and** | Whatley, Drake & Kallas, LLC |
| 1717 Arch Street, Suite 3610 | | 1540 Broadway, 37th Floor |
| Philadelphia, Pennsylvania 19103 | | New York, New York 10036 |
| Phone: (215) 864-2800 | | Phone: (212) 447-7070 |
| Website: http://www.caffertyfaucher.com | | Website: http://www.wdklaw.com |

You may examine the Settlement Agreement, the Court Orders and the other papers filed in the Class Action at the Office of the Clerk, United States District Court for the District of New Jersey, Martin Luther King, Jr. Building and U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, New Jersey 07101 during the business hours of the Court.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

## CERTIFICATE OF SERVICE

I, Ernest Summers, III, an attorney, certify that the foregoing **Request for Exclusion** on behalf of the Fortune Brands and **Exhibit A** thereto were filed electronically with the Clerk of the Court using the CM/ECF system on this 30th day of August, 2011, including email notifications of such filing to all counsel in the case.

I further certify that I caused a copy of the attached **Request for Exclusion** on behalf of the Fortune Brands and **Exhibit A** thereto to be sent by first class, prepaid, certified U.S. Mail, to the individuals listed below, on this 30th day of August, 2011.

*For Plaintiffs and the Settlement Class:*
Bryan L. Clobes
Ellen Meriwether
Cafferty Faucher, LLP                    **And**
1717 Arch Street, Suite 3610
Philadelphia, Pennsylvania 19103

Edith M. Kallas
Joe R. Whatley, Jr.
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, NY 10036


*For the AIG Defendants:*
Daniel J. Leffell
Paul, Weiss, Rifkind, Wharton &
    Garrison, LLP                        **And**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

Kenneth A. Gallo
Paul, Weiss, Rifkind, Wharton & Garrison,
LLP
2001 K. Street, NW
Washington, DC 20006-1047
(202) 223-7300


*For the AON Defendants:*
Daniel E. Laytin
Kirkland & Ellis, LLP                    **And**
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*For the AXIS Defendants:*
Michael L. Weiner
Dechert, LLP
1095 Avenue of the Americas
New Yor, NY 10036
(212) 698-3500

*For the CAN Defendants:*
Michael L. McCluggage
Beth L. Fancsali
Wildman, Harrold, Allen & Dixon, LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 201-2000

*For the Fireman's Fund Defendants:*
Lazar P. Raynal
Amy G. Doehring
McDermott Will & Emery, LLP
227 West Monroe
Chicago, IL 60606
(312) 372-2000

*For the Crum & Forster Defendants:*
Louis G. Corsi
Stephen Jacobs
Landman, Corsi, Ballaine & Ford P.C.
120 Broadway – 27th Floor
New York, NY 10271
(212) 238-4800

*For the Hartford Defendants:*
Paul A. Engelmayer
Wilmer, Cutler, Pickering,
   Hale & Dorr, LLP
399 Park Avenue
New York, NY 10022
(212) 418-8600

**And**

William J. Kolasky
Wilmer, Cutler, Pickering,
   Hale & Dorr, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000

*For the Liberty Mutual Defendants:*
Kevin J. Fee
Kornstein, Veisz, Wexler & Pollard,
LLP
757 Third Avenue, 18th Floor
New York, NY 10017
(212) 418-8600

**And**

Brian E. Robison
Gibson, Dunn & Crutcher, LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
(214) 698-3100

*For the Travelers Defendants:*
Michael J. Garvey
Patrick Shilling
Simpson, Thacher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017-3954
(212) 455-2000

*For the XL Defendants:*
Robert A. Alessi

*For the Willis/HRH Defendants:*
Richard C. Pepperman, II
Sullivan & Cromwell, LLP
125 Broad Street
New York, NY 10004-2498
(212) 558-4000

Amy D. Lamberti
Cahill, Gordon & Reindel, LLP
Eighty Pine Street
New York, NY 10005-1702
(212) 701-3000

_____ /s/ Ernest Summers, III _____