UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION | Civil Action No. 04-5184 (GEB)<br>MDL No. 1663 |
| Signum, LLC, a SC Limited Liability Company, individually and on behalf of all other similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>AON Corporation and AON Risk Services of the Carolinas, Inc.<br><br>Defendants. | Civil Action No. 05-528<br><br>DECLARATION OF<br>JAMES M. GRIFFIN |

I hereby declare under penalty of perjury that the following is true and correct:

1. I am an attorney licensed to practice law in the State of South Carolina, and I am also admitted to practice in the United States District Court for the District of South Carolina, the Fourth Circuit Court of Appeals, the United States Court of Claims and the United States Supreme Court.

2. I am one of the attorneys representing Signum LLC in this lawsuit.

3. On or about January 10, 2005, Signum filed a Summons and Complaint against AON Corporation and AON Risk Services of the Carolinas, Inc. in the South Carolina Court of Common Pleas, Florence County.

4. The Summons and Complaint were served upon Defendants in accordance with the South Carolina Rules of Civil Procedure on or about January 21, 2005.

1

5. On or about February 18, 2005, Defendants removed this lawsuit to the United States District Court for the District of South Carolina.

6. Defendants' Notice of Removal with exhibits is attached as Exhibit 1.

7. On or about February 24, 2005, I granted Defendants' request for a twenty (20) day extension of time to respond to the Complaint, Exhibit 2.

8. On March 16, 2005 Defendants filed a motion with the United States District Court for the District of South Carolina seeking a stay of this action pending transfer of the case to this Court by the Judicial Panel on Multi District Litigation, Exhibit 3.

9. On March 17, 2005, Defendants filed a motion for a sixty (60) day extension of time to respond to the Complaint, Exhibit 4.

10. Plaintiff filed an opposition memorandum to the motions for a stay and a sixty (60) day extension of time to respond to the Complaint, Exhibit 5.

11. On April 1, 2005, the South Carolina federal court issued an order denying Defendants' motion for a stay and granted Defendants an extension of time to answer, move or otherwise plead to the Complaint until April 15, 2005, Exhibit 6.

12. On April 11, 2005, the Judicial Panel on Multi District Litigation issued a Conditional Transfer Order (CTO 2) conditionally transferring this action to the In Re: Insurance Anti-Trust Litigation MDL in this Court,[1] Exhibit 7.

13. On or about April 15, 2005 Defendants filed and served a "Motion to Dismiss or, In the Alternative, For Stay Of All Proceedings Pending Resolution of State Court Action and Memorandum in Support," in the United States District Court for the District of South Carolina, attached as Exhibit 8.

---

[1] Signum filed a motion to vacate CTO 2 before the Panel. This motion was denied and the case was transferred to the MDL in this Court pursuant to CTO 2.

14. In the April 15, 2005 Motion, Defendants seek to dismiss, or in the alternative stay, Signum's Complaint pursuant to the *Colorado River* doctrine[2] asserting that Plaintiff Signum is part of a nationwide class action settlement then pending in Illinois State Court, styled *Daniel v. Aon Corporation.*

15. Significantly, Defendants stated in their motion that "Signum's Complaint also fails to state a claim upon which relief may be granted. However, in the interest of judicial economy, Aon will defer filing its Rule 12(b)(6) motion to dismiss until the Court lifts the *Colorado River* stay or the Court declines to stay or dismiss this action pursuant to *Colorado River.*"

16. On April 27, 2005, Defendants filed and served a "Notice of Motion To Stay All Proceedings Against AON Defendants" in this Court, again arguing that the pendency of the *Daniel* class action settlement warranted abstention under the *Colorado River* doctrine. [Dkt.86]

17. This Court denied AON's April 27, 2005 motion for a *Colorado River* stay in its Memorandum Order of June 25, 2005. [Dkt. 136].

18. On May 26, 2006, Defendants filed a renewed "Motion to Dismiss and/or Stay" in this MDL **seeking an order of dismissal of all actions against Aon-related defendants** "in view of the final judgment approving the settlement in *Daniel v. Aon* in the Circuit Court of Cook County, Illinois." [Dkt. 496].

19. On September 7, 2006, this Court entered an Order denying Defendants' renewed Motion to Dismiss and/or Stay. [Dkt. 679].

20. Pursuant to Fed. Rules Civ.P. 12(b)(4), Defendants were required to file and serve a

---

[2] See *Colorado River Conservation District v. United States*, 424 U.S. 800 (1976).

3

responsive pleading within 14 days after notice of the Court's ruling upon a motion to dismiss.

21. More than one thousand and eight hundred (1800) days have passed since this Court issued its Order of September 7, 2006 denying Defendants' motion to dismiss and Defendants have not filed a responsive pleading to Plaintiff's Complaint, despite representing to this Court in its April 15, 2005 Motion that "Aon will defer filing its Rule 12(b)(6) motion to dismiss until the Court lifts the Colorado River stay or the Court declines to stay or dismiss this action pursuant to *Colorado River*."

22. Defendants have not requested and Plaintiff has not agreed to any extension of time for Defendants to file a responsive pleading to Plaintiff's Complaint following this Court's September 7, 2006 Order denying Defendants' motion to dismiss.

23. Defendants are corporate entities and therefore are not in the armed services.

All of the foregoing is true and correct to the best of my knowledge and belief.

_____
James M. Griffin

October 27, 2011