

Patrick J. Heneghan
312.701.9323
heneghan@sw.com

October 31, 2011

**By ECF Filing & Federal Express**

Honorable Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street, Courtroom MLK2B
Newark, New Jersey 07101

Re:   *In re Insurance Brokerage Antitrust Litig.* **(MDL No. 1663)**
      <u>Civil Action No. 04-05184 (CCC)</u>

Dear Judge Cecchi:

We are the Tag-Along Plaintiffs Liaison Counsel; we also represent the plaintiffs in the *New Cingular Wireless* and *Sears* Tag-Along cases.  We write in response to the Court's October 20, 2011 Letter Order stating that "discovery and motion practice may proceed in all cases" and directing the parties to "submit a proposed scheduling order for discovery and additional motion practice."

We have conferred with Defendants' Liaison Counsel and, despite both parties' good faith efforts, we have been unable to agree on a proposed scheduling order.  Thus, we submit a proposed scheduling order on behalf of the Tag-Along Plaintiffs.  The Defendants' Liaison Counsel will separately submit a proposed scheduling order on behalf of the Defendants.  We have attached the Tag-Along Plaintiffs' proposed scheduling order.

The Tag-Along Plaintiffs' cases have been stayed for over four-and-a-half years, violating their constitutional "right to an orderly disposition of [their] case[s.]" *Clinton v. Jones*, 520 U.S. 681, 710 (1997).  As the Court recognized in its October 20, 2011 Letter Order, "given the current posture of the case, with several settlements concluded and one pending final approval, as well as the age of the case and the duration of the stay period, this Court deems it appropriate to proceed."  Thus, the "Court ordered that discovery and motion practice may proceed in all cases. . . ."  The Tag-Along Plaintiffs' proposed scheduling order would effectuate this Order.

The Defendants have argued that they should be permitted to test the Tag-Along Plaintiffs' complaints before incurring any further expense associated with discovery and cite *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  The *Twombly* Court, however, did not hold that discovery must be stayed until after a court rules on any motions to dismiss.  Rather, the Court ruled that a Section 1 Sherman Act antitrust conspiracy claim should be dismissed unless it contains "enough factual matter (taken as true) to suggest that an agreement was made."  *Id.* at 556.

To be sure, the *Twombly* Court noted the *in terrorem* effect of large discovery expenditures in the face of even frivolous complaints.  Here, however, the claims of the Tag-Along Plaintiffs' cases certainly are not frivolous.  Indeed, the facts disclosed in the guilty pleas of at least ten of the Defendants' former employees establish many of the core factual allegations in the Tag-Along cases.$^1$  Likewise, as a result of investigations by multiple states' agencies, including the New York Attorney General, several of the Defendants created "opt-in" settlement funds worth an aggregate of more than $1.5 billion to compensate their customers injured by the alleged conduct.

Moreover, unlike the defendants in *Twombly*, the Defendants here advocated and obtained a lengthy stay of the Tag-Along cases, one that has already lasted more than four-and-a-half years.  The limited burden of written discovery must be weighed against the age of the Tag-Along cases.$^2$  In short, the concerns raised in *Twombly* have little application here and, in any event, must bend to Constitutional concerns.

With these principles in mind, the Tag-Along Plaintiffs' proposed scheduling order balances the interests of the Tag-Along Plaintiffs and the Defendants.  And, unlike the Defendants' proposed order, it would effectuate the Court's October 20, 2011 Letter Order that "[a]ll prior stays of discovery and motion practice are hereby superseded by this order, which permits discovery and motion practice."  The Tag-Along Plaintiffs' proposed scheduling order is appropriate for the following three reasons.

First, under the Tag-Along Plaintiffs' proposed scheduling order, all deposition discovery would be delayed until at least a full month after the Defendants' motions to dismiss are fully briefed, giving the Court time to decide such motions before the parties begin to incur the expense of depositions.

---

$^1$  Even the defendants in *Twombly* distinguished their situation—which involved a complaint with a single, conclusory allegation that the defendants had conspired—from ones "which piggy-back on government investigations and their exposure of pertinent facts," noting that the later situations "are not implicated" by the appeal. Pet'rs' Reply Br. at 16, *Twombly*, 550 U.S. 544 (2007) (No. 05-1126).

$^2$  The Defendants have protested that they have had to wait to for an opportunity to test the Tag-Along Plaintiffs complaints.  *See* 10/17/11 Tr. at 15:24 – 16:4.  The Defendants, however, ignore that the Court entered the stay at their request.

Honorable Claire C. Cecchi
October 31, 2011
Page 3


Second, the Tag-Along Plaintiffs' proposed scheduling order would permit the parties to take written discovery of each other, but only after the Defendants file any motions attacking the Tag-Along Plaintiffs' amended complaints. The responses to such written discovery would be due near the end of the briefing schedule on such motions. Given the Defendants' repeated reference to the discovery they have already provided to the Class, written discovery in the Tag-Along cases should be a relatively modest burden. By contrast, the Defendants' proposed scheduling order would indefinitely continue the stay of all discovery—including written discovery—in the Tag-Along cases until the Court rules on the Defendants' motions and, at best, for a minimum of another nine months.

Third, the Tag-Along Plaintiffs' proposed scheduling order contemplates a coordinated deposition procedure when deposition discovery eventually does commence, which would be over five years after the Court initially stayed the cases and more than seven years since the conspiracies alleged by most Tag-Along Plaintiffs ended. Specifically, the Plaintiffs—including the Consolidated Class—will coordinate to present a single, consolidated deposition notice to the Defendants, and the Defendants will do the same to present a notice to the Plaintiffs. The Tag-Along Plaintiffs' proposed scheduling order also provides for an efficient and appropriate schedule for completing deposition discovery, expert discovery, and summary judgment motion practice.

The Defendants' proposal does not provide a schedule for deposition discovery, expert discovery, summary judgment motions, or an appropriate mechanism for coordinating depositions. Rather, the Defendants' proposal would leave Pretrial Order No. 9 in place, which contains an outdated schedule and protocol. More significantly, the circumstances of this case have changed dramatically since the Court issued Pretrial Order No. 9. The Consolidated Class settled with the vast majority of the Defendants and, thus, will not be taking the lead in discovery of these Defendants. Additionally, several new Tag-Along cases have joined the multidistrict litigation, none of which even have had a responsive pleading filed or any party discovery. Pretrial Order No. 9 was entered before these significant developments and should be vacated.

The bottom line is that the Defendants' proposed scheduling order does nothing more than functionally continue the stay. Justice for the Tag-Along Plaintiffs has been delayed, and denied, for far too long. The time has come to move these cases forward on multiple fronts simultaneously. The Tag-Along Plaintiffs' proposed scheduling order would do this in a balanced way. Defendants' proposed scheduling order, however, represents the four-and-a-half year *status quo* of maintaining the stay.

Honorable Claire C. Cecchi
October 31, 2011
Page 4

For all the above reasons, we request that the Court enter the Tag-Along Plaintiffs' proposed order.

Respectfully,

Patrick J. Heneghan

As Tag Along Liaison Counsel

cc:  Magistrate Patty Shwartz (by Federal Express)
     All Counsel of Record (by electronic service through service@gcg.mdl1663.com)