UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSURANCE BROKERAGE ANTITRUST LITIGATION ) ) ) | Hon. Claire C. Cecchi |
| ) | Civil Action No. 04-5184 (CCC) |
| APPLIES TO ALL COMMERCIAL INSURANCE BROKERAGE ACTIONS ) ) ) | MDL Docket No. 1663 |

## NOTICE OF FILING

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 5(d)(1), the Plaintiffs in the *New Cingular* and *Sears* Tag Along cases have filed the attached Notice of Subpoena and Certificate of Service.

Dated: November 15, 2011

/s/ Patrick J. Heneghan
Patrick J. Heneghan
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606-4617
312.701.9300

**CERTIFICATE OF SERVICE**

      I, Patrick J. Heneghan, hereby certify that, on November 15, 2011, I caused a true and correct copy of the foregoing Notice of Filing and this Certificate of Service to be filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications of such filing to registered parties.  Additionally, I caused a true and correct copy of the foregoing Notice of Filing and this Certificate of Service to be served on all counsel of record in the *In re Insurance Brokerage Antitrust Litigation* (MDL No. 1663) by electronic list service at service@gcg.mdl1663.com.

    /s/ Patrick J. Heneghan
    Patrick J. Heneghan

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSURANCE BROKERAGE ANTITRUST LITIGATION | Hon. Claire C. Cecchi |
| | Civil Action No. 04-5184 (CCC) |
| APPLIES TO ALL COMMERCIAL INSURANCE BROKERAGE ACTIONS | MDL Docket No. 1663 |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, the Plaintiffs in the *New Cingular* and *Sears* Tag Along cases will serve the attached subpoena for production of documents.

Dated: November 14, 2011

/s/ Patrick J. Heneghan
Patrick J. Heneghan
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606-4617
312.701.9300

165888_2

**CERTIFICATE OF SERVICE**

      I, Ian H. Fisher, hereby certify that, on November 14, 2011, I caused a true and correct copy of the foregoing Notice of Subpoena and this Certificate of Service on all counsel of record in the *In re Insurance Brokerage Antitrust Litigation* (MDL No. 1663) by electronic list service at service@gcg.mdl1663.com.

      /s/ Ian H. Fisher
      Ian H. Fisher

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Georgia

| In re Insurance Brokerage Antitrust Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 06-5120; 07-5736 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of New Jersey ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Kilpatrick Townsend & Stockton, LLP, by and through its Partner, Edmund M. Kneisel, 1100 Peachtree Street, Suite 2800, Atlanta, Georgia, 30309-4528

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto.

| Place: Krevolin & Horst, LLC, 1201 West Peachtree Street, Suite 3250, Atlanta, Georgia 30309 | Date and Time: 11/30/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___11/14/2011___

CLERK OF COURT                                OR

_____              _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* New Cingular Wireless H'quarters PCS LLC,etc.(06-5120);Sears, Roebuck & Co., etc.(07-5736) , who issues or requests this subpoena, are:
David A. Sirna, sirna@khlawfirm.com, (404) 888-9700

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 06-5120; 07-5736

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ \_\_\_0.00\_\_\_ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Attachment A to Subpoena to

<u>Kilpatrick Townsend & Stockton LLP</u>

Please produce copies of the following:

1. all documents (including without limitation all electronically stored information) disclosed by the defendants or any third parties in discovery proceedings pursuant of *Office Depot, Inc., v. Marsh & Mclennan Companies, Inc., et al.*, No. 502005CA004396XXXXMB (Cir. Court of the 15th Judicial Cir., Palm Beach Co., Florida);

2. all (a) materials, including Management Service Agreements (MSA), Placement Service Agreements (PSA) or related agreements providing for any form of commission payment, bonus, incentive payment or other payment (referred to generally as contingent commissions) related to placement or renewal of insurance and (b) emails, letters, spreadsheets or other documents referring to such contingent commissions that are dated before January 1, 2005 and that were disclosed by the defendants or any third parties in discovery proceedings pursuant of *Office Depot, Inc., v. Marsh & Mclennan Companies, Inc., et al.*, No. 502005CA004396XXXXMB (Cir. Court of the 15th Judicial Cir., Palm Beach Co., Florida);

3. all expert reports disclosed by the defendants in *Office Depot, Inc., v. Marsh & Mclennan Companies, Inc., et al.*, No. 502005CA004396XXXXMB (Cir. Court of the 15th Judicial Cir., Palm Beach Co., Florida), together with any exhibits thereto; and

4. all transcripts and audiovisual recordings of depositions taken in *Office Depot, Inc., v. Marsh & Mclennan Companies, Inc., et al.*, No. 502005CA004396XXXXMB (Cir. Court of the 15th Judicial Cir., Palm Beach Co., Florida), together with any exhibits thereto.

To the extent any documents have been properly designated as "confidential" or "attorneys eyes only" under a protective order entered by the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, such documents may be designated for similar protection under the September 23, 2005 Corrected Discovery Confidentiality Order on Informal Application entered by the United States District Court of the District of New Jersey in In re Insurance Brokerage Antitrust Litigation, MDL 1663 (entered as Docket No. 216 in D.N.J.). All documents that are subject to this subpoena, including transcripts of depositions, shall be produced electronically, on computer disks, in the same formats in which they were received by counsel for Office Depot from defendants, court reporters or videographers during discovery proceedings in *Office Depot, Inc., v. Marsh & Mclennan Companies, Inc., et al.*, No. 502005CA004396XXXXMB (Cir. Court of the 15th Judicial Cir., Palm Beach Co., Florida).