

Patrick J. Heneghan
312.701.9323
heneghan@sw.com

November 17, 2011

**By ECF Filing & Federal Express**

Honorable Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street, Courtroom MLK2B
Newark, New Jersey 07101

Re:  *In re Insurance Brokerage Antitrust Litig.* **(MDL No. 1663)**
     <u>**Civil Action No. 04-05184 (CCC)**</u>

Dear Judge Cecchi:

We represent the plaintiffs in the *New Cingular* and *Sears* Tag-Along cases.[1]  We write in response to this morning's letter from the Non-Settling Defendants' Liaison Counsel complaining about a subpoena we caused to be issued to Kilpatrick Townsend & Stockton LLP ("Kilpatrick"), the law firm representing the plaintiff in *Office Depot, Inc., v. Marsh & McLennan Companies, Inc., et al.*, No. 502005CA004396XXXXMB (Cir. Court of the 15th Judicial Cir., Palm Beach Co., Florida).

Contrary to Defendants' contentions, the subpoena is entirely appropriate and encourages judicial efficiency.  Indeed, the Manual for Complex Litigation specifically contemplates that "[r]elevant discovery already completed should ordinarily be made available to litigants in other cases."  Ann. Manual Complex Lit. § 20.14 (4th ed., updated May 2011).  Here, the documents sought by the subpoena are directly relevant to the claims before this Court.  Moreover, the subpoena places no burden on Defendants, who already produced the material in the *Office Depot* case.  Kilpatrick—the subpoena respondent—has not objected to the subpoena and we

---

[1]  *New Cingular Wireless Headquarters, LLC, et al. v. Marsh & McLennan, et al.*, Case No. 06-5120, and *Sears, Roebuck & Co., et al. v. Marsh & McLennan Companies, Inc., et al.*, Case No. 07-5736.  The plaintiffs in these cases are: Kmart Corporation, Lands' End, New Cingular Wireless (n/k/a AT&T Mobility), Public Service Electric & Gas Co. ("PSEG"), Sears Holdings Corporation, Sears, Roebuck & Co., Texas Independent Energy, LLP, and Tyson Foods, and their affiliated companies.

understand that Kilpatrick can produce the requested material with a minimal effort on a handful of CD-ROMs.

**The Subpoena is Appropriate and Authorized.**

The Court's own words belie Defendants' suggestion that the subpoena violates any of the Court's instructions. At the October 17, 2011 hearing, the undersigned specifically raised the issue of third-party discovery in the *Office Depot* case. To this, the Court responded, "[t]he stay no longer remains in place. The stay does not remain in place." Oct. 17, 2011 Tr. at 16-17. [2]

Following that, on October 20, 2011, the Court issued a Letter Order stating that "discovery and motion practice may proceed in all cases." Docket No. 1922. The Third Circuit even relied upon this statement in denying as moot the *mandamus* petition of fellow Tag-Along plaintiff Fortune Brands. This Court's Letter Order further ordered that "[a]ll prior stays of discovery and motion practice are hereby superseded by this order, which permits discovery and motion practice." *Id.* Nothing in the Court's Letter Order, or even the Court's oral statements at the earlier October 17, 2011 hearing, suggested that the parties' right to seek third-party written discovery should be restricted in any way. Thus, contrary to Defendants' assertion, the *New Cingular* and *Sears* plaintiffs have obeyed the Court's instructions.

Moreover, courts encourage the re-use of discovery material in a collateral litigation. As this Court has held:

> the presumption of open discovery "should operate with all the more force when litigants seek [to] use discovery in aid of collateral litigation on similar issues.... We therefore agree with the result reached by every other appellate court which has considered the issue, and hold that where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification."

