**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**CLAIRE C. CECCHI**
UNITED STATES DISTRICT JUDGE



Martin Luther King Jr., Federal Bldg.
& U.S. Courthouse
50 Walnut Street, Room 2064
Newark, New Jersey 07102
(973) 645-6664

## LETTER-ORDER

March 29, 2012

**VIA ELECTRONIC FILING**
All Counsel

    Re:    **In Re Insurance Brokerage**
              **Antitrust Litigation**
              **MDL No. 1663**
              **Civil Action No. 04-5184 (CCC)**

       This matter comes before the Court by way of Plaintiff Signum, LLC's ("Signum") Motion for Default Judgment filed on October 27, 2011, against Defendants Aon Corporation and Aon Risk Services of the Carolinas, Inc. (collectively, "Aon").  Signum filed suit against Aon in South Carolina on January 10, 2005. [Docket No. 1929-1]  Signum's case was transferred to this Court in 2005 via an order of the MDL Panel.  (Id.)  Following transfer of Signum's action, Aon filed a motion to dismiss and/or stay on May 26, 2006. [Docket No. 496]  The Court denied Aon's motion on September 7, 2006.  [Docket No. 679]  Several stays of these proceedings were entered by the Court throughout the MDL's lengthy history.  The MDL was then assigned to the undersigned on June 27, 2011.  [Docket No. 1805]

       Signum argues that Aon defaulted when it failed to answer after the denial of its motion to dismiss in 2006.  Specifically, Signum contends that Aon was obligated to answer Signum's complaint on September 21, 2006, fourteen days after the Court's order denying Aon's motion. [Docket No. 1939]  Thus, according to Signum, more than 1800 days have passed since Aon's deadline to answer and the filing of this application. [Docket No. 1929-1]

       Aon argues that the Court's denial of its motion to dismiss on September 7, 2006 did not trigger an obligation for Aon to answer Signum's complaint. [Docket No. 1936]  Specifically, Aon argues that its motion to dismiss was not Signum-specific.  (Id.)  Aon points to a number of stays issued by the prior presiding District Judges, and asserts it was in full compliance with all scheduling orders and that no default occurred.  (Id.)  Aon further contends that Signum never took the position either before or after certain stays were entered that Aon was required to answer or otherwise respond to Signum's complaint.  (Id.)

The Court has considered the parties' arguments and finds Aon's contention persuasive. Given the various stays entered in this matter, Aon's efforts at compliance, and Aon's active participation in this case, the Court finds Signum's position to be without merit. In addition, the Court notes that during the Fairness Hearing on September 14, 2011, Signum did not raise any argument that Aon had previously defaulted in responding to its complaint. Furthermore, during the telephone conference on October 17, 2011, when the Court lifted the stay of proceedings, Signum did not mention that Aon's response to its complaint was outstanding. To the contrary, Signum made clear that it expected Defendants to move to dismiss its complaint in the future. [Docket No. 1931-2 at 36] Signum also did not object when the Court stated that Defendants would "not be prejudiced" by the lifting of the stay or any delays in connection with adopting a schedule for responding to pending complaints. [Id. at 52-53] Accordingly, the Court denies Signum's Motion for Default against Aon.

**SO ORDERED.**

DATED: March 29, 2012   *s/ Claire C. Cecchi*
CLAIRE C. CECCHI, U.S.D.J.