# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : |  |
| IN RE: INSURANCE BROKERAGE ANTITRUST LITIGATION | : | MDL No. 1663 |
|  | : | Civil No. 04-5184 (CCC) |
| **APPLIES TO ALL ACTIONS** | : | ORDER ON INFORMAL APPLICATION |
|  | : |  |

This matter having come before the Court by way of letters dated November 28, 2012, regarding: (1) the request of the Syndicate defendants to extend the December 1, 2012 deadline to complete their document production because additional time is needed to complete the electronic searches for responsive documents; and (2) the plaintiff's request to extend the fact and expert discovery deadlines in the tagalong cases because of the additional time the Syndicate defendants need to complete their document production and to extend the discovery dispute deadline to raise disputes concerning the Syndicates' productions; and it appearing that the parties are working cooperatively and diligently to ensure production is timely made; and to ensure no additional extensions are sought, the Court directing the parties to provide a deposition schedule; and the requested extensions having no impact on any other deadlines;

IT IS ON THIS 29th day of November, 2012

ORDERED that if an issue arises during depositions, then the parties shall confer and attempt to resolve the issue.  If the parties have unresolved issues that arise during depositions, then they shall contact the Court from the deposition to seek a ruling on the issue.  Failure to contact the Court during the deposition shall constitute a waiver of the right to seek court-

intervention concerning unresolved disputes that arise during the deposition;

IT IS FURTHER ORDERED that the following shall apply to all cases:

1.  The pendency of motions and/or settlement discussions shall not stay these proceedings;

2.  There shall be an in-person conference on **February 5, 2013 at noon**.  Counsel, including local counsel, are required to appear in-person for the conference;

3.  The mediation before Lane Phillips or his designee shall continue on **deadline passed on November 14, 2012**;

4.  Plaintiffs' Class Counsel's request to stay the Rule 30(b)(6) depositions pending a ruling on the appeal of the Order directing that such depositions occur, ECF No. 2154, is denied;

5.   The request of the Eighteen Syndicate defendants in <u>Lincoln Adventures</u> to stay the Order requiring production of discovery, ECF No.  2201, is denied;

6.   a.  The Syndicate defendants' request to extend the December 1, 2012 deadline to complete document production is granted as set forth herein;

    b.  The plaintiffs' request to extend the fact and expert discovery deadlines in the Tag-along Actions is granted as set forth herein;

    c.  The request to extend the December 17, 2012 deadline to raise disputes presented in ECF No. 2201 in the Tag Along actions is granted as set forth herein;

7.  At the direction of the Hon. Claire Cecchi, all dispositive motions shall be presented in accordance with the procedure that had been formerly set forth in Appendix N of the Local Rules of the United States District Court for the District of New Jersey and which requires that: (a) the movant serve on the parties, but not file with the Court, the motion by the deadline and file only a

letter with the Court reflecting that the motion was timely served by the deadline; (b) the responding parties serve their responses on the parties, but not file with the Court, the responses and file only a letter with the Court reflecting that the response was timely served by the deadline; and © the movant serve the reply and file the motion, response and reply with the Court by the date on which the reply is due;

IT IS FURTHER ORDERED that the following shall govern the commercial/nontag-along cases:

1. Fact discovery and fact depositions shall be completed no later than **deadline passed on October 10, 2012**, except that depositions of platinffs' Rule 30(B)(6) witnesses shall be completed no later than **January 18, 2013** and the deposition of Bruce Laubacher shall be completed as set forth in ECF No. 2262. The tag-along plaintiffs shall participate in the depositions;

2. The motion for class certification shall be served no later than **February 1, 2013**. The response shall be served no later than **April 3, 2012** and the reply shall be filed no later than **May 15, 2013**. The return date shall be set by the Hon. Claire Cecchi. Her Honor's Chambers will notify the parties if oral argument will be required;

IT IS FURTHER ORDERED that the following shall govern the tag-along cases:

1. The Amended Complaints shall be filed as of October 3, 2012, except that Lincoln Adventures shall file its Amended Complaint no later than **deadline passed on October 29, 2012** and shall be re-filed in accordance with ECF No. 2296 no later than **deadline passed on November 14, 2012;**

2. The defendants, including the defendants named in the Lincoln Adventures

Complaint, shall Answer, move, or otherwise respond to the Amended Complaints no later than **December 4, 2012**, except as otherwise extended by Order dated November 29, 2012;

3.   If a motion is filed in lieu of an Answer, then the response shall be served no later than **January 24, 2013** and any reply shall be served no later than **February 15, 2013**.  The return date shall be **February 19, 2013** before the Hon. Claire Cecchi.  Her Honor's Chambers will notify the parties if oral argument will be required;

4.   Rule 26 disclosure shall be provided no later than **deadline passed on May 30, 2012**;

5.   The parties in the tag along cases may serve nonduplicative interrogatories limited  to 20 single questions (no subparts) per party group and nonduplicative requests for production of documents on or before **deadline passed on June 8, 2012**, which shall be responded to no later than **deadline passed on July 23, 2012.**    Because only nonduplicative interrogatories and document demands may be served, the party serving such discovery is required to review the information in the electronic discovery repository to ensure that the discovery being served has not already been served and responded/ruled upon.  The only document demands that may be served after June 8, 2012 are those that are necessitated to follow-up on discovery responses received and no demands may be served after December 20, 2012;

6.   Privilege logs shall be produced on a rolling basis and final privilege logs shall be produced no later than **deadline passed on September 1, 2012;**

