UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION.<br><br>APPLIES TO ALL ACTIONS. | MDL No. 1663<br><br>Civil No. 04-5184 (CCC-JAD)<br><br>Hon. Claire C. Cecchi |

## JUDGMENT REGARDING SETTLEMENT

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and consistent with the terms of this Court's Final Order Approving Settlement of this date (the **"Final Approval Order"**), Judgment is hereby entered as follows:

1. **Defined Terms**. Unless otherwise noted, capitalized terms herein shall have the same meaning accorded them in the Final Approval Order and the Settlement Agreement referenced therein.

2. **Fairness, Reasonableness and Adequacy of Settlement**. The Settlement referenced in the Final Approval Order is hereby approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law.

3.	**Settlement Class Certification**.

(a)	As determined by the United States Court of Appeals for the Third Circuit in an opinion in this matter dated August 11, 2010, Plaintiffs have alleged in this Lawsuit that one or more insurance companies affiliated with each of the following defendant groups (the **"Excess Casualty Insurer Defendants"**) sold excess casualty or commercial umbrella insurance policies during the relevant time period through Marsh & McLennan Companies, Inc. or any of their subsidiaries and affiliates: ACE, AIG, AXIS, Chubb, Fireman's Fund, Liberty Mutual, Munich Re, Travelers, XL and Zurich.

(b)	The Settlement Class referenced in the Final Approval Order is hereby certified for settlement purposes only under Fed. R. Civ. P. 23(b)(3). Said Settlement Class consists of all persons and entities that, during the period from January 1, 1998 through December 31, 2004, inclusive, purchased excess casualty or commercial umbrella insurance policies in any layer of coverage from any insurance company affiliated with any of the Excess Casualty Insurer Defendant Group through Marsh & McLennan Companies, Inc. or any subsidiaries or affiliates thereof (the **"Settlement Class"**).

(c)	The Settlement Class shall *not* include the following: (i) Settlement Class Members that submit valid and timely requests for exclusion from the Settlement Class in accordance with the procedures set forth in the Court's Preliminary Approval Order; (ii) the defendants in this litigation; and (iii) the respective directors, officers, parents, subsidiaries and affiliates of the defendants.

4.	**Notice Methodology**.   The methodology employed in the mailing and/or publication of the Postcard Notice, the Detailed Notice, and the Publication Notice

(a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the Lawsuit, of the Settlement Agreement (including the Release contained therein), of their rights to object to the Settlement and to be heard in connection therewith at the Fairness Hearing, and of their right to exclude themselves from the Settlement Class; (c) were reasonable and constituted due, adequate and sufficient notice to persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law.

5. **Dismissal of Claims**. All claims against the Settling Defendants in this Lawsuit are dismissed with prejudice according to the terms of the Parties' Settlement Agreement and the Court's Final Approval Order, without costs to any Settling Defendant, except as expressly provided therein.

6. **Permanent Injunctions**. All Settlement Class Members, along with their respective past, present, direct and indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns, are permanently enjoined from filing, commencing, prosecuting, continuing to prosecute, intervening in, participating in (as class members or otherwise) or receiving any benefits or other relief from any other action, arbitration or administrative, regulatory or other proceeding against any one or more of the Releasees that is based upon, arises out of or relates in any way to any of the Released Claims. All persons or entities are permanently enjoined from filing, commencing, prosecuting or continuing to prosecute any other putative class action against any or all Releasees (including by seeking to amend a pending Complaint to include class allegations or by seeking class certification in a pending action in any

jurisdiction) on behalf of any of the Settlement Class Members if said action is based upon, arises out of or relates in any way to any of the Released Claims.

7.     **Bar Order.**   In accordance with the Final Approval Order:

(a) Any and all persons and entities are (i) permanently barred, enjoined and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification, contribution or attorneys' fees) against any of the Releasees where the alleged injury to the barred person or entity is based upon that person's or entity's alleged liability to the Settlement Class or any of the Settlement Class Members, (ii) any and all Releasees are permanently barred, enjoined and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification or contribution) against any other person or entity where the Releasee's alleged injury is based upon the Releasee's alleged liability to the Settlement Class or any of the Settlement Class Members, and (iii) there shall be a judgment-reduction credit reducing any judgment that the Settlement Class or any of the Settlement Class Members might obtain against any barred person or entity in connection with any of the Released Claims by the greater of the settlement amount paid by the Settling Defendants or an amount that corresponds to the Settling Defendants' percentage of responsibility for the loss to the Settlement Class or any of the Settlement Class Members.

(b) Notwithstanding Paragraph 7(a), above, or anything else in the Settlement Agreement, the Final Approval Order or this Judgment, nothing shall release, interfere with, limit or bar the assertion by any Releasee of any claim for insurance coverage under any insurance or indemnity policy that provides coverage in connection with the matters at issue or which could have been at issue in the Lawsuit.

8. **Retention of Jurisdiction by the Court**. The Court retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement, the Settlement and of this Judgment, and for any other necessary purposes, including, without limitation, those set forth in the Final Approval Order. Nothing herein shall constitute a basis for, nor give rise to, personal jurisdiction over (a) any of the Settling Defendants (including their respective past, present, direct and indirect parents, subsidiaries and affiliates) whose corporate headquarters, place of incorporation/organization or principal place of business is located outside the United States, to the extent such jurisdiction does not already exist, or (b) any of the Settling Defendants over which the Court does not otherwise have personal jurisdiction.

Dated: August 1, 2013

                                                         _____
                                                         **CLAIRE C. CECCHI**
                                                         **UNITED STATES DISTRICT JUDGE**