# EXHIBIT A

**STEIN,**
**MITCHELL,**
**MUSE &**
**CIPOLLONE** LLP

1100 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036

Rebecca Ruby Anzidei
Direct: (202) 661-0921
RAnzidei@SteinMitchell.com

May 7, 2014

**VIA E-FILING**

The Honorable Claire C. Cecchi
United States District Court
The Rev. Dr. Martin Luther King, Jr., Federal Building and Courthouse
Federal Square
Newark, New Jersey 07101
(973) 645-3841 (fax)

    Re:    *In re Insurance Brokerage Antitrust Litigation* **(MDL 1663)**
               **Civil Action Number 04-5184 (CCC/PS)**

       **This Letter Applies to:** *Sears Roebuck & Co., et al. v. Marsh & McLennan Companies, et al.*

Dear Judge Cecchi:

    Stein, Mitchell, Muse & Cipollone, LLP, along with Robinson, Wettre & Miller LLC, represents defendant Aon Corporation in the above-captioned matter. I am writing on behalf of Aon to address the pending motion to intervene in the above captioned case filed by the RSR Corporation in order to obtain documents in response to a subpoena served on the Sears plaintiffs by RSR in an unrelated Texas state court case currently pending in Dallas County, which we understand is Cause No. 06-1362 in the 298th Judicial District.

    By way of background, RSR is involved in litigation in state court in Texas to which Aon is not, and never has been, a party. RSR subpoenaed documents from the Sears plaintiffs, who generally objected to the subpoena based on relevance, but apparently reached an agreement with RSR whereby the Sears plaintiffs would produce all of the defendants' documents in response to a court order, but

Page 2

not any of the plaintiffs' documents. The Aon documents and information that RSR seeks are marked either "Confidential" or "Attorneys Eyes Only" in this litigation.

As the Court well knows, the Protective Order in this case governs the handling of documents generated and produced in discovery, including the witness depositions, exhibits, and expert materials requested by the subpoena. It acknowledges that discovery materials in this case "contain sensitive, confidential and/or proprietary commercial and trade secret information, or personal information." Confidentiality Order at 1. The parties agreed, and the Court ordered, "Confidential and Attorneys' Eyes Only Information produced in this Action shall be used only for purposes of this Action and for no other purpose, case or claim." Confidentiality Order at 4.

RSR Corporation has not even attempted to show that any Aon documents, witness or expert materials are relevant in its Texas matter. It could not do so, considering that Aon is not and never has been a party to that litigation, nor have Aon witnesses any relevance to the claims at issue in that case. The law is clear that non-parties enjoy greater protection from discovery than parties. *See accord. Diodato v. Wells Fargo Ins. Servs. USA, Inc.*, 1:12-CV-02454, 2013 WL 6054824 (M.D. Pa. Nov. 15, 2013); *Greater Rockford Energy & Tech. Corp. v. Shell Oil Co.*, 138 F.R.D. 530, 538 (C.D. Ill. 1991); *N. Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 52 (D.D.C. 2005).

The documents requested are confidential; they include sensitive business information and personal information about Aon and the witnesses. They have no relevance to the Texas case and Aon objects to and opposes any effort by RSR to obtain confidential discovery protected by the Confidentiality Order.

Page 3

If Your Honor requires any further information, detail or explanation about any aspect of the above, please do not hesitate to contact me at (202) 661-0921.

Sincerely,

__/s/ Rebecca Ruby Anzidei__

Rebecca Ruby Anzidei

Counsel for Defendant Aon Corporation

cc: Counsel of Record

Keith J. Miller, Esq.