*Cipllone v. Ligget Group, Inc.*, 113 F.R.D. 86, 91 (D.N.J. 1986) (Sarokin, J.) (quoting *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 (7th Cir.1980)); *accord Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (The "court strongly favors access to discovery materials to meet the need of parties engaged in collateral litigation" because "allowing the fruits of one litigation to facilitate the preparation of in other cases advances the

---

[2] At the March 4, 2011 and October 17, 2011 hearings, we stated our desire to seek the *Office Depot* discovery material but we were impeded by the existence of the stay. At the October 17 hearing, the Court responded to our statement, "to the extent that you have discovery issues, those are going to go to Judge Shwartz who is the magistrate judge on this case. . . . The stay no longer remains in place. The stay does not remain in place." *Id.* at 52:11-13 & 16-17.

interests of judicial economy. . . .") (citation omitted); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th 1990); *Henderson v. Fedex Express*, 2009 WL 1951059 (M.D. Ga. July 6, 2009) ("Courts actually favor allowing access to discovery materials to meet the needs of parties engaged in collateral litigation.  Cooperation among litigants promotes the speedy and inexpensive determination [of] suits and the conservation of valuable resources.") (citations omitted).

**The Subpoenaed Material Is Directly Relevant to the Tag-Along Cases.**

The subpoenaed material is directly relevant to the Tag-Along cases.  Defendants have not contended otherwise.  In fact, several of the Defendants previously argued to this Court that the issues in *Office Depot* were identical to the issues in this multidistrict litigation.  For example, claiming that this Court should enjoin the *Office Depot* case from proceeding because of the class settlement approved by this Court, Marsh stated that the *Office Depot* case and one other state case are "if not identical to those alleged in the [MDL] Class Action, certainly based upon or relate[d] to the allegations asserted in the [MDL] Class Action." Docket No. 1497-2, at 11.  Marsh further asserted "the virtual identity of the essential bases for the Office Depot Complaint and the MDL Class Action Complaint," concluding "[i]n short, there [can] be no dispute that factual allegations in Office Depot's Second Amended Complaint are related to those in the [MDL] Class Actions." *Id.* at 12-13.  Thus, the relevance of Defendants' discovery responses in the *Office Depot* case to the Tag-Along cases, including the *New Cingular* and *Sears* cases, is beyond purview.

**The Subpoena Does Not Burden the Defendants.**

Defendants' repeated references to "the teachings of *Twombly*" have no application here.  The subpoena places no burden on Defendants, and does not require them to undertake any action or make any expenditure whatsoever.  Rather, it only seeks material from a third party that Defendants previously collected and produced (or provided in depositions).  Thus, Defendants' oft-stated complaint that discovery would unduly burden them fails here.

Tellingly, the subpoena respondent, Kilpatrick, has not objected to the subpoena.  And, we understand Kilpatrick can produce the responsive material on a handful of CD-ROMs with minimal effort.  Defendants, for their part, offer no legitimate reason to oppose this third-party discovery.

Defendants' mantra about *Twombly* is especially inappropriate here, where the Tag-Along cases have been completely stayed for well over four-and-a-half years.  Contrary to Defendants' assertions and as more fully explained in our November 4, 2011 letter, the remaining Tag-Along Plaintiffs have not had a fair opportunity for discovery.  Indeed, Defendants' out-of-context quotation of the October 4, 2006 hearing transcript is entirely misplaced.  At the time of that hearing, neither the *New Cingular* nor the *Sears* cases were even before this Court.  The *Sears* plaintiffs have not had ***any*** opportunity to participate in discovery and the *New Cingular* plaintiffs were only permitted to propound "***limited*** interrogatories and document requests for the

*narrow* purposes of preparing a RICO statement and a statement of particularity regarding Plaintiffs' Sherman Act claims." Docket No. 760 (emphasis in original). As the *New Cingular* plaintiffs have previously explained, many of the Defendants failed to meaningfully respond to even that restricted discovery before the Court entered the stay.

Defendants repeatedly advocated extensions of the stay and they were content to sit for four-and-a-half years while nothing happened in the Tag-Along cases. Their current position—that the Tag-Along plaintiffs should continue to be deprived of discovery even after the stay has been lifted—is astonishingly unfair. Furthermore, Defendants' suggestion that the Tag-Along plaintiffs have somehow had a reasonable opportunity to participate in discovery is just plain wrong.

For these reasons, the *New Cingular* and *Sears* plaintiffs respectfully request that the Court enter the Tag-Along Plaintiffs' October 31, 2011 proposed scheduled order and not interfere in with the third-party subpoena issued to Kilpatrick.


Respectfully,

Patrick J. Heneghan


cc: Magistrate Patty Shwartz (by Federal Express)
All Counsel of Record (by ECF notice and email through service@gcg.mdl1663.com)