7.   Fact discovery shall be completed no later than **April 12, 2013;**

8.   The motion for class certification shall be served no later than **June 8, 2013**.  The response shall be served no later than **July 8, 2013** and the reply shall be served no later than **August 2, 2013**.  The return date shall be **August 5, 2013** before the Hon. Claire Cecchi.  Her

4

Honor's Chambers will notify the parties if oral argument will be required;

IT IS FURTHER ORDERED that the following shall apply to all cases:

1.   Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes <u>before</u> seeking the Court's intervention.  The "meet and confer" requirement is not satisfied by solely an exchange of written communications and requires that the parties having the dispute speak via telephone or in-person.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the request/issue in dispute; (b) the response; © efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court.   If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute. Any unresolved discovery disputes (other than those that arise during depositions) that arise in the tag-along cases must be brought before the Court no later than **deadline passed on September 12, 2012 at 3:00 p.m.,**[1] except that: (a) disputes between the tag-along plaintiffs and AON / ACE Bermuda shall be presented no later than **deadline passed on October 10, 2012 at noon** as set forth in ECF No. 2153 absent further order, (b) disputes between the tag-along plaintiffs and Chubb Atlantic shall be presented no later than **deadline passed on October 8, 2012 at noon** as set forth in ECF No. 2175, and (c) disputes between the Lincoln Adventures plaintiffs and the 18 syndicates, as set forth in ECF No. 2201, shall be presented no later than

---

[1]The discovery dispute deadline (other than for disputes arising at depositions) in the commercial cases passed before the stay was imposed.

**January 11, 2013 at noon**.[2]  The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.  If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition, otherwise the request for court-intervention shall be deemed waived. No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in this paragraph without prior leave of Court.

2.  No later than **deadline passed on May 10, 2012**, any party/counsel who has not executed a document reflecting that they will be bound by the discovery confidentiality order shall do so;

3.  All affirmative expert reports shall be delivered no later than **April 26, 2013;**[3]

4.  All responding expert reports shall be delivered **May 26, 2013;**

5.  All reply expert reports shall be delivered no later than **June 10, 2013;**

6.  All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report;

7.  All expert depositions shall be completed by **June 20, 2013;**

8.  All pre-motion letters seeking leave to file pretrial dispositive motions shall not

---

[2]The 18 syndicates' request to stay the obligation to produce discovery responses was previously denied.  No later than **December 21, 2012,** each syndicate shall complete its document production and provide the Tag-Along plaintiffs with a certification stating that the production is complete.  The position of syndicate 2488 that the document production deadline of January 22, 2013, ECF No. 2310 at 6 n.6, is overruled.  Moreover, only discovery disputes preserved in ECF No. 2201 may be raised by the extended deadline of **January 11, 2013.**

[3]All experts shall be provided information on a rolling basis to ensure they produce reports by the deadlines set forth herein.

exceed seven pages (no attachments) and shall be submitted no later than **June 8, 2013;**

IT IS FURTHER ORDERED that the following shall apply to all cases:

1. No depositions may be noticed less than fourteen days before the end of fact discovery;

2. Unless expressly modified herein, the Orders dated July 25, 2005, as amended as of September 20, 2005, and the Order dated October 23, 2006, as modified as of November 14, 2006 shall govern these proceedings;

3. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel and no extensions will be granted that impact the June 8, 2013 deadline as it is deemed to be the final pretrial task, other than the motion for class certification in the tag along case, motions for summary judgment, and the Final Pretrial Conference. Any request to extend any of the interim deadlines or to adjourn a court event shall be made **no later than three days** before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request. Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

4. Any request to seal information submitted in connection with a request for nondiscovery[4] relief shall be filed in accordance with L. Civ. R. 5.3 and shall comply with the following format:

---

[4]Discovery dispute letters filed on the docket shall not include information that a party seeks to seal. In the rare event such information needs to be presented to resolve a discovery dispute, it shall be provided directly to Chambers.

a.    A statement as to whether there is any opposition to the request to seal the specific documents or portions thereof.

b.    EITHER (I) two copies of the page(s) of the document(s) for which sealing is sought, wherein one copy is unredacted and the other is a proposed redacted copy that redacts the portion for which sealing is sought; OR (ii) a single highlighted copy wherein an unredacted version is highlighted to indicate the portions for which sealing is sought;

c.    For each and every document the parties seek to have sealed, a chart identifying the document and explaining: (I) the legitimate private or public interests which warrant the relief sought; (ii) the clearly defined and serious injury that would result if the relief sought is not granted; (iii) why a less restrictive alternative to the relief sought is not available, see L. Civ. R. 5.3(c)(2); and (iv) the position of the adverse party concerning the request to seal, and the reason why the request to seal is opposed;[5] and

d.    A proposed form of order that lists with specificity each entry for which sealing is sought.  For example, Brief at Page XX, second paragraph, line Y, beginning with the word "AAA" to the word "ZZZ".

---

[5]The Court reminds the parties that the sealing of documents shall be effectuated in the least restrictive means available.  See L. Civ. R. 5.3(c)(2).  To that end, absent extraordinary circumstances, it is unlikely the Court will seal deposition transcripts or lengthy documents in their entirety.  Accordingly, the parties shall identify only the portions of such documents for which they contend sealing is warranted.  If opposition exists, the parties shall identify the document(s) that they oppose sealing and the reason(s) for the opposition in the chart described in subsection (c).

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE